UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROSE M. DEWS-MILLER, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Civil Action No. 06-1764 (GK) |
| ) | |
| CONDOLEEZZA RICE, ) | |
| Secretary of State, ) | |
| ) | |
| Defendant ) | |
| _____) | |

**DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE,
FOR A MORE DEFINITE STATEMENT**

Pursuant to Federal Rules of Civil Procedure 8 and 12(e), Defendant, Condoleezza Rice, Secretary of State, by and through undersigned counsel, respectfully moves for an order dismissing Plaintiff *pro se*'s Complaint for failure to set forth a short and plain statement of the claims or grounds for the Court's jurisdiction. Alternatively, Defendant respectfully moves this Court to require Plaintiff to provide a more definite statement. Plaintiff's Complaint is so vague and ambiguous as to deny Defendant the opportunity to frame a responsive pleading.

By filing this motion, Defendant does not waive any defenses that may be available including, but not limited to, the defenses available under Rule 12(b) and failure to exhaust administrative remedies. Due to the Complaint's lack of clarity, Defendant is not in a position to assert the defenses that may be available.

In support of this motion, Defendant relies upon the accompanying memorandum of points and authorities. A proposed Order is attached.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. BAR No. 498610
United States Attorney


/s/
RUDOLPH CONTRERAS, D.C. BAR No. 434122
Assistant United States Attorney


/s/
MARIAN L. BORUM, D.C. BAR No. 435409
Assistant United States Attorney
Judiciary Center Building
555 Fourth Street, N.W., Civil Division
Washington, DC  20530

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROSE M. DEWS-MILLER, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Civil Action No. 06-1764 (GK) |
| | ) |
| CONDOLEEZZA RICE, | ) |
| Secretary of State, | ) |
| | ) |
| Defendant | ) |
| | ) |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE,
FOR A MORE DEFINITE STATEMENT

Pursuant to Federal Rules of Civil Procedure 8(a) and 12(e) Defendant, by and through undersigned counsel, respectfully moves this Court for an order dismissing Plaintiff *pro se*'s Complaint for failure to adequately provide notice of her claims. Alternatively, Defendant respectfully moves this Court to require Plaintiff to provide a more definite statement.

## I. INTRODUCTION

Plaintiff *pro se*, an African American woman, was an employee of the United States Information Agency ("USIA"), which merged into the Department of State in October of 1999.[1] On October 16, 2006, Plaintiff filed this action against the Department of State which is entitled "Complainant's Right to File a Civil Action (P0900)" (hereinafter "P0900").[2] In this document, Plaintiff requests summary judgment and indicates that she "will demonstrate that the U.S. Equal Employment Opportunity Commission's DENIAL letter dated July 13, 2006 and the appellate

---

[1] The Department of State assumed responsibility for the case as the successor to USIA.

[2] While Plaintiff is less than clear, she appears to assert that the Court has jurisdiction pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.

decision involved a clearly erroneous interpretation of material fact if only EEOC had examined any of the identified TOP 20 reasons listed below . . . ." P0900, p. 1.

Plaintiff's filing is vague, unclear and makes confusing references to multiple, sometimes unwieldy, attachments.  Defendant is severely hampered in formulating any response to P0900 in light of its rambling and unfocused nature.  Accordingly, Defendant moves that Plaintiff's filing be dismissed for failure to meet the requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Alternatively, the Defendant moves that Plaintiff be required to file a more definite statement consistent with Rules 10(b) and 12(e).

## II.  ARGUMENT

### A.  The Court Should Dismiss Plaintiff's Complaint Because it Fails to State a Cause of Action or Sufficient Facts to Support a Claim

Under the Federal Rules of Civil Procedure, the principal function of the Complaint is to give the Defendant "fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable."  Brown v. Califfano, 75 F.R.D. 497, 498 (D.D.C. 1977)(citing 2A Moore, Federal Practice ¶ 8.13; 5 Wright & Miller, Federal Practice and Procedure, § 1217).  To that end, Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint filed in the federal court contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  "Beyond this, the rule serves to sharpen the issues to be litigated . . . ."  Brown, 75 F.R.D. at 498 (dismissing *pro se* Plaintiff's complaint because it failed to reasonably inform the adverse party of the cause of action).

Rather than comply with the requirements of Rule 8(a), Plaintiff refers instead to a series

of documents and, in effect, invites the reader to draw its own conclusions regarding what claims Plaintiff may be asserting and the bases upon which she asserts that she is entitled to relief.  For example, Plaintiff refers the reader to various documents which outline "one of many formal complaints" filed by Plaintiff, or correspondence about the "many events" Plaintiff has encountered with the Defendant.  See P0900, Reasons 1 and 8.  In so referring to these documents, Plaintiff either characterizes what she believes is stated in the documents; asks what appear to be rhetorical questions about the documents, see P0900, Reasons 2, 3, 17, 19; offers documents "for examination" or "for careful examination" with little or no explanation, see P0900, Reasons 4, 7, 8, 10, 11, 12, 13, 14, 15, 16, 18, 20; or offers some documents only because they are referred to by other documents.  See P0900, Reasons 5, 6.[3]

 Moreover, aspects of P0900 are in the nature of a legal brief, as opposed to the "short and plain statement of the claim" required by Rule 8(a).  As such, Plaintiff outlines asserted requirements for a prima facie case of reprisal or retaliation, see P0900, pp. 1-2, 8; makes legal conclusions about due process and property interests, see P 0900, p. 10; quotes the Code of Federal Regulations; characterizes what she believes is required by other, unspecified "Federal Personnel" regulations, see P0900, p. 9; and provides lists of what appear to be conjecture, miscellaneous background information, and descriptions "to prove" her prima facie case.  See

---

[3] Adding to the confusion and vagueness are attachments such as those included with Reason 8 - - a 21-paged document which offers a date-by-date summary of thirteen years of events involving the Plaintiff at USIA.  See P0900, Attachment 8; see also P0900, Attachment 10 (9-page, single-spaced summary of twelve years of Plaintiff's performance ratings at USIA). Plaintiff also attaches copies of on-line newspaper articles concerning a class action suit in which she claims membership, see P0900, Reason 9; and problems with government credit cards at the U.S. Attorney's Office in Los Angeles, the "Education Department," the Pentagon, the Federal Emergency Management Agency, and the Securities and Exchange Commission.  See P0900, Attachment C.

P0900, pp. 8-10.

Furthermore, some of the allegations made by Plaintiff cannot even be adjudicated within the EEOC process. Whistleblower claims, for example, are considered by the Merit System Protection Board or by the Office of Special Counsel. See Bosley v. Merit Systems Protection Board, 162 F.3d 665 (Fed. Cir. 1998). To the extent Plaintiff is claiming that she was subjected to the intentional infliction of emotional distress, see P0900, pp. 10, 12, the proper remedy, if any, would be through the Department of State's tort claim process. Further, to the extent that Plaintiff is raising allegations concerning the administrative processing of her Equal Employment Opportunity ("EEO") complaint, see P0900, pp. 10-12, it is well settled that Title VII does not provide a cause of action concerning the administrative processing of an EEO complaint. See Carter v. Greenspan, 304 F.Supp.2d 13, 31 (D.D.C. 2004)(citation omitted).

Clearly, Plaintiff's pleading fails to provide Defendant with clear and adequate notice of the facts or law allegedly at issue. See Sparrow v. United Air Lines, Inc., 216 F.3d 1111 (D.C. Cir. 2000)(under Rule 8, Plaintiff is required to give the Defendant fair notice of each claim and its basis.)(citations omitted). Neither Defendant, nor the Court, should be forced to decipher what claims are asserted, nor should Defendant risk waiving defenses if it cannot properly guess what claims Plaintiff intends to pursue.

### B. Alternatively, the Court Should Order Plaintiff to Provide Defendant With a More Definite Statement of Her Complaint

Rule 10(b) of the Federal Rules of Civil Procedure requires that all

> averments of claim or defense shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances . . . . Each claim founded upon a separate transaction or occurrence and each defense other than denials shall be stated in a separate count

or defense whenever a separation facilitates the clear presentation of the matters set forth.

Rule 12(e) of the Federal Rules of Civil Procedure provides that when

> a pleading . . . is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading.

In the event that the Court does not dismiss this action outright for failing to comply with Rule 8(a), Defendant respectfully requests that, pursuant to Fed. R. Civ. P. 12(e), the Court require Plaintiff to file a more definite statement of her claims, organized in a manner to satisfy the requirements of Rule 10. Otherwise, as set forth above, Defendant cannot properly answer or otherwise respond to the Complaint.

Accordingly, Defendant respectfully requests that Plaintiff be required to file a short and plain statement of her Complaint, which provides the following details:

(1) What specific wrongful act(s) does Plaintiff allege were discriminatory?

(2) On what basis (e.g., age, race or sex) was each act allegedly discriminatory?

(3) Who committed each of the allegedly wrongful acts?

(4) Where did each of the allegedly wrongful acts occur?

(5) When did each of the allegedly wrongful acts occur?

(6) How did each of the allegedly wrongful acts occur?

(7) What are the specific laws and/or regulations that allegedly have been violated?

Additionally, Defendant requests that the Court order that Plaintiff answer these questions by a date certain, and warn Plaintiff that pursuant to Fed. R. Civ. P. 12(e), the Court may dismiss her Complaint should she fail to respond by that date. Finally, should Plaintiff respond,

Defendant requests forty-five days following service of Plaintiff's response to file an answer or other appropriate response to Plaintiff's allegations.

### III. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court dismiss Plaintiff's Complaint because it fails to meet the minimum standard of notice pleadings. See Sparrow v. United Air Lines, Inc., 216 F.3d at 1118. In the alternative, Defendant respectfully moves this Court for an order requiring Plaintiff to file an amended complaint that provides a more definite statement of her claims.

Respectfully submitted,


/s/
JEFFREY A. TAYLOR, D.C. BAR No. 498610
United States Attorney


/s/
RUDOLPH CONTRERAS, D.C. BAR No. 434122
Assistant United States Attorney


/s/
MARIAN L. BORUM, D.C. BAR No. 435409
Assistant United States Attorney
Judiciary Center Building
555 Fourth Street, N.W., Civil Division
Washington, DC  20530

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 18th day of January, 2007, I caused the foregoing to be served first class mail, postage prepaid, addressed as follows:

Rose M. Dews-Miller
PO Box 863
Clinton, Maryland 20735-0863


      /s/ _____
      MARIAN L. BORUM
      Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROSE M. DEWS-MILLER, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Civil Action No. 06-1764 (GK) |
| | ) |
| CONDOLEEZZA RICE, | ) |
| Secretary of State, | ) |
| | ) |
| Defendant | ) |
| | ) |

### ORDER

This matter is before the Court on Defendant's Motion to Dismiss, or in the Alternative, for a More Definite Statement. Upon consideration of this Motion, the grounds stated therefor and the entire record of this case, it is this _____ day of _____, 2007, hereby

**ORDERED** that Defendant's Motion be and hereby is GRANTED; and it is

**FURTHER ORDERED** that the Complaint is dismissed; and it is

**FURTHER ORDERED** that any complaint re-filed by Plaintiff shall respond to the following questions:

(1) What specific wrongful act or acts does Plaintiff allege were discriminatory?

(2) On what basis (e.g., age, race or sex) was each act allegedly discriminatory?

(3) Who committed each of those allegedly wrongful acts?

(4) Where did each of those allegedly wrongful acts occur?

(5) When did each of those allegedly wrongful acts occur?

(6) How did each of those allegedly wrongful acts occur?

(7) What are the specific laws and/or regulations that allegedly have been violated?

    Plaintiff is hereby instructed that failure to comply with this Order may result in dismissal of the Complaint.

_____<br>
UNITED STATES DISTRICT JUDGE

Copies to:

    Marian L. Borum
    Assistant United States Attorney
    Judiciary Center Building
    555 Fourth Street, N.W., Civil Division
    Washington, DC  20530

    Rose M. Dews-Miller
    P.O. Box 863
    Clinton, Maryland   20735-0863