UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROSE M. DEWS-MILLER, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Civil Action No. 06-1764 (GK) |
| ) | |
| CONDOLEEZZA RICE, ) | |
| Secretary of State, ) | |
| ) | |
| Defendant ) | |
| _____) | |

**DEFENDANT'S LOCAL RULE 16.3 REPORT**

In accordance with Local Rule 16.3, defendant is filing this report. Defendant made an attempt to contact plaintiff in order to file a joint report, however defendant was unable to confer with plaintiff.

On or about October 16, 2006, plaintiff filed this Complaint. See Docket Entry No. 1. The Complaint failed to provided defendant with clear and adequate notice of the facts or law allegedly at issue. Therefore, defendant was severely hampered in formulating any response. On January 18, 2007, defendant filed a Motion to Dismiss or, in the Alternative, for a More Definite Statement. See Docket Entry Nos. 2 and 3. On February 9, 2007, the Court ordered plaintiff to respond to defendant's motion no later than March 10, 2007 or the motion would be treated as conceded. See Docket Entry No. 5. Hence, defendant's Rule 16.3 report is conditioned upon plaintiff's filing a more definite statement.

Defendant

Plaintiff, Rose Dews-Miller, appears to bring suit based upon a theory of reprisal for prior Equal Employment Opportunity activity. See generally Complaint. Defendant denies any acts of retaliation. Beyond the theory of reprisal, it is difficult to discern the nature of

plaintiff's complaint. Therefore, defendant is unable to further state the nature of the case.

Pursuant to Local Rule 16.3(d), defendant states the following:

1. <u>Dispositive Motions</u>:   Upon receipt of a more definite statement, the case may be able to be resolved by dispostive motion.

2. <u>Joinder of Parties/Amendment of Complaint/Narrowing of Issues</u>: Upon receipt of a more definite statement, defendant will be able to determine if it will be necessary to join parties or narrow the issues.

3. <u>Magistrate:</u> Upon receipt of a more definite statement, defendant will be able to determine whether referral to a Magistrate Judge for settlement or trial would be appropriate.

4. <u>Possibility of Settlement</u>:  Upon receipt of a more definite statement, the defendant will be able to determine whether there is the possibility of settlement

5. <u>ADR</u>:  Upon receipt of a more definite statement, the defendant will be able to determine whether ADR may be appropriate.

6. <u>Motions</u>:  Upon receipt of a more definite statement, the defendant will be able to determine whether the matter can be decided by dispositive motion.   After the filing of a more definite statement, defendant proposes that any motion for summary judgment shall be filed within forty-five (45) of receipt; that the responding party shall also have forty-five (45) days to file an Opposition; and that thirty (30) days shall be allowed for any Reply.

7. <u>Initial Disclosures</u>:  Defendant is unable to respond to the issue of initial disclosures under Fed. R. Civ. P. 26(a)(1).

8, 9. <u>Discovery</u>/<u>Experts</u>:  Defendant is unable to respond to the issues of discovery or the need for expert witnesses.

10.	Class Action: Based upon the Complaint as currently filed, this does not appear to be applicable.

11.	Bifurcation: Defendant is unable to respond to the issue of bifurcation.

12.	Pretrial Conference: The defendant proposes that the Court not set a pretrial conference until after the ruling upon any dispositive motions. After the ruling upon dispositive motions, the defendant requests that the Court set a status conference date to set the dates for the pretrial conference and trial.

13.	Trial Date: The defendant proposes that the trial date be set at the final Pretrial conference, or at the Court's convenience.

14.	Other Matters: N/A.

Dated: February 9, 2007

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. Bar No. 498610
United States Attorney


/s/
RUDOLPH CONTRERAS, D.C. Bar No. 434122
Assistant United States Attorney


/s/
MARIAN L. BORUM, D.C. Bar No. 435409
Assistant United States Attorney

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on this 9th day of February, 2007, service of the foregoing was made by mailing copies thereof to:

Rose M. Dews-Miller
8507 Woodyard Road
Clinton, Maryland 20735

                                    /s/
                                  MARIAN L. BORUM
                                  Assistant United States Attorney