**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ROSE M. DEWS-MILLER, | ) |
| | ) |
| **Plaintiff** | ) |
| | ) |
| v. | ) Civil Action No. 06-1764 (GK) |
| | ) |
| CONDOLEEZZA RICE, | ) |
| Secretary of State, | ) |
| | ) |
| **Defendant** | ) |
| | ) |

**DEFENDANT'S SECOND LOCAL RULE 16.3 REPORT**

Defendant Condaleeza Rice, Secretary of State, by and through undersigned counsel, is filing this second Local Rule 16.3 report, in response to Plaintiff's recently filed Local Rule 16.3 Report, and as a courtesy to inform the Court about developments subsequent to the filing of her first Local Rule 16.3 Statement. On June 8, 2007, Plaintiff filed her second Local Rule 16.3 Report, before the parties had an opportunity to discuss the matters set forth in Local Rule 16.3. See Docket Entry No. 19.

The procedural history of this action is as follows:

1. On October 16, 2006, Plaintiff filed her original Complaint in this action. See Docket Entry No. 1. Because the original Complaint failed to provide Defendant with clear and adequate notice of the facts or law allegedly at issue, Defendant was severely hampered in formulating any response.

2. On January 18, 2007, Defendant filed a Motion to Dismiss, or in the Alternative, for a More Definite Statement. See Docket Entry No. 2.

3. On January 24, 2007, this Court issued an Order setting an Initial Scheduling

Conference for February 14, 2007.  See Docket Entry No. 4.  In February 2007, the parties

filed separate Local Rule 16.3 Meet and Confer Statements.  See Docket Entry Nos. 6, 7, 9.

On February 14, 2007, the parties appeared in this Court for a status conference.

4.  On May 15, 2007, Plaintiff filed an Amended Complaint in this action.  See

Docket Entry No. 14.  On May 15, 2007, Plaintiff also filed an Opposition to Defendant's

Motion to Dismiss, or in the Alternative, for a More Definite Statement.  See Docket Entry

No. 15.

5.  As a result of Plaintiff's filing of an Amended Complaint, the Motion to Dismiss

or in the Alternative for a More Definite Statement which Defendant filed on January 18,

2007, and the Opposition thereto which Plaintiff filed on May 15, 2007, were rendered a

nullity.  Plaintiff's Amended Complaint thus became the operative pleading in this action,

and Defendant's Answer or other Response to Plaintiff's Amended Complaint was originally

due by May 29, 2007.  See Fed. R. Civ. Pro. 6, 15(a).

6.  On May 23, 2007, the undersigned counsel filed a Motion for Enlargement of

Time to Answer or Otherwise Respond to Plaintiff's Amended Complaint from May 29,

2007 to July 30, 2007.  See Docket Entry No. 17.  On May 25, 2007, this Court granted that

Motion.  However, in its order, the Court ordered Defendant to file her Answer or other

response to Plaintiff's Amended Complaint by July 5, 2007.  Thus, Defendant's Answer or

other response to Plaintiff's First Amended Complaint is currently due by July 5, 2007.

7.  On May 25, 2007, this Court issued an Order setting an Initial Scheduling

Conference for June 14, 2007.  See Docket Entry No. 18.  On June 5, 2007, the Court issued

an Order rescheduling the Initial Scheduling Conference for June 12, 2007, at 10:00 a.m..

8.  On June 8, 2007, Plaintiff filed a second Meet and Confer Statement, before the

parties had an opportunity to discuss the matters set forth in Local Rule 16.3.  See Docket

Entry No. 19.


Defendant

In her Amended Complaint, Plaintiff, Ms. Rose Dews-Miller appears to bring suit

in part based upon a theory of reprisal for prior participation in whistleblowing activity and

in retaliation for her having filed EEO complaints against the Agency.  See, e.g., First

Amended Complaint ("Amended Compl.") at 1-2, see also id. at 13-14 (count I).  Second,

Plaintiff alleges that the Defendant had certain obligations under 5 U.S.C. § 4302(b) with

respect to improving employee performance, with which the Defendant failed to comply.

See Amended Compl. at 14-18 (counts II and III).  Third, Plaintiff alleges violations of

various provisions of the U.S. Constitution, including her rights to liberty, procedural and

substantive due process, equal protection, free speech, and free association under the First

and Fifth Amendments.  See Amended Compl. at 18-19 (count IV). Fourth, Plaintiff further

alleges that Defendant was required, pursuant to 5 U.S.C. § 7513, to provide at least thirty

days' written notice prior to various adverse personnel actions.  See, e.g., Amended Compl.

at 19-21 (counts V, VI, VII, VIII, IX).  Fifth, Plaintiff contends that the Defendant breached

a 1989 decision of the EEOC.  See, e.g., Amended Compl. at 21-22 (Count X).  Finally,

Plaintiff alleges that Defendant took various actions that breached a 1995 settlement

agreement.  See, e.g., Amended Compl .at 22-29 (counts XI-XXII).  Defendant denies

Plaintiff's various allegations.


Pursuant to Local Rule 16.3(d), and in response to Plaintiff's allegations in her

second Local 16.3 Statement, Defendant states the following:

1.      Dispositive Motions:  Defendant anticipates that she will file a dispositive motion

in response to Plaintiff's Amended Complaint which will dispose of this entire action.

Defendant respectfully submits that discovery is not appropriate or necessary in this action.

2.      Joinder of Parties/Amendment of Complaint/Narrowing of Issues: Defendant

respectfully submits that it is not necessary to join any other parties, and that no narrowing

of the issues is likely to occur in advance of briefing.

3.      Magistrate:  Defendant respectfully submits that  referral to a Magistrate Judge for

settlement or trial is not appropriate in this action.

4.      Possibility of Settlement: Defendant does not believe that there is a realistic prospect

of settlement at this juncture.

5.      ADR: Defendant does not believe that this case would benefit from this Court's

Alternative Dispute Resolution ("ADR") procedures or from any other ADR procedure  and

has not discussed the matter with Plaintiff.

6.      Motions:  The Defendant anticipates that she will file a Motion to Dismiss and/or for

Summary Judgment by July 5, 2007.  Defendant proposes that Plaintiff be given thirty (30)

days to file an Opposition; and that thirty (30) days shall be allowed for any Reply.

7.      Initial Disclosures:  Defendant respectfully submits that the parties should stipulate

to dispense with the initial disclosure requirement under Fed. R. Civ. P. 26(a)(1).

8, 9.    Discovery/Experts:  Defendant respectfully submits that discovery is not appropriate

or necessary in this action.

10.     Class Action: Based upon the Amended Complaint as currently filed, this does not

appear to be applicable.

11.     Bifurcation:  Defendant respectfully submits that neither discovery nor a trial are appropriate or necessary in this action.

12.     Pretrial Conference:  The Defendant proposes that the Court not set a pretrial conference until after the ruling upon any dispositive motions.

13.     Trial Date:  The Defendant proposes that the Court not set a trial date until after the ruling upon any dispositive motions.

14.     Other Matters:  N/A.


Dated: June 11, 2007

Respectfully submitted,


\_\_/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


\_\_/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


\_\_/s/_____
JONATHAN C. BRUMER, D.C. BAR # 463328
Special Assistant United States Attorney
555 Fourth Street, N.W., Room E4815
Washington, D.C. 20530
(202) 514-7431
(202) 514-8780 (facsimile)

**CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of June, 2007, I caused the foregoing *Second Local Rule 16.3 Report* to be served on *pro se* Plaintiff, postage prepaid, addressed as follows:

ROSE M. DEWS-MILLER
8507 Woodyard Road
Clinton, MD 20735

_/s/_____
JONATHAN C. BRUMER, D. C. BAR # 463328
Special Assistant United States Attorney
555 Fourth Street, N.W., Room E4815
Washington, D.C. 20530
(202) 514-7431
(202) 514-8780 (facsimile)