# EXHIBIT   1

## SETTLEMENT AGREEMENT

This Agreement, between the employee, Rose Mary Dews Miller, and the U.S. Information Agency (USIA), is in settlement of Complaints of Discrimination filed by the employee on June 4, 1993, and September 7, 1993, as well as all other EEO complaints against the Agency pending at an informal stage.

**This Agreement is based on the following facts:**

Ms. Miller filed formal Complaints of Discrimination against the Agency on June 4, 1993, and September 7, 1993, which were fully investigated and scheduled to be heard by an EEOC Administrative Judge on January 18 and 19, 1995. Ms. Miller subsequently filed at least one more complaint, dated October 21, 1994, with USIA's Office of Civil Rights, still at an informal stage. Prior to commencing the hearing, the parties entered into settlement negotiations with the assistance of the Administrative Judge.

**THEREFORE IT IS AGREED AS FOLLOWS:**

1. The Agency will detail Ms. Miller out of the Office of Inspector General (OIG) to the Office of the Comptroller (M/C) as a Budget Analyst, GS-560-11/4, for a period of six months starting February 1, 1995. She will have the duties described in PDM-40-95, and her salary will be paid by OIG.

2. OIG will pay for any training course/seminar(s) that M/C recommends to enhance Ms. Miller's ability to succeed in the temporary position. Ms. Miller agrees that any extended formal training, exceeding five days, will take place during nonduty hours.

3. If at the end of six months Ms. Miller achieves a rating of at least fully successful, she will be retained at M/C in the PDM-40-95 or comparable position. If at the end of six months Ms. Miller's performance is not rated at least fully successful, the Agency agrees that a) the Office of Personnel will attempt to place Ms. Miller in an appropriate position in a non-OIG unit with three months probation; or b) if no such non-OIG placement is available, OIG will retain Ms. Miller for a three-month probationary period as specified in paragraph 5 below.

4. OIG reserves the right to redefine the requirements and standards of Ms. Miller's existing GS-11 position, so long as the duties remain within the scope of her current position description.

5.  If Ms. Miller returns to OIG after the detail, she will be on probation for three months.  Within the three months, OIG will evaluate Ms. Miller's performance after the first six weeks, and again at the end of the three-month period.

6.  If Ms. Miller earns the rating of at least "fully successful" after three months at OIG, she will be retained at OIG.  If Ms. Miller does not earn a rating of at least fully successful at the end of the three-month period, she will be transferred out of OIG to a temporary position, not to exceed one year.  Ms. Miller agrees to resign from USIA not later than the end of that temporary position, during which she will receive USIA's outplacement assistance.

7.  Ms. Miller will make a good faith effort to succeed in the position at M/C or in any other USIA position, including active participation in training.

8.  M/C will evaluate Ms. Miller's performance informally every six weeks until a formal evaluation is performed at the end of six months.  The evaluations will be based on clearly defined criteria.

9.  Ms. Miller voluntarily withdraws all Complaints of Discrimination, formal and informal, with prejudice and waives all rights to pursue further, either administratively or judicially, any claims contained in any files of complaints pending as of the date of this Agreement.  By signing this Agreement, Ms. Miller serves notice that she is withdrawing these complaints and hereby does discharge and release the Agency and OIG, their officers and employees, of any and all liabilities, obligations, claims, and demands whatsoever connected with or arising from the facts, circumstances, and actions of said Complaints.

10.  This Agreement is entered into voluntarily by the Agency and Ms. Miller to avoid potential litigation which could be costly and time-consuming for both sides.  Accordingly, this settlement cannot be construed to be an admission by the Agency that the alleged discrimination occurred or that Ms. Miller substantially prevailed in her Complaints.  It is also understood that this Agreement does not constitute an acknowledgment by the Complainant that the alleged discrimination did not occur.

11.  Ms. Miller agrees not to seek, nor to have sought on her behalf, any payment for her attorney fees in these matters.

12.  The parties agree that the terms of this Agreement will be kept confidential from current and former USIA employees, except for authorized purposes of the federal government.  Any breach of confidentiality shall be a matter subject to appropriate disciplinary action.

13. If for any reason not attributable to Ms. Miller's conduct the terms of this Agreement are not carried out, provisions found at 29 C.F.R 1614 shall apply, and Ms. Miller shall retain other rights she may have, either statutory or at common law, for breach of Agreement.

Notwithstanding any other provision of the Agreement, the parties agree that this Agreement may be used as evidence in any subsequent proceeding in which either party alleges a breach of Agreement.

| Signature | Date |
|---|---|
| Rose Mary Dews-Miller, Complainant | 1/27/95 |
| Bruce M. Cooper, Esq., Attorney for Complainant | 1/27/95 |
| Stanley M. Silverman, Comptroller, USIA | 1/27/95 |
| Marian C. Bennett, Inspector General, USIA | 1/30/95 |
| Carol B. Epstein, Esq., Assistant General Counsel, USIA | 1/27/95 |
| Hattie P. Baldwin, Director, Office of Civil Rights, USIA | 1/31/95 |