**EXHIBIT 3**

**United States
Information
Agency**

WASHINGTON DC 20547-0001

Office of Civil Rights



USIA

December 11, 1995

**CERTIFIED MAIL
RETURN RECEIPT REQUESTED**

Ms. Rose Mary Dews-Miller
Post Office Box 863
Clinton, Maryland 20735-0863

Dear Ms. Dews-Miller:

This is in response to your letter of October 10, 1995, in which you requested the Office of Civil Rights ("OCR") to reopen your Equal Employment Opportunity ("EEO") case. You alleged that the United States Information Agency ("Agency") had breached your Settlement Agreement of January 31, 1995.

OCR has conducted an inquiry into the allegations you raised in your October 10th letter regarding your Settlement Agreement and found the following in terms of the allegations you presented and the response received from the appropriate Management officials:

1. You stated that "I never received a personnel action (SF-50) officially activating this detail."

    In response to allegation #1, OCR contacted the Agency's Office of Personnel and was told that it is not a standard procedure for Personnel to issue a SF-50 to generate a detail. According to Personnel, when you reported for official duty with the Office of the Comptroller (M/CB), you were given your position description and performance standards for the Budget Analyst position.

2. You stated that "I was never offered or given any training. Number 2 of the agreement recommends that I be offered training so as to enhance my ability to succeed in the temporary position."

    In response to allegation #2, OCR contacted the Office of the Comptroller (M/CB) where you were detailed as a Budget Analyst.

- 2 -

Management officials in M/CB stated:

> "There are two primary forms of training available to assist an employee in the successful performance of the Budget Analyst position requirements in M/CB. These two forms of training are Professional and College/University training and On The Job Training [sic]. Rose Mary Dews-Miller had already taken numerous Professional and College/University training courses in the field of budget and accounting (Budget Estimating Techniques, Budget Formulation, Budget Execution and Fund Control; half a dozen various accounting classes). These classes are more than adequate to provide a good foundation in the budget field. Therefore, it was [our] opinion, what would benefit Rose Mary most in succeeding as a Budget Analyst would be On-The-Job [sic] training. This was expressed to Rose Mary when [she] first met [with [Management officials at M/CB]. At no time did Rose Mary ever request or suggest any additional Professional Training."

According to Management officials, you received hands-on training during your detail to M/CB in the following areas:

- -- Learning the basic budget concepts, terms, and how they applied to your job (e.g., mandatory, discretionary, full-year, GOE, DSA, ceilings, program reductions, etc.);

- -- Preparing Fund Control Reports (Financial Plans, Status of Funds, Contingency Lists, Area Ceiling Limitation Accounts, etc.);

- -- Formatting reports, what funding totals to tie to, the function titles, the difference between ceiling limitations and funds, etc.;

- -- Formulating budgets, the type of supporting justification data that is required, and presenting this data in various formats;

- -- Researching resource requests for correctness and for funding changes; and

- 3 -

-- Organizing and prioritizing work projects in order to meet deadlines.

3. You stated that "After seven months in that office, I initiated a request for the interim evaluation, so as to determine what was my status. I was given a Minimally Successful that had already been signed prior to any discussions by Ms. Keith and Ms. Diekman on August 14, 1995. As far as 'informal' performance evaluations, no meetings were ever held, though Ms. Keith continually praised me for the job I was doing."

   With regard to your performance (allegation #3), Management officials responded that they were "perplexed." According to Management officials "[t]here was a constant dialogue on job performance between [you] and [your] rating officer. Accepting constructive performance evaluations is not always easy, nor is it easy to differentiate between encouragement and praise."

   Further, Management officials stated that "staff did not spend valuable time and energy in training and overseeing Rose Mary's performance in order for her to fail. During the six months that Rose Mary was assigned to M/CB continuous on the job training [sic], guidance, and job performance feedback was provided. Success is not measured by what types of training one is provided but by what one has gained in knowledge through training and how that knowledge is then applied to the job."

4. You stated that "I understand that during my tenure there the agency was actively interviewing other candidates for the position and two candidates were selected."

   In response to allegation #4, Management officials stated:

   "[T]hrough the settlement, [you were] to be detailed to a Budget Analyst position and receive training and guidance in that position. The hope was, that at the end of [your] tenure in M/CB, [you] would permanently fill that position. [Management officials] were not aware of any requirement in [your] settlement for M/CB to select or promote [you] into another Budget Analyst position. It should be noted that

- 4 -

all of the M/CBA Budget Analyst positions (vacant or filled) have the same position number and position description."

For the foregoing reasons, OCR has determined that the Agency has carried out all of the terms of your Settlement Agreement as executed on **January 31, 1995.** Your formal Complaints of Discrimination filed on June 4, 1993, September 7, 1993, and all complaints filed at the informal stage will not be reopened. No further action will be taken by OCR regarding your EEO case.

Please be advised that the Equal Employment Opportunity Commission's Regulations, 29 C.F.R. § 1614.504(a), provides that "[a]ny settlement agreement knowingly and voluntarily agreed to by the parties, reached at any stage of the complaint process, shall be binding on both parties." If you believe that the Agency has failed to comply with the terms of your Agreement, you may file an appeal alleging a breach of the Settlement Agreement. (See, 29 C.F.R. § 1614.504.)

An appeal of noncompliance must be filed in writing to the Director, of the Equal Employment Opportunity Commission, **within 30 calendar days** of receipt of this determination. An appeal of noncompliance must be forwarded to the **Director, Office of Federal Operations, Equal Employment Opportunity Commission, Post Office Box 19848, Washington, D.C. 20036**, with a copy to this Office within **30 days of filing** the Notice of Appeal.

Sincerely,

*Hattie P. Baldwin*

Hattie P. Baldwin
Director

Enclosure:  EEOC Appeal Form 573

# NOTICE OF APPEAL/PETITION
## TO THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
### OFFICE OF FEDERAL OPERATIONS

1. Appellant's name (Last, First, Middle): [Please Print or Type]

2. Home/mailing address:

3. Name and address of attorney or other representative, if any:

4. Appellant's daytime telephone number (incl. area code):

5. Representative's telephone number (if applicable):

6. Has the appellant filed a formal complaint with his/her agency?
   ☐ No      ☐ Yes - indicate the Agency's complaint number: _____

7. Name of the agency being charged with discrimination:

8. Location of the duty station or local facility in which the complaint arose:

9. Has a FINAL DECISION been issued by the agency, an Arbitrator, FLRA, or MSPB on this complaint?
   ☐ YES (Indicate the date the appellant RECEIVED it _____, and ATTACH A COPY.)
   ☐ NO
   ☐ This appeal alleges a breach of a settlement agreement.

10. Has a complaint been filed on this same matter with this Commission, another agency, or through any other administrative or collective bargaining procedure?
    ☐ NO  ☐ YES (Indicate the agency or procedure, complaint/docket number, and attach a copy, if appropriate).

11. Has a civil action (lawsuit) been filed in connection with this complaint?
    ☐ NO  ☐ YES (ATTACH A COPY OF THE CIVIL ACTION FILED)

12. Signature of appellant or appellant's representative

13. Date:

NOTICE: Before mailing this appeal, be sure to attach a copy of the final decision from which you are appealing, if one has been issued. Any comments or brief in support of the appeal MUST be filed with the Commission AND with the agency within 30 days of the date this appeal is filed. Making a knowingly false statement on this form is punishable by law. See 18 USC § 1001. PRIVACY ACT STATEMENT ON REVERSE SIDE.

FOR EEOC USE ONLY:                         OFO DOCKET NUMBER:

# PRIVACY ACT STATEMENT

(This form is covered by the Privacy Act of 1974. Public Law 93-597. Authority for requesting the personal data and the use thereof are given below.)

1. **FORM NUMBER/TITLE/DATE:** EEOC Form 573, Notice of Appeal/Petition, April 1992.

2. **AUTHORITY:** 42 U.S.C. §2000e-16.

3. **PRINCIPAL PURPOSE:** The purpose of this questionnaire is to solicit information to enable the Commission to properly and efficiently adjudicate appeals filed by Federal employees, former Federal employees, and applicants for Federal employment.

4. **ROUTINE USES:** Information provided on this form will be used by Commission employees to determine: (a) the appropriate agency from which to request relevant files; (b) whether the appeal is timely; (c) whether the Commission has jurisdiction over the issue(s) raised in the appeal, and (d) generally, to assist the Commission in properly processing and deciding appeals. Decisions of the Commission are final administrative decisions, and, as such, are available to the public under the provisions of the Freedom of Information Act. Some information may also be used in depersonalized form as a data base for statistical purposes.

5. **WHETHER DISCLOSURE IS MANDATORY OR VOLUNTARY AND EFFECT ON INDIVIDUAL FOR NOT PROVIDING INFORMATION:** Since your appeal is a voluntary action, you are not required to provide any personal information in connection with it. However, failure to supply the Commission with the requested information could hinder timely processing of your case, or even result in the rejection or dismissal of your appeal.

---

Send your appeal to:

The Equal Employment Opportunity Commission
Office of Federal Operations
P.O. Box 19848
Washington, D.C. 20036