# EXHIBIT 5



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Office of Federal Operations
P.O. Box 19848
Washington, D.C. 20036

```
Dews-Miller,                      )
        Appellant,                )
                                  )
             v.                   )   Appeal No.  01962642
                                  )   Agency No.  OCR-863-49
                                  )               OCR-863-49-1
Joseph D. Duffey,                 )
Director,                         )
United States Information Agency, )
        Agency.                   )
_____)
```

## DISMISSAL OF APPEAL

Appellant filed an appeal with the Commission from a final agency decision (FAD) which dismissed her allegation that the agency breached a settlement agreement dated January 31, 1995. The appeal was postmarked February 16, 1996. The issue on appeal concerns whether or not the agency breached the settlement agreement. However, the Commission must first address whether or not the appeal was timely filed.

By regulation, appeals to the Commission must be filed within thirty calendar days after an appellant receives notice of the FAD. 29 C.F.R. §1614.504(b). The time within which to appeal shall be calculated from the receipt of the required document by the complainant. 29 C.F.R. §1614.402(b). A document shall be deemed timely if delivered in person or postmarked before the expiration of the applicable filing period. 29 C.F.R. §1614.604(b).

The record reflects that appellant received the FAD on December 15, 1995.[1] Appellant filed her appeal on February 16, 1996, even though it was due on February 12, 1996.[2] The Commission's regulations governing the computation of time limits allow for waiver and/or equitable tolling. 29 C.F.R. §1614.604(c). Appellant

---

[1] The record reflects that the final decision was signed for at appellant's address of record by either appellant or an individual with the same surname as appellant on December 15, 1995. In either case, appellant is deemed to have effectively received the Notice on that date. See, e.g., Baunchand v. United States Postal Service, EEOC Request No. 05920389 (May 29, 1992) (receipt of a document by a member of appellant's family of suitable age and discretion is effective receipt by appellant).

[2] Calculation of the 30 day period commenced on Thursday, January 11, 1996, the first day the Commission was open following a federal government furlough and subsequent inclement weather.

                                  2         01962642
                                            OCR 086349
                                            OCR 086349-1

asserts that the delay in filing was caused by the Federal government shutdown and subsequent inclement weather. The Commission acknowledges that its offices were closed during the partial government shutdown due to furlough and subsequently due to inclement weather. See, Dougherty v. Social Security Administration, Request No. 05960228, (January 31, 1997)(footnote 2). However, appellant's appeal was postmarked more than thirty days from January, 11, 1996. The record reveals that the final agency decision informed appellant of the time limits on her right to appeal. Accordingly, the appeal is untimely and is DISMISSED.

STATEMENT OF RIGHTS - ON APPEAL

RECONSIDERATION (M0795)

The Commission may, in its discretion, reconsider the decision in this case if the appellant or the agency submits a written request containing arguments or evidence which tend to establish that:

1.  New and material evidence is available that was not readily available when the previous decision was issued; or

2.  The previous decision involved an erroneous interpretation of law, regulation or material fact, or misapplication of established policy; or

3.  The decision is of such exceptional nature as to have substantial precedential implications.

Requests to reconsider, with supporting arguments or evidence, MUST BE FILED WITHIN THIRTY (30) CALENDAR DAYS of the date you receive this decision, or WITHIN TWENTY (20) CALENDAR DAYS of the date you receive a timely request to reconsider filed by another party. Any argument in opposition to the request to reconsider or cross request to reconsider MUST be submitted to the Commission and to the requesting party WITHIN TWENTY (20) CALENDAR DAYS of the date you receive the request to reconsider. See 29 C.F.R. §1614.407. All requests and arguments must bear proof of postmark and be submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, D.C. 20036. In the absence of a legible postmark, the request to reconsider shall be deemed filed on the date it is received by the Commission.

Failure to file within the time period will result in dismissal of your request for reconsideration as untimely. If extenuating circumstances have prevented the timely filing of a request for reconsideration, a written statement setting forth the circumstances which caused the delay and any supporting

                    3            01962642
                                  OCR 086349
                                  OCR 086349-1

documentation must be submitted with your request for reconsideration. The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. See 29 C.F.R. §1614.604(c).

### RIGHT TO FILE A CIVIL ACTION (S0993)

It is the position of the Commission that you have the right to file a civil action in an appropriate United States District Court **WITHIN NINETY (90) CALENDAR DAYS** from the date that you receive this decision. You should be aware, however, that courts in some jurisdictions have interpreted the Civil Rights Act of 1991 in a manner suggesting that a civil action must be filed **WITHIN THIRTY (30) CALENDAR DAYS** from the date that you receive this decision. To ensure that your civil action is considered timely, you are advised to file it **WITHIN THIRTY (30) CALENDAR DAYS** from the date that you receive this decision or to consult an attorney concerning the applicable time period in the jurisdiction in which your action would be filed. If you file a civil action, **YOU MUST NAME AS THE DEFENDANT IN THE COMPLAINT THE PERSON WHO IS THE OFFICIAL AGENCY HEAD OR DEPARTMENT HEAD, IDENTIFYING THAT PERSON BY HIS OR HER FULL NAME AND OFFICIAL TITLE.** Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, **filing a civil action will terminate the administrative processing of your complaint.**

### RIGHT TO REQUEST COUNSEL (Z1092)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. See Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq.; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§791, 794(c). **The grant or denial of the request is within the sole discretion of the Court.** Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File A Civil Action").

FOR THE COMMISSION:

SEP 25 1997
_____
DATE

*Ronnie Blumenthal*
_____
Ronnie Blumenthal, Director
Office of Federal Operations