# EXHIBIT   8

**United States**
**Information**
**Agency**

Office of Civil Rights



WASHINGTON DC   20547-0001

**USIA**

IN REPLY REFER
TO: OCR-96-15

March 6, 1998

<u>**CERTIFIED MAIL**</u>
<u>**RETURN RECEIPT REQUESTED**</u>

Ms. Rose Mary Dews-Miller
c/o Mr. John Pratt
6713 Harwood Place
Springfield, VA 22152-2419

Dear Ms. Dews-Miller:

This is in reference to your Complaint of Discrimination (hereinafter, "Complaint"), filed against
the U.S. Information Agency (hereinafter, "Agency") on **March 28, 1996.** Receipt of the
Complaint was acknowledged on **April 1, 1996,** and assigned Agency Complaint Number
**OCR-96-15.** By letter dated July 31, 1996, the Agency accepted the following allegations in
your Complaint for processing:

> Whether you were continuously discriminated against on the basis of reprisal
> (previous EEO activities), when as you allege:

> (1)    For the May 1, 1994 to January 24, 1995 Performance Appraisal Report,
>        you received a "Minimally Successful" performance rating.   The Rating
>        and Reviewing Officers failed to discuss the "Minimally Successful"
>        rating or to explain your deficiencies to you before issuing this rating,
>        pursuant to the Manual of Operations & Administration ("MOA"),
>        Part V-A, Section 453.2(c)(1), (2), and (3);

> (2)    For the February 1, 1995 to July 31, 1995 Performance Appraisal Report,
>        you received a "Minimally Successful" performance rating.   The Rating
>        and Reviewing Officers failed to discuss the "Minimally Successful"
>        rating or to explain your deficiencies to you before issuing this rating,
>        pursuant to the MOA, Part V-A, Section 453.2(c)(1), (2), and (3); PAGE ___ OF ___

> (3)    From September 5, 1995 through November 24, 1995, you were placed
>        on Absence Without Leave ("AWOL") for a work injury.  You reported the
>        work injury to your immediate supervisors (Rating and Reviewing Officers),
>        pursuant to MOA, Part V-A, Section 506.3(c)(1).  However, the Management
>        Official who placed you on AWOL was not your supervisor at the time of
>        your work injury; and

Exhibit ___10___

2

    (4)    On November 9, 1995, you were denied a Within Grade Increase (WGI).
The Rating and Reviewing Officers failed to discuss your deficiencies in
performance with you that resulted in the denial of the WGI, pursuant
to MOA, Part V-A, Section 453.2(c)(1), (2), and (3).

The Equal Employment Opportunity Commission (EEOC) Regulation, 29 C.F.R. § 1614.107(e)
provides for the dismissal of a complaint, or portions thereof, when the allegations raised therein
have become moot . . . . Verble v. Department of State, EEOC Appeal No. 01950260
(September 26, 1996) [97 FEOR 3028]; see also Olsen v. Department of Navy, EEOC No.
01961390 (March 27, 1997) [97 FEOR 1237].  To determine whether the allegations raised in the
complaint are moot, the Agency must ascertain whether (a) it can be said with assurance that
there is no reasonable expectation that the alleged violation will recur, and (b) the interim relief
or events have completely and irrevocably eradicated the effects of the alleged violation.  See
County of Los Angeles v. Davis, 440 U.S. 625 (1979).  When such circumstances exist, no relief
is available, and no need for a determination of the rights of the parties is presented.

Please be advised that a further review of your records concerning Allegation No. 3 reveals that
you were compensated for your non-pay (AWOL) status when the U.S. Department of Labor
(Labor) completed the following actions regarding your work-related injury.

    1.    A payment covering August 21, 1995 through October 3, 1995 is pending
at the Agency.  This payment will be forwarded to you when you sign
and return your IA-134 (Clearance for Final Salary Payment).  You must
notify the Agency's Financial Operations Division (M/CF) as to where you
want your payment forwarded.

    2.    A disability check (payment) covering October 4, 1995 through
November 26, 1995, was issued to you by Labor (see, Labor's Wage
Loss Benefits Statement, dated February 7, 1997).

For the foregoing reasons, the Agency has determined that **Allegation No. 3** is hereby **dismissed**
because the actions taken by the Labor Department compensating you from August 21, 1995
through November 26, 1995, has rendered this allegation **moot**.  (29 C.F.R. § 1614.107(e).)
There is no reasonable expectation that the alleged violation will recur, and Labor's actions have
completely and irrevocably eradicated the effects of the alleged violation.

Additionally, the EEOC Regulation 29 C.F.R. § 1614.107(a) provides that an agency shall
dismiss a complaint or portion of a complaint that states the same claim pending before or that
has been decided by the Agency or Commission.  By letter dated November 6, 1997 and FAXED
messages dated December 12, 1997 and February 27, 1998 (see enclosed), you requested that the
Agency appoint an EEO Counselor to assist you in filing an EEO complaint against Management
Officials of the Agency's Offices of Human Resources, Comptroller, General Counsel, former
Inspector General, and Civil Rights.  You said that the event leading you to file this Complaint is

3

an October 10, 1997 letter (see enclosed), you received from the Labor Department's Office of Workers' Compensation Program (OWCP).

A further review of your records indicates that the allegations raised in your November 6 letter, state the same claim as your work injury claim against the Agency's Office of Human Resources (M/HR).  As you are aware, work injury claims are processed by the Agency's Office of Human Resources.  Management officials of the Offices of the Comptroller, General Counsel, former Inspector General, and Civil Rights were not involved in processing your work injury claim.  Furthermore, on December 7, 1995, you were counseled by an EEO Counselor regarding your work injury claim.  Moreover, an authorized EEO investigation was conducted on your work injury claim (Allegation No. 3) of your Complaint (**OCR-96-15**).  Thus, the Agency processed Allegation No. 3 in accordance with the EEOC Regulations.  For the foregoing reasons and based upon this review, your request to be counseled on the same claim pending before the Agency is hereby **denied.**  (See, 29 C.F.R.  § 1614.107(a)).

This Notice is the Final Decision of the U.S. Information Agency regarding **Allegation No. 3** filed on **March 28, 1996** and your request of  **November 6, 1997** to be counseled on the same work injury claim that is pending before the Agency.  If you are dissatisfied with the Agency's decision, you have the following appeal rights.

## APPEAL RIGHTS

You may file an appeal with the Equal Employment Opportunity Commission **within 30 calendar days** of receipt of this decision.  The **30 day** period for filing an appeal begins on the day after the date of receipt of this decision.  The appeal shall be considered timely if it is delivered in person, by facsimile, or postmarked before the expiration of the applicable filing period.

In the absence of a legible postmark, the appeal will be considered timely if it is received by mail **within five days** of the expiration of the applicable filing period.  Appeals to the Commission should be forwarded to the **Director, Office of Federal Operations, Equal Employment Opportunity Commission, Post Office Box 19848, Washington, D.C.  20036,** with a copy to this Office **within 30 days** of filing the Notice of Appeal.

## CIVIL ACTIONS

In lieu of an appeal to the Commission, you may file a civil action in an appropriate United States District Court within **90 calendar days** of receipt of the final decision.  If you file an appeal with the Commission, and you are not satisfied with the Commission's decision, you may file a civil action in a United States District Court within **90 calendar days** of receipt of the Commission's final decision.  You may also file a civil action any time after **180 calendar days** from the date of filing an appeal with the Commission, if there has been no final decision by the Commission.

**4**

Upon your request, the Civil Rights Act and the Rehabilitation Act give the Court discretionary authority to appoint an attorney without payment of fees or costs to you. The grant or denial of this request is within the sole discretion of the court. Your request and the civil action must be filed **within 90 days** of the date the final decision is received.

If you file a civil action involving this complaint, **you must specifically name the Director of the United States Information Agency, Dr. Joseph Duffey, as defendant.** Failure to do so may result in the loss of any judicial redress to which you may be entitled.

It is important to note that 29 C.F.R. § 1614.410 states that "[f]iling a civil action under §§ 1614.408 or 1614.409 shall terminate Commission processing of the appeal. If private suit is filed subsequent to the filing of an appeal, the parties are requested to notify the Commission in writing."

Sincerely,

*Hattie P. Baldwin*

Hattie P. Baldwin, Esq.
Director

Enclosures (4)

1.    EEOC Appeal Form 573
2.    U.S. Department of Labor letter to Complainant,
         dated October 10, 1997
3.    Letter from Complainant to Agency,
         dated November 6, 1997
4.    FAXED Messages from Complainant to Agency,
         dated December 12, 1997 and February 27, 1998

cc:    Management's Representative