# EXHIBIT 10

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Office of Federal Operations
P.O. Box 19848
Washington, D.C. 20036

rcvd 6·26·99

Rose M. Dews-Miller
Appellant,

v.

Joseph D. Duffey,
Director,
United States Information Agency,
Agency.

Appeal No. 01983674
Agency No. OCR-9615

DECISION

INTRODUCTION

Appellant filed an appeal with this Commission from a final agency decision (FAD) concerning her complaint of unlawful employment discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq. The final agency decision was dated March 6, 1998. The appeal was postmarked on April 8, 1998. The timely[1] appeal, therefore, is accepted in accordance with EEOC Order No. 960.001, as amended.

ISSUES PRESENTED

The issues are whether the agency properly dismissed an allegation of appellant's complaint for mootness, and also whether the agency properly denied EEO Counseling for other allegations, separate from appellant's complaint, for asserting the same claim as the allegation in appellant's complaint.

BACKGROUND

In her formal complaint, dated March 28, 1996, appellant alleged discrimination on the basis of reprisal (prior EEO complaints). In one of her allegations, appellant asserted that the agency discriminated against her when she was placed on Absence Without Leave (AWOL)(Allegation 3). In the FAD, the agency partially dismissed appellant's complaint. Specifically, the agency dismissed Allegation 3 for mootness. The agency stated that appellant alleged that:

[1] The agency did not supply a copy of a certified mail return receipt or any other material capable of establishing the date appellant received the FAD. Since the agency failed to submit evidence of the date of receipt, the Commission presumes that appellant's appeal was filed within thirty (30) days of receipt of the agency's final decision. See 29 C.F.R. §1614.402(a).

Attachmt 1
Pg 1 of 8

Exhibit 5-3

> From September 5, 1995 through November 24, 1995, [she was] placed on [AWOL] for a work injury. [She] reported the work injury to [her] immediate supervisors (Rating and Reviewing Officers), pursuant to MOA, Part V-A, Section 506.3(c)(1). However, the Management Official who placed [her] on AWOL was not [her] supervisor at the time of the work injury.

The agency dismissed this allegation as moot because: 1) there was no reasonable expectation that the alleged violations would recur; and 2) the agency eradicated the effects of the alleged violation because it issued appellant a disability check covering her wages from October 4, 1995 to November 26, 1995 and a payment was pending, awaiting a form from appellant, for her wages from August 21, 1995 through October 3, 1995.

In the FAD, the agency also denied EEO Counseling for separate allegations (Allegations A through F) brought by the appellant. According to the agency, appellant requested EEO counseling, by letters dated November 6, 1997 and by faxed messages dated December 12, 1997 and February 27, 1998, for the same work injury claim as discussed in Allegation 3. The FAD concluded, therefore, that Allegations A through F stated the same claim as Allegation 3, which was processed in accordance with EEOC Regulations, and, therefore, denied appellant's request for counseling on Allegations A through F. This appeal followed.

Appellant's November 6, 1997 letter, as contained in the record, requests EEO counseling on the following matters:

> a) continued and continuous harassment by [A-1, an employee in the Office of Human Resources,] and others, who participated in creating a "hostile environment" in any personnel action, benefit, and entitlement for [her]self after filing prior EEO complaints (Allegation A); b) invasion of [her] personal medical records obtained from the Office of Worker's Compensation Programs (OWCP) and then communicated to others in USIA who had no right to their contents (Allegation B); c) withholding essential records from OWCP from November 1995 to January 1997, which caused an unwarranted delay in the processing of [her] claim (Allegation C); d) failure of A-1 to correct [her] earnings and leave statements to reflect C.O.P. instead of A.W.O.L. (Allegation D); e) [A-1]'s illegal and unethical discussion of [her] medical files with other unqualified persons in USIA (Allegation E); f)

AttachmT 1
Pg. 2 of 8

> [Her] non-accumulation[2] under the Rehabilitation Act of 1973,...which requires federal agencies to develop and implement plans for the hiring, placement, promotion and retention of persons with disabilities (Allegation F).

ANALYSIS AND FINDINGS

EEOC Regulation 29 C.F.R. §1614.107(e) allows for the dismissal of a complaint or allegations therein when the issues raised are moot. To determine whether the issues raised in appellant's complaint are, in fact, moot, it must be ascertained: (1) if it can be said with assurance that there is no reasonable expectation that the alleged violation will recur; and (2) if interim relief or events have completely and irrevocably eradicated the effects of the alleged discrimination. When such circumstances exist, no relief is available and no need for a determination of the rights of the parties is presented. See Hill v. United States Postal Service, EEOC Request No. 05960289 (January 16, 1997)(citing County of Los Angeles v. Davis, 440 U.S. 625, 631 (1979)).

We disagree with the agency's conclusion that Allegation 3 is moot. The agency reimbursed appellant for wages lost during the period that she was placed on AWOL. They have not, however, completely and irrevocably eradicated the effects of the discrimination because they have not shown that the AWOL has been expunged from her records. We find, therefore, that appellant's Allegation 3 is not moot.

EEOC Regulation 29 C.F.R. §1614.107(a) provides that the agency shall dismiss a complaint or a portion of a complaint that states the same claim that is pending before or has been decided by the agency or Commission.

We find that the agency improperly denied appellant the counseling that she requested in her November 6, 1997 letter. All employees of an agency have a right to counseling when they feel that they have been discriminated against. The agency, at the pre-counseling stage, may not dismiss a matter on which an employee seeks counseling on the grounds that it states the same claim as a matter pending before the agency. EEOC Regulation 1614.107(a) does not contemplate such a determination by the agency until after a formal complaint has been filed. In the instant case, the agency was

---

[2] Appellant provides no explanation of this term in her letter, nor can an explanation of the phrase be found in the record.

Attachmt 1
Pg 3 of 8

incorrect to deny counseling on the matters raised by appellant's letter.[3]

CONCLUSION

It is the decision of the Commission to REVERSE the FAD and to REMAND appellant's complaint in accordance with this decision and the applicable regulations. For timeliness purposes, the date that the November 6, 1997 letter was received by the agency should be considered the date that appellant initially sought counseling on Allegations A through F.

ORDER (E1092)

The agency is ORDERED to provide appellant with EEO Counseling for Allegations A, B, C, E and F. The agency shall allow appellant to file a formal complaint on the aforementioned allegations after they have been counseled. In accordance with 29 C.F.R. §1614.107, the agency shall issue a final agency decision if it determines that any of the allegations warrant dismissal.

The agency is ORDERED to process the Allegation 3 in accordance with 29 C.F.R. §1614.108. The agency shall acknowledge to the appellant that it has received the remanded allegation within thirty (30) calendar days of the date this decision becomes final. The agency shall issue to appellant a copy of the investigative file and also shall notify appellant of the appropriate rights within one hundred fifty (150) calendar days of the date this decision becomes final, unless the matter is otherwise resolved prior to that time. If the appellant requests a final decision without a hearing, the agency shall issue a final decision within sixty (60) days of receipt of appellant's request.

A copy of the agency's letter of acknowledgment to appellant and a copy of the notice that transmits the investigative file and notice of rights must be sent to the Compliance Officer as referenced below.

IMPLEMENTATION OF THE COMMISSION'S DECISION (K0595)

Compliance with the Commission's corrective action is mandatory. The agency shall submit its compliance report within thirty (30) calendar days of the completion of all ordered corrective action. The report shall be submitted to the Compliance Officer, Office of Federal Operations, Equal Employment Opportunity Commission, P.O.

---

[3] We do note, however, that Allegation D relates to Allegation 3 and therefore would be covered under the complaint issued herein.

Attachmt 1
Pg 4 of 8

Box 19848, Washington, D.C. 20036. The agency's report must contain supporting documentation, and the agency must send a copy of all submissions to the appellant. If the agency does not comply with the Commission's order, the appellant may petition the Commission for enforcement of the order. 29 C.F.R. § 1614.503 (a). The appellant also has the right to file a civil action to enforce compliance with the Commission's order prior to or following an administrative petition for enforcement. See 29 C.F.R. §§ 1614.408, 1614.409, and 1614.503 (g). Alternatively, the appellant has the right to file a civil action on the underlying complaint in accordance with the paragraph below entitled "Right to File A Civil Action." 29 C.F.R. §§ 1614.408 and 1614.409. A civil action for enforcement or a civil action on the underlying complaint is subject to the deadline stated in 42 U.S.C. §2000e-16(c)(Supp. V 1993). If the appellant files a civil action, the administrative processing of the complaint, including any petition for enforcement, will be terminated. See 29 C.F.R. § 1614.410.

STATEMENT OF RIGHTS - ON APPEAL

RECONSIDERATION (M0795)

The Commission may, in its discretion, reconsider the decision in this case if the appellant or the agency submits a written request containing arguments or evidence which tend to establish that:

1. New and material evidence is available that was not readily available when the previous decision was issued; or

2. The previous decision involved an erroneous interpretation of law, regulation or material fact, or misapplication of established policy; or

3. The decision is of such exceptional nature as to have substantial precedential implications.

Requests to reconsider, with supporting arguments or evidence, MUST BE FILED WITHIN THIRTY (30) CALENDAR DAYS of the date you receive this decision, or WITHIN TWENTY (20) CALENDAR DAYS of the date you receive a timely request to reconsider filed by another party. Any argument in opposition to the request to reconsider or cross request to reconsider MUST be submitted to the Commission and to the requesting party WITHIN TWENTY (20) CALENDAR DAYS of the date you receive the request to reconsider. See 29 C.F.R. §1614.407. All requests and arguments must bear proof of postmark and be submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, D.C. 20036. In the absence of a legible postmark, the request to reconsider shall be deemed filed on the date it is received by the Commission.

Attachmt 1
Pg 5 of 8

Failure to file within the time period will result in dismissal of your request for reconsideration as untimely. If extenuating circumstances have prevented the timely filing of a request for reconsideration, a written statement setting forth the circumstances which caused the delay and any supporting documentation must be submitted with your request for reconsideration. The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. See 29 C.F.R. §1614.604(c).

RIGHT TO FILE A CIVIL ACTION (R0993)

This is a decision requiring the agency to continue its administrative processing of your complaint. However, if you wish to file a civil action, you have the right to file such action in an appropriate United States District Court. It is the position of the Commission that you have the right to file a civil action in an appropriate United States District Court WITHIN NINETY (90) CALENDAR DAYS from the date that you receive this decision. You should be aware, however, that courts in some jurisdictions have interpreted the Civil Rights Act of 1991 in a manner suggesting that a civil action must be filed WITHIN THIRTY (30) CALENDAR DAYS from the date that you receive this decision. To ensure that your civil action is considered timely, you are advised to file it WITHIN THIRTY (30) CALENDAR DAYS from the date that you receive this decision or to consult an attorney concerning the applicable time period in the jurisdiction in which your action would be filed. In the alternative, you may file a civil action AFTER ONE HUNDRED AND EIGHTY (180) CALENDAR DAYS of the date you filed your complaint with the agency, or filed your appeal with the Commission. If you file a civil action, **YOU MUST NAME AS THE DEFENDANT IN THE COMPLAINT THE PERSON WHO IS THE OFFICIAL AGENCY HEAD OR DEPARTMENT HEAD, IDENTIFYING THAT PERSON BY HIS OR HER FULL NAME AND OFFICIAL TITLE.** Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. **Filing a civil action will terminate the administrative processing of your complaint.**

RIGHT TO REQUEST COUNSEL (Z1092)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. See Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq.; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§791, 794(c). **The grant or denial of the request is within the sole discretion of the Court.** Filing a

Attachmt 1
Pg 6 of 8

request for an attorney does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File A Civil Action").

FOR THE COMMISSION:

JUN 23 1999

Date

Carlton M. Hadden

Carlton M. Hadden, Acting Director
Office of Federal Operations

Attachmt 1
Pg 7 of 8



EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Office of Federal Operations
P.O. Box 19848
Washington, D.C. 20036

recd 6·25·99

JUN 24 199_

US Information Agcy
Deputy Dir., EEO
301 4th St., S.W. Rm.365
Washington, DC 20547

REF: Compliance #: 06991487
Appeal # : 01983674
Agency # : OCR9615
Dews-Miller v. US Information Agcy

Dear Sir/Madam:

The Commission's decision in appeal number 01983674 directed your agency to take corrective action related to the appellant's complaint. This letter is to inform you that your compliance with that decision will be monitored under the tracking number cited above. Please submit your compliance ~~report to Charlotte Kelton , Compliance Officer, at the above address,~~ and use this tracking number in all related correspondence.

Your report must be in writing. It should enumerate each of the actions taken as ordered and include appropriate supporting documentation, e.g. copies of personnel action forms, copies of posted notices, copies of documents effecting any payments, etc. If backpay was included in our decision, your report should also include the computations and a summary of calculations as well as deductions. A copy of your report must be sent to the appellant.

Your cooperation in this matter will be greatly appreciated.

Sincerely,

William J. Bartlett
Director
Compliance and Control Division

cc: Rose M Dews-Miller
C/O J Pratt
6713 Harwood Pl
Springfield, VA 22152-2419

AttachmT 1
Pg 8 of 8