# EXHIBIT 12

JOHN D. PRATT    6713 HARWOOD PLACE    SPRINGFIELD, VA. 22152-2419

AUGUST 23, 2000

Director, Office of Equal              CERTIFIED MAIL NO.
Employment Opportunity and Civil Rights 7099-3400-0001-9469-2845
U. S. Department of State
Washington, D.C. 20520-4216

Subject: Filing a Formal Complaint under the provisions of 29 C.F.R. 1614 for Rose Dews-Miller.

Ref: E.E.O.C. Letter dated August 11, 2000

The referenced E.E.O.C. letter answers no questions about the complaint filed with the now defunct U.S.I.A. All it does is add more confusion to a long standing series of complaints filed against numerous U.S.I.A. management officials, who transferred to State and are still considered to be hostile to Complainant.

I do not think you require a further notice from Complainant that I am her Representative, however, I will have her prepare a "new" statement to that effect.(Attachment 1)

PLEASE NOTE THAT THIS IS THE FILING OF A FORMAL COMPLAINT AGAINST THE ACTIONS OF FORMER U.S.I.A. EMPLOYEES, NOW AT THE DEPARTMENT OF STATE. IT IS A CONTINUANCE OF U.S.I.A. OCR-96-15R, UPON WHICH STATE HAS TAKEN NO, REPEAT NO ACTION.

As Complainant's Representative, I have questions about the E.E.O.C. letter and the absence of documentation we had expected from the "Counseling":

- Complainant was not contacted by Karen Swilling during her "efforts" to resolve this matter informally.

- There was no Counselor's Report outlining who was contacted and what they had to say about this complaint.

- The documentation provided indicates this formal complaint is to be filed against E.E.O.C., not State, as the successor to problems created by U.S.I.A. managers and supervisors.

- Counselor's letter to Representative is dated August 11, was postmarked, probably in the E.E.O.C. mail room on August 11 and received by me on August 17, 2000.

- Counselor's "COPY" to Complainant was dated August 8, 2000, postmarked August 9, 2000, and received August 11, 2000.

- Counselor's "COPY" indicated Representative's copy was sent by CERTIFIED MAIL No. Z 302-092-794, yet on Representative's copy the certified mail no. was "blocked out", the front of the envelope "notice" was removed along with the "return receipt card that had been attached to the envelope back.

Attachmt 3
Pg 1 of 2

Exhibit 5-5

JOHN D. PRATT   6713 HARWOOD PLACE   SPRINGFIELD, VA. 22152-2419

AUGUST 23, 2000

Ref:   E.E.O.C. Letter dated August 11, 2000

    I have included copies of the August 8th. and 11th. letters as Attachment 2 and Attachment 3 for your perusal and to aid in your efforts to explain these differences.
    We can only believe that the same "illegal", "cover-up", "behind our backs", "off-the-record" and "under-the-table" actions we have seen and suffered with at the hands of U.S.I.A. now involve State Department and E.E.O.C. officials.
    We also need the following questions answered to enable a proper filing of another complaint, THIS TIME AGAINST STATE, IF your answers fail to address our concerns.
    We have played this game by the rules outlined in 29 C.F.R. 1614, but we are getting tired of the "run-around" we have gotten from U.S.I.A. for so many years, to which we now add State and, to our amazement staff from the E.E.O.C. itself.
    To recap the history of this single complaint, I offer the following:

- One thousand and eleven days (1011) have gone by since we requested U.S.I.A. provide a counselor for this complaint. The request was filed on November 6, 1997, and I got the letter from Counselor Swilling on August 17, 2000.

- Four hundred and nine days have gone by since we received the June 23, 1999, E.E.O.C. letter ORDERING U.S.I.A. to provide a counselor for this particular complaint.

- One hundred and two days have gone by since we had a very brief "session" with Counselor Swilling. At which time we expected to get a fair and unbiased "light" on Complainant's long standing problems with U.S.I.A. management officials. At that meeting, we provided Counselor Swilling a multi-page chronological history of this long running search for justice under the provisions of 29 C.F.R. 1614.

    How much longer will we have to wait for the process to work as it should? How many more "officials" at State and E.E.O.C. are going to contribute to this problem, instead of working toward a solution to the problems that have been dumped on Dews-Miller?

                        Sincerely,

                          /S/

                        John D. Pratt,
                        Representative

enclosures: Three, as stated

*AttachmT 3*
*Pg. 2 of 2*

October 30, 2000

United States Department of State
Office of Equal Employment Opportunity
 And Civil Rights
Washington, DC 20520-4216

Attention:   Hattie P. Baldwin, Deputy Director

Subject: Baldwin's Letter dated October 13, 2000 and received October 17, 2000

      REFERENCE:   EEOC Appeal No. 01983674
                              EEOC Appeal No. 06991487
                              EEO No. 00-19   (USIA No. OCR-96-15R)

As stated in *29 C.F.R. 1614.106(d)*, this is an amendment to my formal complaint filed with your office on August 23, 2000 by Mr. John D. Pratt on my behalf. Rose M. Dews Miller files this formal compliant pro se on 10/30/00.

1. Complainant:   *Rose M. Dews Miller*
   Address:   *Post Office Box 863*
                   *Clinton, MD 20735-0863*

2. Representative's Name:   John D. Pratt
   Representative's Address:   6713 Harwood Place
                                  Springfield, VA 22152-2419
   Representative's Telephone Number:   (703) 569-1944

3. Name of Agency/Office Complaint Filed Against:

   The former U.S. Information Agency's Office of Equal Employment Opportunity and Civil Rights, (USIA/OCR), Washington, DC 20547:
       Employees of USIA/OCR were    a. Hattie P. Baldwin, Director
                                                  b. Delia Johnson, Deputy Director
   The former U.S. Information Agency's Office of Human Resources, (USIA/MHR), Washington, DC 20547:
       Employees of USIA/MHR were    c. Jenni Mallios, Personnel Mgmt Spec.
                                                  d. Janice Brambrilla, Director of Personnel
                                                  e. Janet R. Davis, Supv. Personnel Spec.
                                                  f. Blanche Twardowski, Supv. Personnel Spec.

*Exhibit 2*
*Pg 1 of 12*

Exhibit 5-2

Formal Complaint
Page Two
Dated: October 30, 2000

3.  Name of EEO Office Complaint Filed Against: (continued)

   The former U.S. Information Agency's Office of Inspector General, (USIA/OIG), Washington, DC 20547:
   Employees of USIA/OIG were
   g.  Marian C. Bennett, Inspector General
   h.  Renee' DeVigne, OIG Attorney
   i.  Ann Young, Supv. Management Analyst
   j.  Darwin Roberts, Supv. Management Analyst
   k.  Louis Leporatti, Executive Assistant
   l.  J. Richard Berman, AIG for Audit
   m.  John Sinclair, AIG for Investigations

   The former U.S. Information Agency's Office of General Counsel, (USIA/GC), Washington, DC 20547:
   Employees of USIA/GC were
   n.  Les Jin, General Counsel
   o.  R. Wallace Stewart, Dep. General Counsel
   p.  Carol Epstein, Asst. General Counsel
   q.  Richard Werksman, Asst. General Counsel
   r.  Lorie Neumuberg, Asst. General Counsel

   The former U.S. Information Agency's Office of Comptroller, (USIA/MC), Washington, DC 20547:
   Employees of USIA/MC were
   s.  Stanley Silverman, Agency Comptroller
   t.  Eva Diekman, Supv. Budget Analyst
   u.  Carol Keith, Budget Analyst

Exhibit 2
Pg. 2 of 12

Formal Complaint
Page Three
Dated: October 30, 2000


4.  **Date on Which Most Recent Alleged Discrimination Took Place:**
    <u>November 6, 1997 to Present</u>

5.  **Check Below Why You Believe You Were Discriminated Against.**

    ☐ RACE (State Your Race)         ☐ COLOR (State Your Color)

    ☐ RELIGION (State Your Religion)   ☐ NATIONAL ORIGIN (State Your National Origin)

    ☐ SEX (State Your Sex)           ☒ AGE (State Your Age, and Date of Birth) _Age 46  DOB. 3/18/54_

    ☒ DISABLITY (State The Nature of Your Disability) _On the Job injury effective 7/10/95._
    _OWCP File # A25-0470-961_

    ☒ RETALIATION/REPRISAL (Explain Connection with the EEO Process, Title VII or ADEA)

    29 C.F.R.§1614.101(b) states "No person shall be subject to retaliation for opposing any practice made unlawful by Title VII of the Civil Rights Act".

    On November 6, 1997, I filed prior EEO complaints against the former U.S. Information Agency, which included, but not limited to:
    1) USIA/Office of Inspector General's non-hiring of African-Americans in Auditor positions from December 1987 to April 1993 based on RACE, SEX, RETALIATION under the leadership of George Murphy;
    2) USIA/Office of Inspector General's Darwin D. Roberts and Louis J. Leporatti under the leadership of George Murphy and Terance Shea's discriminatory involvement based on RETALIATION due to their issuance of my May 1, 1992 to April 30, 1993 Performance Evaluation from my normal receipt of "Highly Successful" to "Fully Successful";
    3) USIA/Office of Inspector General's Darwin D. Roberts and Louis J. Leporatti under the leadership of Marian C. Bennett's discriminatory involvement based on RETALIATION due to their issuance of my May 1, 1993 to April 30, 1994 Performance Evaluation from my normal receipt of "Highly Successful" to "Fully Successful":

Exhibit 2
Pg. 3 of 12

Formal Complaint
Page Four
Dated: October 30, 2000

 **RETALIATION/REPRISAL (Explain Connection with the EEO Process, Title VII or ADEA)   {CONTINUED}**

4) USIA/Office of Inspector General's Darwin D. Roberts and Louis J. Leporatti under the leadership of Marian C. Bennett's discriminatory involvement based on RETALIATION due to their issuance of my May 1, 1994 to January 30, 1995 Performance Evaluation from my normal receipt of "Highly Successful" to "Minimally Successful":

5) USIA/Office of the Comptroller's Carol Keith and Eva Diekmann under the leadership of Stanley M. Silverman's discriminatory involvement based on RETALIATION due to their issuance of my February 1, 1995 to July 31, 1995 Performance Evaluation from my normal receipt of "Highly Successful" to "Minimally Successful or UnSuccessful":

6) USIA/Office of Inspector General's Ann Young under the leadership of Marian C. Bennett's discriminatory involvement based on RETALIATION due to their denial of my Within Grade Increase, (WGI) from GS-341-11/04 to GS-341-11/05 on September 25, 1995, WGI effective late October/Early November 1995, but I was not notified until November 13, 1995, well after the effective date of the WGI. Federal Personnel regulations require proper notice to the employee prior to taking adverse actions:

7) USIA/Office of Inspector General's Ann Young under the leadership of Marian C. Bennett's discriminatory involvement based on RETALIATION due to their placement of me on Absence Without Leave, (AWOL), from September 1, 1995 to November 26, 1995 after a work injury on July 10, 1995. Again, I was not notified of this ADVERSE ACTION until after the fact. Federal Personnel regulations require proper notice to the employee prior to taking adverse actions:

8) 29 C.F.R.§1614.109(c)(2) states "Any time after the parties have received notice that an administrative judge has been appointed to conduct a hearing, but not later than 30 days prior to the hearing, the agency may make an offer of resolution to the complainant, whether represented by an attorney or not."
USIA/GC-Carol Epstein along with EEOC/ALJ Samuel Tietleman violated this citation on January 18-19, 1995, when EEOC/ALJ

Exhibit 2
Pg. 4 of 12

Formal Complaint
Page Five
Dated: October 30, 2000

    ☒ **RETALIATION/REPRISAL (Explain Connection with the EEO Process, Title VII or ADEA)    {CONTINUED}**

        Tietleman denied Rose M. Dews Miller of her constitutional right to an EEOC hearing. ALJ Tietleman sent my witnesses back to work, informing them that there would be a settlement and no hearing would take place, even Tietleman ordered the Court Reporter to turn off the transcript machine and not to record what he was saying.

    9) 29 C.F.R.§1614.109(g)(3) states "If the administrative judge determines upon his or her own initiative that some or all facts are not in genuine dispute, he or she may, after giving notice to the parties and providing them an opportunity to respond in writing within 15 calendar days, issue an order limiting the scope of the hearing or issue findings and conclusions without holding a hearing."
Here again, USIA/GC-Carol Epstein along with EEOC/ALJ Samuel Tietleman violated this citation on January 18-19, 1995, when EEOC/ALJ Tietleman denied Rose M. Dews Miller of her constitutional right to an EEOC hearing. ALJ Tietleman sent my witnesses back to work, informing them that there would be a settlement and no hearing would take place, even Tietleman ordered the Court Reporter to turn off the transcript machine and not to record what he was saying.

    10) 29 C.F.R.§1614.109(h) states "Record of hearing. The hearing shall be recorded and the agency shall arrange and pay for verbatim transcripts. All documents submitted to, and accepted by, the administrative judge at the hearing shall be made part of the record of the hearing. If the agency submits a document that is accepted, it shall furnish a copy of the document to the complainant. If the complainant submits a document that is accepted, the administrative judge shall make the document available to the agency representative for reproduction."
Here again, USIA/GC-Carol Epstein along with EEOC/ALJ Samuel Tietleman violated this citation on January 18-19, 1995, when EEOC/ALJ Tietleman denied Rose M. Dews Miller of her constitutional right to an EEOC hearing. ALJ Tietleman sent my witnesses back to work, informing them that there would be a settlement and no hearing would take place, even Tietleman ordered the Court Reporter to turn off the transcript machine and not to record what he was saying.

*Exhibit 2*
*Pg. 5 of 12*

Formal Complaint
Page Six
Dated: October 30, 2000

6. EXPLAIN HOW YOU WERE DISCRIMINATED AGAINST (Treated differently than other employees or applicants) BECAUSE OF YOUR COLOR, RACE, RELIGION, SEX, NATIONAL ORIGIN, AGE OR DISABILITY, OR BECAUSE OF RETALIATION/REPRISAL. WHAT ACTION WAS TAKEN AGAINST YOU THAT YOU BELIEVE TO BE DISCRIMINATORY? WHAT HARM, IF ANY, WERE YOUR SUBJECTED TO IN YOUR WORK SITUATION AS A RESULT OF THAT ACTION?

### 1. ELEMENTS OF RETALIATION/REPRISAL

a) PROTECTED ACTIVITY - OPPOSITION TO DISCRIMINATION OR PARTICIPATION IN COVERED PROCEEDINGS:

29 C.F.R.§1614.101(b) states "No person shall be subject to retaliation for opposing any practice made unlawful by Title VII of the Civil Rights Act." Rose M. Dews Miller participated in the Title VII process at the former U.S. Information Agency for over 20 years.

b) ADVERSE ACTION:

Hattie Baldwin, former USIA Director, Office of Civil Rights defaulted on EEOC's Decision Appeal No. 01983674 and Agency No. OCR-9615, dated June 23, 1999.

c) CAUSAL CONNECTION BETWEEN THE PROTECTED ACTIVITY AND THE ADVERSE ACTION:

Because Hattie Baldwin, along with other high level officials at the former U.S. Information Agency denied complainant her right to relief, complainant suffers emotional distress and was discharged from her job effective December 9, 1996. Additionally complainant has been denied promotions, job benefits, and With-In Grade Increases. Complainant was threaten, intimidated, harassed, given negative evaluations, and other forms of adverse actions for participating in the Title VII process at the U. S. Information Agency.

On April 25, 2000, EEOC counselor, Karen Swillings was provided a 24-page document that was a chronological listing of events former

Exhibit 2
Pg 6 of 12

Formal Complaint
Page Seven
Dated: October 30, 2000

    USIA high-level officials took against Rose M. Dews Miller. This chronological listing provides a time line between the adverse actions and the causal connection between the protected activity of Rose M. Dews Miller filing prior EEO complaints, filing charges, testifying, assisting, or participating in any manner in an investigation, proceeding, or hearing under the applicable statute (the "participation" clause).

### 2. ELEMENTS OF RETALIATION/REPRISAL

d)    **PROTECTED ACTIVITY - OPPOSITION TO DISCRIMINATION OR PARTICIPATION IN COVERED PROCEEDINGS:**

29 C.F.R.§1614.109(c)(2) states "Any time after the parties have received notice that an administrative judge has been appointed to conduct a hearing, but not later than 30 days prior to the hearing, the agency may make an offer of resolution to the complainant, whether represented by an attorney or not."
USIA/GC-Carol Epstein along with EEOC/ALJ Samuel Tietleman violated this citation on January 18-19, 1995, when EEOC/ALJ Tietleman denied Rose M. Dews Miller of her right to an EEOC hearing. ALJ Tietleman sent my witnesses back to work, informing them that there would be a settlement and no hearing would take place, even Tietleman ordered the Court Reporter to turn off the transcript machine and not to record what he was saying.

e)    **ADVERSE ACTION:**

ALJ Tietleman and former USIA high-level officials, including but not limited to Hattie Baldwin, Marian Bennett, Renee DeVigne, Carol Epstein, Stanley Silverman, Jenni Mallios and Janice Brambrilla denied plaintiff her right to a hearing.

f)    **CAUSAL CONNECTION BETWEEN THE PROTECTED ACTIVITY AND THE ADVERSE ACTION:**

Because Hattie Baldwin, along with other high level officials at the former U.S. Information Agency denied complainant her right to an EEOC hearing, complainant suffers emotional distress and was discharged from her job effective December 9, 1996. Additionally complainant was denied promotions, job benefits, and With-In Grade

*Exhibit 2*
*Pg. 7 of 92*

Formal Complaint
Page Eight
Dated: October 30, 2000

Increases. Complainant was threaten, intimidated, harassed, given negative evaluations, and other forms of adverse actions for participating in the Title VII process at the U. S. Information Agency.

On April 25, 2000, EEOC counselor, Karen Swillings was provided a 24-page document that was a chronological listing of events former USIA high-level officials took against Rose M. Dews Miller. This chronological listing provides a time line between the adverse actions and the causal connection between the protected activity of Rose M. Dews Miller filing prior EEO complaints, filing charges, testifying, assisting, or participating in any manner in an investigation, proceeding, or hearing under the applicable statute (the "participation" clause).

### 3. ELEMENTS OF RETALIATION/REPRISAL

g)   **PROTECTED ACTIVITY - OPPOSITION TO DISCRIMINATION OR PARTICIPATION IN COVERED PROCEEDINGS:**

29 C.F.R.§1614.109(g)(3) states "If the administrative judge determines upon his or her own initiative that some or all facts are not in genuine dispute, he or she may, after giving notice to the parties and providing them an opportunity to respond in writing within 15 calendar days, issue an order limiting the scope of the hearing or issue findings and conclusions without holding a hearing." ALJ denied plaintiff an EEOC hearing.

h)   **ADVERSE ACTION:**

USIA/GC-Carol Epstein along with EEOC/ALJ Samuel Tietleman violated this citation on January 18-19, 1995, when EEOC/ALJ Tietleman denied Rose M. Dews Miller of her right to an EEOC hearing. ALJ Tietleman sent my witnesses back to work, informing them that there would be a settlement and no hearing would take place, even Tietleman ordered the Court Reporter to turn off the transcript machine and not to record what he was saying.

Exhibit 2
Pg. 8 of 12

Formal Complaint
Page Nine
Dated: October 30, 2000

    i)    **CAUSAL CONNECTION BETWEEN THE PROTECTED ACTIVITY AND THE ADVERSE ACTION:**

Because Hattie Baldwin, along with other high level officials at the former U.S. Information Agency denied complainant her right to an EEOC hearing, complainant suffers emotional distress and was discharged from her job effective December 9, 1996. Additionally complainant was denied promotions, job benefits, and With-In Grade Increases. Complainant was threaten, intimidated, harassed, given negative evaluations, and other forms of adverse actions for participating in the Title VII process at the U. S. Information Agency.

On April 25, 2000, EEOC counselor, Karen Swillings was provided a 24-page document that was a chronological listing of events former USIA high-level officials took against Rose M. Dews Miller. This chronological listing provides a time line between the adverse actions and the causal connection between the protected activity of Rose M. Dews Miller filing prior EEO complaints, filing charges, testifying, assisting, or participating in any manner in an investigation, proceeding, or hearing under the applicable statute (the "participation" clause).

### 4. ELEMENTS OF RETALIATION/REPRISAL

    j)    PROTECTED ACTIVITY - OPPOSITION TO DISCRIMINATION OR PARTICIPATION IN COVERED PROCEEDINGS:

29 C.F.R.§1614.109(h) states "Record of hearing. The hearing shall be recorded and the agency shall arrange and pay for verbatim transcripts. All documents submitted to, and accepted by, the administrative judge at the hearing shall be made part of the record of the hearing. If the agency submits a document that is accepted, it shall furnish a copy of the document to the complainant. If the complainant submits a document that is accepted, the administrative judge shall make the document available to the agency representative for reproduction." ALJ denied plaintiff her right to a hearing.

Exhibit 2
Pg. 9 of 12

Formal Complaint
Page Ten
Dated: October 30, 2000

    k)    **ADVERSE ACTION:**

Complainant issued settlement agreement drafted by OIG-Renee DeVigne' on January 18, 1995 in lieu of her right to an EEOC hearing.

    l)    **CAUSAL CONNECTION BETWEEN THE PROTECTED ACTIVITY AND THE ADVERSE ACTION:**

Because Hattie Baldwin, along with other high level officials at the former U.S. Information Agency denied complainant her right to an EEOC hearing, complainant suffers emotional distress and was discharged from her job effective December 9, 1996. Additionally complainant was denied promotions, job benefits, and With-In Grade Increases. Complainant was threaten, intimidated, harassed, given negative evaluations, and other forms of adverse actions for participating in the Title VII process at the U. S. Information Agency.

## BACKGROUND

Hattie Baldwin, former Director of USIA's Office of Civil Rights, was notified of the U.S. Equal Employment Opportunity Commission's DECISION Letter, dated June 23, 1999, signed by Carlton M. Hadden, Acting Director, Officer of Federal Operations, on or about June 23, 1999. (Copy attached)

From Hattie Baldwin's date of receipt of the November 6, 1997, written request from Rose M. Dews Miller's request to provide an EEO counselor for processing of a complainant and including EEOC DECISION. Appeal No. 01983674 and Agency No. OCR-96-15, dated June 23, 1999. Baldwin has stalled the processing, action, relief, etc. in which state the

### "ORDER (E1092)

The agency is ORDERED to provide appellant with EEO Counseling for Allegations A, B, C, E and F. The agency shall allow appellant to file a formal complaint on the aforementioned allegations after they have been counseled. In accordance with 29 C.F.R. §1614.107, the agency shall issue a final agency decision if it determines that any of the allegations warrant dismissal.

Exhibit 2
Pg. 10 of 12

Formal Complaint
Page Eleven
Dated: October 30, 2000

The agency is ORDERED to process the Allegation 3 in accordance with 29 C.F.R. §1614.108. The agency shall acknowledge to the appellant that it has received and remanded allegation within thirty (30) calendar days of the date this decision becomes final. The agency shall issue to appellant a copy of the investigative file and also shall notify appellant of the appropriate rights within one hundred fifty (150) calendar days of the date this decision becomes final, unless the matter is otherwise resolved prior to that time. If the appellant requests a final decision without a hearing, the agency shall issue a final decision within sixty (60) days of receipt of appellant's request.

A copy of the agency's letter of acknowledgment to appellant and a copy of the notice that transmits the investigative file and notice of rights must be sent to the Compliance Officer as referenced below.

### IMPLEMENTATION OF THE COMMISSION'S DECISION (K0595)

Compliance with the Commission's corrective action is mandatory. The agency shall submit its compliance report within thirty (30) calendar days of the completion of all ordered corrective action. The report shall be submitted to the Compliance Office, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Failure to file within the time period will result in dismissal of your request for reconsideration as untimely. If extenuating circumstances have prevented the timely filing of a request for reconsideration, a written statement setting forth the circumstances which caused the delay and any supporting documentation must be submitted with your request for reconsideration. The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. See 29 C.F.R. §1614.604(c)."

The former U.S. Information Agency involved itself in continued and continuous retaliatory acts against Rose Mary Dews Miller in her knowledge of wrong doings in the Office of Inspector General, Office of Civil Rights, Office of Human Resources, Office of the Comptroller and the Office of General Counsel's attempt to cover-up the Agency's wrong doings with OSC, MSPB, EEOC, Federal Courts, FBI and Department of Justice from December 1987 to present.

Respectfully Submitted,

*Rose M. Dews Miller*

Rose M. Dews Miller

Exhibit 2
Pg. 11 of 12

The following are the attachments enclosed with this formal complainant to Hattie Baldwin, U.S. Department of State, Washington, D.C.  20520-4216.

1. EEOC's Final Decision Letter dated 6/23/99             8 pages

2. U.S. Dept. of State's Letter dated 10/13/00            2 pages

3. Representative Pratt's letter dated 8/23/00            2 pages

4. Designation of Representative dated 8/23/00            ~~2 pages~~ 1 page (Pinoti)

5. U.S. Offers $508 Million in Sex-Bias Case,             2 pages
   By Irvin Molotsky, NYTimes on the Web,
   Dated March 23, 2000

6. Blacks in Government, Gerald Reed's 3/29/00            8 pages
   Testimony before the Committee on
   Government Reform, Subcommittee on
   Civil Service

7. Chart on Performance Evaluation Ratings at             9 pages
   USIA from 7/84 to 12/96 for Rose M.
   Dews Miller

8. Chart on USIA's Processing of OCR-96-15                4 pages
   Formal Complaint filed by Rose M.
   Dews Miller

9. Certificate of Service dated 10/30/00                  1 page

Exhibit 2
Pg. 12 of 12