# EXHIBIT 13

**United States Department of State**

*Office of Equal Employment Opportunity
and Civil Rights*

*Washington, D.C. 20520-4216*

January 26, 2001

Ms. Rose Mary Dews-Miller
c/o Mr. John Pratt
6713 Harwood Place
Springfield, VA 22152-2419

                          Re: EEOC Appeal No. 01983674
                              EEOC Appeal No. 06991387
                              EEO Case Number 00-19
                                 (USIA No. OCR-96-15R)

Dear Ms. Dews-Miller:

    This is in reference to your complaint of discrimination dated August 23, 2000.

    The Equal Employment Opportunity Commission (EEOC), in its decision on the appeal of your complaint (USIA No. OCR-96-15), dated June 23, 1999, remanded your complaint and ordered the Department to provide you with counseling for several allegations. At our request, counseling of the remanded allegations was conducted by the EEOC. Upon submission of your complaint on August 23, 2000, it was noted that you failed to specify which allegations formed the basis of your complaint. By letters dated October 13, and December 6, 2000, we requested clarification of the allegations in your complaint, in order to move forward with the processing of your complaint. Your response, dated December 21, 2000, was received in this Office on December 29, 2000.

    This is to advise that pursuant to 29 C.F.R. 1614, <u>et seq.</u>, your complaint of discrimination, dated August 23, 2000, in which you claim discrimination on the **basis of reprisal (previous EEO activity)** has been accepted for investigation and further processing.

    Based on a review of your complaint, it has been determined that the following specific allegations will be investigated:

PAGE 1 OF 7

Exhibit 3

That due to reprisal for previous EEO activity, you were discriminated against, when you were subjected to:

1. Continued and continuous harassment by an employee in the Office of Human Resources, and others, who participated in creating a "hostile environment" in any personnel action, benefit, and entitlement for you after filing prior EEO Complaints (Allegation A);

2. Invasion of your personal medical records obtained from OWCP and then communicated to others in USIA who had no right to their contents (Allegation B);

3. Withholding of essential records from OWCP from November 1995 to January 1997, which caused an unwarranted delay in processing your claim (Allegation C);

4. An employee's illegal and unethical discussion of your medical files with other unqualified persons in USIA (Allegation E); and

5. Your non-accommodation under the Rehabilitation Act of 1973 (P.L. 93-112, as amended), which requires federal agencies to develop and implement plans for the hiring, placement, promotion and retention of persons with disabilities (Allegation F).

In addition to the above, the EEOC in the June 23, 1999, Decision, ordered the Department to process Allegation No. 3 of USIA Complaint No. OCR-96-15 in accordance with 29 C.F.R. §1614.108. Accordingly, the following allegation will also be investigated:

That due to reprisal (previous EEO activity), you were discriminated against when:

From September 5, 1995 through November 24, 1995, you were placed on AWOL for a work injury. You reported the work injury to your immediate supervisors (Rating and Reviewing Officers), pursuant to MOA, Part V-A, Section 506.3(c)(1). However, the Management Official who placed you on AWOL was not your supervisor at the time of the work injury.


PAGE 2 OF 7

3

If you believe that the issues in your complaint have not been correctly identified, please notify me, in writing, within five (5) calendar days after your receipt of this letter, specifying why you believe that the issues have not been correctly identified.

This Office will use an independent contractor to conduct the investigation of this case. You will be formally contacted before the investigation is initiated.

The investigation shall be conducted in accordance with instructions provided by the Equal Employment Opportunity Commission. To that end, the Department will develop a complete and impartial factual record upon which to make a finding on the matters accepted for further processing, using a variety of investigative techniques, including but not limited to exchange of letters or memoranda, interrogatories, fact-finding conferences and other methods that efficiently and thoroughly address the matters in dispute. With regard to investigative procedures, the following stipulations apply:

- The Department, any employee of a federal agency, and you shall produce such documentary and testimonial evidence as the investigator deems necessary.

- Investigators are authorized to administer oaths. Statements of all interviewed shall be made under oath or affirmation or, alternatively, by written statement under penalty of perjury.

- When the Department or its employees, as well as you, fail without good cause shown to respond fully and in timely fashion to requests for documents, records, comparative data, statistics, affidavits, or the attendance of witness(es), the investigator will note such in the investigative record.

- Consistent with 29 C.F.R. 1614.108(f), the Department shall complete its investigation within 180 days from the filing of the complaint, or where a complaint was amended, within the earlier of 180 days after the last amendment to the complaint or 360 days after the filing of the original complaint within the time period contained in an order from the Office of Federal Operations on an appeal from a dismissal pursuant to § 1614.107. By written agreement within those time periods, the Department and you may voluntarily extend the time period for

4

not more than an additional 90 days. The Department may unilaterally extend the time period or any period of extension for not more than 30 days where it must sanitize a complaint file that may contain information classified pursuant to Executive Order No. 12356, or successor orders, as Secret in the interest of national defense or foreign policy, provided the investigating agency notified you of the extension.

- Within 180 days from the filing of the complaint, within the time period contained in an order from the Office of Federal Operations on an appeal from a dismissal, or within any period of extension provided for, the Department shall notify you that the investigation has been completed, shall provide you with a copy of the investigative file, and shall notify you that, within 30 days of receipt of the investigative file, you have the right to request a hearing and decision before an administrative judge or may receive an immediate final decision pursuant to § 1614.110 from the agency with which the complaint was filed. In the absence of the required notice, you may request a hearing at any time after 180 days has elapsed from the filing of the complaint.

- Alternatively, you may elect to file a civil action at any time after 180 days from the date you filed the complaint, provided that you have not filed an appeal and a final decision has not been issued. If you file a civil suit, you must name the proper defendant. The proper defendant for the Department of State is Colin L. Powell, Secretary of State.

During the processing of your complaint, you have the right to be accompanied, represented and advised by a representative of your own choosing.

It is requested that you keep this office informed at all times of your current address and telephone number(s) so that any correspondence for you will not be delayed. Your failure to do so could result in a recommendation to cancel your complaint.

5

Finally, your letter, dated December 21, 2000, requests that the staff of this Office recuse itself from any involvement in this matter. I find no reasonable basis to do so, and hereby deny that request.

If you need information or assistance at any stage of the processing of your complaint, you may contact Ms. Brenda Ross, of my staff, at (202) 647-9295.

         Sincerely,

         *Hattie P. Baldwin*

         Hattie P. Baldwin, Esq.
         Deputy Assistant Secretary,
          Acting


Cc:  Complainant's Representative
    EEOC Compliance Officer

```
Drafter:S/EEOCR: BRoss          01/19/01
EDITS:PCoran                    01/23/01
Clearance:S/EEOCR:JMalki    1/24/01
          Pcoran         pc 1/24/01
Document Name: Dews-millerXX  1/19/01
```

**United States Department of State**

*Office of Equal Employment Opportunity and Civil Rights*

*Washington, D.C. 20520-4216*

## NOTICE OF AUTHORIZATION

Ruth Pierce of Southwind is the authorized investigator for the Office of Equal Employment Opportunity and Civil Rights at the U. S. Department of State for EEO Case No. 00-19, Rose Mary Dews-Miller. Southwind is required to conduct a thorough review of the circumstances regarding incidents of discrimination in employment, which have been alleged by employees and applicants.

In accordance with the 29 C.F.R. Part 1614.108 (Investigations of Complaints), **Southwind** is authorized:

(1) To investigate all aspects of complaints of discrimination;

(2) To take statements under oath of affirmation without a pledge of confidentiality from any employee and/or applicant of the Department of State, whether Civil Service or Foreign Service.

(3) To receive from employees of the Department of State any documents which are relevant to the investigation.

All employees of the Department of State are required to cooperate with the investigator in the conduct of the investigation. Under the regulations issued pursuant to Section 717 of Title VII of the Civil Rights Act of 1964 (42 U.S.C. 2000e-16), Section 501 and 505 of the Rehabilitation Act of 1973 (29 U.S.C. 791 and 794{A}), Section 15 of the Age Discrimination in Employment Act of 1967 (29 U.S.C. 206{d}), any employee having knowledge of the matter complained of is required to furnish any relevant documents or testimony under oath or affirmation without a pledge of confidence.

_____  _____
Hattie P. Baldwin, Esq.     Date Authorized
Principal Deputy            6/28/01

_____  _____
Contract Investigator       Date Received
                            July 12, 2001

PAGE 1 OF 1