# EXHIBIT    14

**United States Department of State**

*Office of Equal Employment Opportunity and Civil Rights*

*Washington, D.C. 20520-4216*

November 26, 2001

Ms. Rose Mary Dews-Miller
c/o Mr. John Pratt
6713 Harwood Place
Springfield, VA  22152-2419

RE:    EEOC Appeal No. 01992980
       EEO Case No.  00-19
       (USIA No. OCR-96-15R)

Dear Ms. Dews-Miller:

Pursuant to 29 C.F.R. 1614.108 (f), this serves as notification that the investigation of your complaint of discrimination has been completed.  The Report of Investigation (ROI)[1] is enclosed for your review.

Within **30** calendar days of receipt of the ROI, you have the right to request either a hearing before an Equal Employment Opportunity Commission (EEOC) administrative judge or, pursuant to 29 C.F.R. 1614.110, to waive the hearing right and request a Final Agency Decision (FAD) from the Department of State.

Pursuant to 29 C.F.R. 1614.108 (g), to request a hearing before the EEOC you must submit a written request directly to the EEOC office identified on the enclosed procedural rights.  A copy of the request must be sent to Assistant Secretary, Office of  Civil Rights, Room 4216, U.S. Department of State, 2201 C Street, N.W., Washington, D.C.  20520-4216.  **Your request must be submitted on the enclosed request for hearing form letter.**

A request for a FAD, must be sent to the Assistant Secretary, Office of  Civil Rights, Room 4216, U.S. Department of State, 2201 C Street, N.W., Washington, D.C.  20520-4216.

All requests for either a hearing before the EEOC or a FAD must be received or postmarked no later than **30** days from the date of receipt of this letter.

---

[1] **\* PRIVACY ACT WARNING \***
The unauthorized disclosure of information from this system could result in a violation of an individual's right to privacy. Minimum-security measures require that only authorized persons in the conduct of official business use the information contained herein.  Unauthorized disclosure of personal information, to any person or agency not entitled to receive it, may result in a fine not more than $5,000. The Privacy Act of 1974, 5 U.S.C. 552A, prohibits unauthorized release of personal data contained herein.

2

In addition to the above, the EEOC in a decision (copy enclosed) dated July 19, 2001, found that your two claims of reprisal harassment should be adjudicated as one claim of harassment. The EEOC vacated the Department's earlier decision with respect to issues previously investigated, and remanded them for inclusion in the processing of the previously remanded issues from the subject complaint.

If you have questions or require assistance, please contact Ms. Brenda Ross, at (202) 647-9295.

Sincerely,

Barbara Spyridon Pope
Assistant Secretary

Enclosures:

1.    Procedural Rights
2.    ROI
3.    Request for Hearing Form
4.    EEOC Decision dated July 19, 2001

## REQUEST FOR HEARING

All requests for hearings must be received or postmarked not later than **30** days from the date of receipt of this letter.  The request should be mailed or hand delivered to:

>      Equal Employment Opportunity Commission
>      Hearing Unit - Washington Field Office
>      1400 L Street, N.W., Suite 200
>      Washington, D.C.  20005

A copy of the request for hearing must be mailed or hand delivered to:

>      U.S. Department of State
>      Office of Civil Rights
>      Room 4216
>      2201 C Street, N.W.
>      Washington, D.C. 20520

Within **15** days of receiving the copy of the request for hearing the agency must send a copy of the complaint file to the EEOC.  The administrative judge may on his/her own initiative, in appropriate circumstances, or by request of either party, issue findings and conclusions without a hearing.

## REQUEST FOR A FINAL DECISION

As an alternative to a hearing before the EEOC, you may request a final agency decision.  All requests for final decisions should be received or postmarked not later than **30** days of receipt of this letter.  This request must be directed to the Department of State, Office of Civil Rights, Room 4216, 2201 C Street, N.W., Washington, D.C. 20520.

The agency shall issue a final decision:

(a)    within **60** days of receiving notification that a
        complainant has requested an immediate decision from the
        agency;

(b)    within **60** days of the end of the **30**-day period for a
        complainant to request a hearing or a final decision
        where neither a hearing or a decision has been
        requested;

(b)    within **40** days of receiving the findings and conclusions
        of an administrative judge.

The final decision shall consist of findings by the agency on the merits of each issue in the complaint and, when discrimination is found, appropriate remedies and relief in accordance with Subpart E of 29 C.F.R. 1614. The final decision shall contain a notice of right to appeal to the Commission, the name and address of the agency official upon whom an appeal shall be served, notice of the right to file a civil action in federal district court, the name of the proper defendant in any such lawsuit and the applicable time limits for appeals and lawsuits. A copy of EEOC 573, Notice of Appeal/Petition, shall be attached to the decision.

## CIVIL ACTION

In lieu of the above, you may elect to file a civil action. A complainant who has filed an individual complaint, an agent who has filed a class complaint or a claimant who has filed a claim for individual relief pursuant to a class complaint is authorized under Title VII, the ADEA and the Rehabilitation Act to file a civil action in an appropriate United States District Court:

(a) Within **90** days of receipt of the final decision on an individual or class complaint if no appeal has been filed;

(b) After **180** days from the date of filing an individual or class complaint if an appeal has not been filed and a final decision has not been issued;

(c) Within **90** days of receipt of the Commission's final decision on an appeal; or

(d) After **180** days from the date of filing an appeal with the Commission if there has been no final decision by the Commission.

The filing of a civil action will terminate further administrative processing of the complaint. If you file a private suit subsequent to filing an appeal, you must notify the EEOC in writing. Any suit filed must name the proper defendant. The proper defendant for a complaint filed against the Department of State is Colin L. Powell, Secretary of State.

Equal Employment Opportunity Commission
Hearing Unit - Washington Field Office
1400 L Street, NW  Ste. 200
Washington, DC 20005

                    Re:  EEO Case Number 00-19
Dear Sir/Madam:

     I am requesting the appointment of an Equal Employment
Opportunity Administrative Judge pursuant to 29 C.F.R.
§1614.108(g).  I hereby certify that more than 180 days
have passed from the date I filed my complaint or I have
received a notice from the agency that I have thirty (30)
days) to elect a hearing or a final agency decision.

        Name:              Rose Mary Dews-Miller
        Home Address:      c/o Mr. John Pratt
                           6713 Harwood Place
                           Springfield, VA  22152-2419

        Agency Name        U.S. Department of State
        Mailing Address:   Office of Civil Rights (S/OCR)
                           2201 C Street, N.W.,  Room 4216
                           Washington, D.C.  20520

        Agency Case No:    00-19

     In accordance with section 1614.108(g), I have sent a
copy of this request for a hearing to the following person
at the agency:

              Hattie P. Baldwin, Esq.
              Principal Deputy
              Office of Civil Rights
              U.S. Department of State
              2201 C Street, N.W., Room 4216
              Washington, D.C.  20520

                        Sincerely,



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Office of Federal Operations
P.O. Box 19848
Washington, D.C. 20036

RECEIVED

2001 JUL 24  P 2: 48

S/EEOCR

Rose M. Dews-Miller,
Complainant,

v.

Colin L. Powell,
Secretary,
Department of State,
Agency.

Appeal No. 01992980

Agency No. OCR-96-15R

<u>DECISION</u>

Complainant timely initiated an appeal from an agency decision concerning her complaint of unlawful employment discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e *et seq.*

Complainant filed a formal complaint dated March 28, 1996, alleging that she was discriminated against in reprisal for prior EEO activity when:

(1)    For the May 1, 1994, to January 24, 1995 Performance Appraisal Report, complainant received a "Minimally Successful" performance rating. The Rating and Reviewing Officers failed to discuss the "Minimally Successful" rating or to explain complainant's deficiencies to her before issuing this rating, pursuant to the Manual of Operations & Administration ("MOA"), Part V-A, Section 453.2(c)(1), (2), and (3);

(2)    For the February 1, 1995, to July 31, 1995 Performance Appraisal Report, complainant received a "Minimally Successful" performance rating. The Rating and Reviewing Officers failed to discuss the "Minimally Successful" rating or to explain complainant's deficiencies to her before issuing this rating, pursuant to the MOA, Part V-A, Section 453.2(c)(1), (2), and (3);

2

01992980
OCR-96-15R

(3)    From September 5, 1995, through November 24, 1995, complainant was placed on Absence Without Leave (AWOL) for a work injury. Complainant reported the work injury to her immediate supervisors (Rating and Reviewing Officers), pursuant to MOA, Part V-A, Section 506.3(c)(1). However, the Management Official who placed complainant on AWOL was not her supervisor at the time of her work injury; and

(4)    On November 9, 1995, complainant was denied a Within Grade Increase (WGI). The Rating and Reviewing Officers failed to discuss complainant's deficiencies in performance with her that resulted in the denial of the WGI, pursuant to MOA, Part V-A, Section 453.2(c)(1), (2), and (3).

The agency issued a decision dated March 6, 1998, dismissing issue (3) pursuant to 29 C.F.R. § 1614.107(a)(5), on the grounds that it was moot. The agency also denied EEO Counseling for separate issues (Issues A through F) brought by the complainant. The record reveals that by a letter dated November 6, 1997, complainant claimed that she was subjected to discrimination in reprisal for prior EEO activity and requested counseling on the following matters:

(A)    Continued and continuous harassment by [A-1, an employee in the Office of Human Resources,] and others, who participated in creating a "hostile environment" in any personnel action, benefit, and entitlement for [her]self after filing prior EEO complaints;

(B)    Invasion of [her] personal medical records obtained from the Office of Workers' Compensation Programs (OWCP) and then communicated to others in USIA who had no right to their contents;

(C)    Withholding essential records from OWCP from November 1995 to January 1997, which caused an unwarranted delay in the processing of [her] claim;

(D)    Failure of A-1 to correct [her] earnings and leave statements to reflect COP instead of AWOL;

(E)    [A-1's] illegal and unethical discussion of [her] medical files with other unqualified persons in USIA; and

(F)    [Her] non-accumulation under the Rehabilitation act of 1973, ... which requires federal agencies to develop and implement plans for the hiring, placement, promotion and retention of persons with disabilities.

The Commission issued a decision dated June 23, 1999, reversing the agency's March 6, 1998 decision, and remanding complainant's complaint back to the agency for further processing.

Specifically, the Commission ordered the agency to provide counseling for issues (A), (B), (C), (E), and (F) and to allow complainant to file a formal complaint on these issues after completion of counseling. In addition, the agency was ordered to process issue (3) of her March 28, 1996 complaint.

The record reveals that complainant was provided counseling on the remanded issues and subsequently filed a formal complaint on these issues on August 23, 2000. By letter dated January 26, 2001, the agency notified complainant that it accepted the following issues for investigation:

(i)     Continued and continuous harassment by an employee in the Office of Human Resources, and others, who participated in creating a "hostile environment" in any personnel action, benefit, and entitlement for complainant after filing prior complaints (Issue A);

(ii)    Invasion of complainant's personal medical records obtained from OWCP and then communicated to others in USIA who had no right to their contents (Issue B);

(iii)   Withholding of essential records from OWCP from November 1995 to January 1997, which caused an unwarranted delay in processing complainant's claim (Issue C);

(iv)    An employer's illegal and unethical discussion of complainant's medical files with other unqualified persons in USIA (Issue E);

(v)     Complainant's non-accommodation under the Rehabilitation Act of 1973 (P.L. 93-112, as amended), which requires federal agencies to develop and implement plans for the hiring, placement, promotion, and retention of persons with disabilities (Issue F); and

(vi)    From September 5, 1995, through November 24, 1995, complainant was placed on AWOL for a work injury. Complainant reported the work injury to her immediate supervisors (Rating and Reviewing Officers), pursuant to MOA, Part V-A, Section 506.3(c)(1). However, the Management Official who placed complainant on AWOL was not her supervisor at the time of the work injury. (Issue 3)

The fragmentation, or breaking up, of a complainant's legal claim during EEO complaint processing has been a significant problem in the federal sector. For complainants, fragmented processing can compromise their ability to present an integrated and coherent claim of an unlawful employment practice for which there is a remedy under the federal equal employment statutes. For agencies and the Commission, fragmented processing substantially increases case inventories and workloads when it results in the processing of related matters as separate complaints. *See* EEOC Management Directive (MD) 110, as revised, November 9, 1999.

4                                         01992980
                                          OCR-96-15R

In the present case, the record indicates that complainant is essentially alleging that she was the victim of ongoing harassment and discriminatory treatment by agency officials. The Commission finds that complainant's two claims of reprisal harassment should be adjudicated as one claim of harassment and thus, we will not address the agency's finding of no discrimination with regard to issues (1), (2), and (4).

The Commission hereby VACATES the agency's decision with respect to issues (1), (2), and (4) and REMANDS these issues for inclusion in the processing of the previously remanded issues from the subject complaint.

## ORDER

The agency is ordered to consolidate for processing the claims of retaliatory harassment pending before the agency, which are like or related to the present complaint. The agency shall make every effort to locate and determine the status of complainant's complaints in the federal EEO process, if any, and consolidate the complaints for hearing, if complainant requests, or for an agency final decision.

The agency is further directed to submit a report of compliance, as provided in the statement entitled "Implementation of the Commission's Decision." The report shall include supporting documentation.

## IMPLEMENTATION OF THE COMMISSION'S DECISION (K0501)

Compliance with the Commission's corrective action is mandatory. The agency shall submit its compliance report within thirty (30) calendar days of the completion of all ordered corrective action. The report shall be submitted to the Compliance Officer, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, D.C. 20036. The agency's report must contain supporting documentation, and the agency must send a copy of all submissions to the complainant. If the agency does not comply with the Commission's order, the complainant may petition the Commission for enforcement of the order. 29 C.F.R. § 1614.503(a). The complainant also has the right to file a civil action to enforce compliance with the Commission's order prior to or following an administrative petition for enforcement. *See* 29 C.F.R. §§ 1614.407, 1614.408, and 29 C.F.R. § 1614.503(g). Alternatively, the complainant has the right to file a civil action on the underlying complaint in accordance with the paragraph below entitled "Right to File A Civil Action." 29 C.F.R. §§ 1614.407 and 1614.408. A civil action for enforcement or a civil action on the underlying complaint is subject to the deadline stated in 42 U.S.C. 2000e-16(c) (1994 & Supp. IV 1999). If the complainant files a civil action, the administrative processing of the complaint, including any petition for enforcement, will be terminated. *See* 29 C.F.R. § 1614.409.

01992980
                                                              OCR-96-15R

## STATEMENT OF RIGHTS - ON APPEAL

### RECONSIDERATION (M0701)

The Commission may, in its discretion, reconsider the decision in this case if the complainant or
the agency submits a written request containing arguments or evidence which tend to establish
that:

  1.    The appellate decision involved a clearly erroneous interpretation of material fact
        or law; or

  2.    The appellate decision will have a substantial impact on the policies, practices, or
        operations of the agency.

Requests to reconsider, with supporting statement or brief, must be filed with the Office of Federal
Operations (OFO) **within thirty (30) calendar days** of receipt of this decision or **within twenty
(20) calendar days** of receipt of another party's timely request for reconsideration. *See* 29 C.F.R.
§ 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614
(EEO MD-110), 9-18 (November 9, 1999). All requests and arguments must be submitted to the
Director, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box
19848, Washington, D.C. 20036. In the absence of a legible postmark, the request to reconsider
shall be deemed timely filed if it is received by mail within five days of the expiration of the
applicable filing period. *See* 29 C.F.R. § 1614.604. The request or opposition must also include
proof of service on the other party.

Failure to file within the time period will result in dismissal of your request for reconsideration
as untimely, unless extenuating circumstances prevented the timely filing of the request. Any
supporting documentation must be submitted with your request for reconsideration. The
Commission will consider requests for reconsideration filed after the deadline only in very limited
circumstances. *See* 29 C.F.R. § 1614.604(c).

### COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (R0900)

This is a decision requiring the agency to continue its administrative processing of your complaint.
However, if you wish to file a civil action, you have the right to file such action in an appropriate
United States District Court **within ninety (90) calendar days** from the date that you receive this
decision. In the alternative, you may file a civil action **after one hundred and eighty (180)
calendar days** of the date you filed your complaint with the agency, or filed your appeal with the
Commission. If you file a civil action, you must name as the defendant in the complaint the
person who is the official agency head or department head, identifying that person by his or her
full name and official title. Failure to do so may result in the dismissal of your case in court.

6                                    01992980
                                     OCR-96-15R

"Agency" or "department" means the national organization, and not the local office, facility or department in which you work. **Filing a civil action will terminate the administrative processing of your complaint.**

## RIGHT TO REQUEST COUNSEL (Z1199)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. *See* Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). **The grant or denial of the request is within the sole discretion of the Court.** Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File A Civil Action").

FOR THE COMMISSION:

Carlton M. Hadden, Director
Office of Federal Operations


__JUL 1 9 2001__
Date


## CERTIFICATE OF MAILING

**For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed. I certify that this decision was mailed to complainant, complainant's representative (if applicable), and the agency on:**


__JUL 1 9 2001__
Date


Equal Opportunity Assistant