**EXHIBIT   16**

**United States Department of State**

*Office of Equal Employment Opportunity
and Civil Rights*

*Washington, D.C. 20520-4216*

August 2, 2001

Ms. Rose Mary Dews-Miller
c/o Mr. John Pratt
6713 Harwood Place
Springfield, VA 22152-2419

RE:    **EEOC Appeal No. 01992980
EEO Case No: 00-19
(USIA No. OCR-96-15R)**

Dear Ms. Dews Miller:

This is in reference to your complaint of discrimination, filed with the former U.S. Information Agency (USIA), on March 28, 1996. That complaint is identified as Complaint No. OCR-96-15.

In a decision dated July 19, 2001, copy enclosed, the Equal Employment Opportunity Commission (EEOC) ordered the Department to consolidate all of your claims now pending before the Agency. In accordance with the EEOC decision, all of your outstanding claims have been consolidated for joint processing. In addition, all pending claims will be identified as Complaint No. 00-19.

Upon completion of the investigation, presently underway, you will receive the completed Report of Investigation, along with instructions for further processing.

-2-

Should you have any questions with regard to the processing of your complaints, please contact Ms. Brenda Ross of my staff, at (202) 647-8090.

Sincerely,

*Hattie P. Baldwin*

Hattie P. Baldwin, Esq.
Principal Deputy

Enclosure

cc:  Complainant's Representative
     EEOC Compliance Officer



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Office of Federal Operations
P.O. Box 19848
Washington, D.C. 20036

RECEIVED

2001 JUL 24  P 2: 48

S/EEOCR

Rose M. Dews-Miller,
Complainant,

v.

Colin L. Powell,
Secretary,
Department of State,
Agency.

Appeal No. 01992980

Agency No. OCR-96-15R

DECISION

Complainant timely initiated an appeal from an agency decision concerning her complaint of unlawful employment discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e *et seq.*

Complainant filed a formal complaint dated March 28, 1996, alleging that she was discriminated against in reprisal for prior EEO activity when:

(1)     For the May 1, 1994, to January 24, 1995 Performance Appraisal Report, complainant received a "Minimally Successful" performance rating. The Rating and Reviewing Officers failed to discuss the "Minimally Successful" rating or to explain complainant's deficiencies to her before issuing this rating, pursuant to the Manual of Operations & Administration ("MOA"), Part V-A, Section 453.2(c)(1), (2), and (3);

(2)     For the February 1, 1995, to July 31, 1995 Performance Appraisal Report, complainant received a "Minimally Successful" performance rating. The Rating and Reviewing Officers failed to discuss the "Minimally Successful" rating or to explain complainant's deficiencies to her before issuing this rating, pursuant to the MOA, Part V-A, Section 453.2(c)(1), (2), and (3);

(3)     From September 5, 1995, through November 24, 1995, complainant was placed on
        Absence Without Leave (AWOL) for a work injury.  Complainant reported the
        work injury to her immediate supervisors (Rating and Reviewing Officers),
        pursuant to MOA, Part V-A, Section 506.3(c)(1).  However, the Management
        Official who placed complainant on AWOL was not her supervisor at the time of
        her work injury; and

(4)     On November 9, 1995, complainant was denied a Within Grade Increase (WGI).
        The Rating and Reviewing Officers failed to discuss complainant's deficiencies in
        performance with her that resulted in the denial of the WGI, pursuant to MOA,
        Part V-A, Section 453.2(c)(1), (2), and (3).

The agency issued a decision dated March 6, 1998, dismissing issue (3) pursuant to 29 C.F.R.
§ 1614.107(a)(5), on the grounds that it was moot.  The agency also denied EEO Counseling for
separate issues (Issues A through F) brought by the complainant.  The record reveals that by a
letter dated November 6, 1997, complainant claimed that she was subjected to discrimination in
reprisal for prior EEO activity and requested counseling on the following matters:

(A)     Continued and continuous harassment by [A-1, an employee in the Office of
        Human Resources,] and others, who participated in creating a "hostile
        environment" in any personnel action, benefit, and entitlement for [her]self after
        filing prior EEO complaints;

(B)     Invasion of [her] personal medical records obtained from the Office of Workers'
        Compensation Programs (OWCP) and then communicated to others in USIA who
        had no right to their contents;

(C)     Withholding essential records from OWCP from November 1995 to January 1997,
        which caused an unwarranted delay in the processing of [her] claim;

(D)     Failure of A-1 to correct [her] earnings and leave statements to reflect COP instead
        of AWOL;

(E)     [A-1's] illegal and unethical discussion of [her] medical files with other unqualified
        persons in USIA; and

(F)     [Her] non-accumulation under the Rehabilitation act of 1973, ... which requires
        federal agencies to develop and implement plans for the hiring, placement,
        promotion and retention of persons with disabilities.

The Commission issued a decision dated June 23, 1999, reversing the agency's March 6, 1998
decision, and remanding complainant's complaint back to the agency for further processing.

Specifically, the Commission ordered the agency to provide counseling for issues (A), (B), (C), (E), and (F) and to allow complainant to file a formal complaint on these issues after completion of counseling. In addition, the agency was ordered to process issue (3) of her March 28, 1996 complaint.

The record reveals that complainant was provided counseling on the remanded issues and subsequently filed a formal complaint on these issues on August 23, 2000. By letter dated January 26, 2001, the agency notified complainant that it accepted the following issues for investigation:

(i)      Continued and continuous harassment by an employee in the Office of Human Resources, and others, who participated in creating a "hostile environment" in any personnel action, benefit, and entitlement for complainant after filing prior complaints (Issue A);

(ii)     Invasion of complainant's personal medical records obtained from OWCP and then communicated to others in USIA who had no right to their contents (Issue B);

(iii)    Withholding of essential records from OWCP from November 1995 to January 1997, which caused an unwarranted delay in processing complainant's claim (Issue C);

(iv)     An employer's illegal and unethical discussion of complainant's medical files with other unqualified persons in USIA (Issue E);

(v)      Complainant's non-accommodation under the Rehabilitation Act of 1973 (P.L. 93-112, as amended), which requires federal agencies to develop and implement plans for the hiring, placement, promotion, and retention of persons with disabilities (Issue F); and

(vi)     From September 5, 1995, through November 24, 1995, complainant was placed on AWOL for a work injury. Complainant reported the work injury to her immediate supervisors (Rating and Reviewing Officers), pursuant to MOA, Part V-A, Section 506.3(c)(1). However, the Management Official who placed complainant on AWOL was not her supervisor at the time of the work injury. (Issue 3)

The fragmentation, or breaking up, of a complainant's legal claim during EEO complaint processing has been a significant problem in the federal sector. For complainants, fragmented processing can compromise their ability to present an integrated and coherent claim of an unlawful employment practice for which there is a remedy under the federal equal employment statutes. For agencies and the Commission, fragmented processing substantially increases case inventories and workloads when it results in the processing of related matters as separate complaints. *See* EEOC Management Directive (MD) 110, as revised, November 9, 1999.

4                                        01992980
                                         OCR-96-15R

In the present case, the record indicates that complainant is essentially alleging that she was the victim of ongoing harassment and discriminatory treatment by agency officials. The Commission finds that complainant's two claims of reprisal harassment should be adjudicated as one claim of harassment and thus, we will not address the agency's finding of no discrimination with regard to issues (1), (2), and (4).

The Commission hereby VACATES the agency's decision with respect to issues (1), (2), and (4) and REMANDS these issues for inclusion in the processing of the previously remanded issues from the subject complaint.

## ORDER

The agency is ordered to consolidate for processing the claims of retaliatory harassment pending before the agency, which are like or related to the present complaint. The agency shall make every effort to locate and determine the status of complainant's complaints in the federal EEO process, if any, and consolidate the complaints for hearing, if complainant requests, or for an agency final decision.

The agency is further directed to submit a report of compliance, as provided in the statement entitled "Implementation of the Commission's Decision." The report shall include supporting documentation.

## IMPLEMENTATION OF THE COMMISSION'S DECISION (K0501)

Compliance with the Commission's corrective action is mandatory. The agency shall submit its compliance report within thirty (30) calendar days of the completion of all ordered corrective action. The report shall be submitted to the Compliance Officer, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, D.C. 20036. The agency's report must contain supporting documentation, and the agency must send a copy of all submissions to the complainant. If the agency does not comply with the Commission's order, the complainant may petition the Commission for enforcement of the order. 29 C.F.R. § 1614.503(a). The complainant also has the right to file a civil action to enforce compliance with the Commission's order prior to or following an administrative petition for enforcement. *See* 29 C.F.R. §§ 1614.407, 1614.408, and 29 C.F.R. § 1614.503(g). Alternatively, the complainant has the right to file a civil action on the underlying complaint in accordance with the paragraph below entitled "Right to File A Civil Action." 29 C.F.R. §§ 1614.407 and 1614.408. A civil action for enforcement or a civil action on the underlying complaint is subject to the deadline stated in 42 U.S.C. 2000e-16(c) (1994 & Supp. IV 1999). If the complainant files a civil action, the administrative processing of the complaint, including any petition for enforcement, will be terminated. *See* 29 C.F.R. § 1614.409.

## STATEMENT OF RIGHTS - ON APPEAL

### RECONSIDERATION (M0701)

The Commission may, in its discretion, reconsider the decision in this case if the complainant or the agency submits a written request containing arguments or evidence which tend to establish that:

1.  The appellate decision involved a clearly erroneous interpretation of material fact or law; or

2.  The appellate decision will have a substantial impact on the policies, practices, or operations of the agency.

Requests to reconsider, with supporting statement or brief, must be filed with the Office of Federal Operations (OFO) **within thirty (30) calendar days** of receipt of this decision or **within twenty (20) calendar days** of receipt of another party's timely request for reconsideration. *See* 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), 9-18 (November 9, 1999). All requests and arguments must be submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, D.C. 20036. In the absence of a legible postmark, the request to reconsider shall be deemed timely filed if it is received by mail within five days of the expiration of the applicable filing period. *See* 29 C.F.R. § 1614.604. The request or opposition must also include proof of service on the other party.

Failure to file within the time period will result in dismissal of your request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. Any supporting documentation must be submitted with your request for reconsideration. The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. *See* 29 C.F.R. § 1614.604(c).

### COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (R0900)

This is a decision requiring the agency to continue its administrative processing of your complaint. However, if you wish to file a civil action, you have the right to file such action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. In the alternative, you may file a civil action **after one hundred and eighty (180) calendar days** of the date you filed your complaint with the agency, or filed your appeal with the Commission. If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court.

6                                                    01992980
                                                     OCR-96-15R

"Agency" or "department" means the national organization, and not the local office, facility or department in which you work. **Filing a civil action will terminate the administrative processing of your complaint.**

## RIGHT TO REQUEST COUNSEL (Z1199)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. *See* Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). **The grant or denial of the request is within the sole discretion of the Court.** Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File A Civil Action").

FOR THE COMMISSION:

Carlton M. Hadden, Director
Office of Federal Operations

JUL 1 9 2001
Date

## CERTIFICATE OF MAILING

**For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed. I certify that this decision was mailed to complainant, complainant's representative (if applicable), and the agency on:**

JUL 1 9 2001
Date

Equal Opportunity Assistant