# EXHIBIT 22

**United States**
**Information**
**Agency**

WASHINGTON DC 20547-0001

April 2, 1996



USIA

Ms. Rose M. Dews-Miller
8507 Woodyard Road
Clinton, Maryland  20735

Dear Ms. Dews-Miller:

This responds to your November 28, 1995 request for reconsideration of the denial of your within-grade increase, which was effective October 29, 1995. I have reviewed the record on which this denial was based and considered your assertions carefully in making this decision. My findings are as follows:

You received two interim appraisals which comprised your most recent annual rating of record. The first interim appraisal (covering the period May 1, 1994-January 24, 1995) was authored by Darwin Roberts in the Office of the Inspector General. The second interim appraisal (covering the period February 1, 1995-July 31, 1995) was authored by Carol Keith in the Office of the Comptroller. Both interim appraisals were minimally successful, and the annual rating of record was, therefore, minimally successful.

When you became eligible for a within-grade increase in October 1995, your supervisor was Anne Young. Responsibility fell to her to determine whether your performance warranted a within-grade increase. Your file contained the minimally successful annual rating of record. There was no more recent performance on which Ms. Young could base her decision since you were absent from work from August 18, 1995 to mid-day November 27, 1995. As a result, your within-grade increase was denied based on your minimally successful rating of record covering the period from May 1, 1994-July 31, 1995.

You noted that Ms. Young's letter of negative determination of your within-grade increase was dated after the effective date of your notification of personnel action. It would have been preferable for you to receive Ms. Young's negative determination on October 29, however, the date of her letter does not negate the two performance appraisals on which the denial was based.

You noted that you received no written warnings from your supervisors on correcting your performance deficiencies. Written warning is only required when performance falls to the unsuccessful level. I note from the appraisals that your supervisors were not hiding their concerns from you throughout the rating period. Rather, Mr. Roberts attempted to meet and

EXHIBIT 42
PAGE 1 OF 2 PAGES

discuss performance issues with you, but you refused to participate. The appraisal authored by Ms. Keith indicates various conversations on performance and considerable time spent with you in one-on-one on-the-job training.

For the reasons stated above, I find that the record supports Anne Young's determination and, therefore, sustain her decision to deny your within-grade increase.

In accordance with MOA V-A 235.81, you may appeal this decision to the Merit Systems Protection Board. Your appeal must be filed within 35 days of the date of this letter. Forms and instructions for this purpose are enclosed.

Sincerely,

*Janice Brambilla*

Janice H. Brambilla
Director
Office of Human Resources

EXHIBIT 42
PAGE 2 OF 2 PAGES