# EXHIBIT 24

11/04/96  MON 13:40 FAX 202 205 1930     USIA/TRANSITION CENTER



U.S. OFFICE OF SPECIAL COUNSEL
1730 M Street, N.W., Suite 300
Washington, D.C. 20036-4505

October 31, 1996

Ms. Rose Dews-Miller
8507 Woodyard Road
Clinton, MD 20735

Re: OSC File No. MA-96-0449

Dear Ms. Dews-Miller:

This is in response to your request for assistance against officials of the U.S. Information Agency. You alleged that (1) your within-grade increase (WGI) was denied, (2) you were placed in an absence without leave (AWOL) status, and (3) your duties and responsibilities were significantly changed because of whistleblowing. Based on our evaluation of the facts and law applicable to your circumstances, as detailed in this status report, we have made a preliminary determination to close the investigation into this matter. Our factual and legal determinations are described below.

The Office of Special Counsel is authorized to investigate allegations of prohibited personnel practices and activities prohibited by civil service law, rule, or regulation. 5 U.S.C. §§ 1214(a)(1)(A), 1216(a) and 2302(b). The Special Counsel presents allegations of prohibited personnel practices to the Merit Systems Protection Board (the Board) which has the authority to hear and adjudicate such claims.

You identified your whistleblowing activity as a September 1994 report to the agency's Inspector General that employees in the Office misused their American Express cards. It is a prohibited personnel practice to take or fail to take, or to threaten to take or fail to take, a personnel action with respect to any employee because of any disclosure of information by an employee which the employee reasonably believes evidences a violation of any law, rule, or regulation, or gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety. 5 U.S.C. § 2302(b)(8). The Board has determined that the elements of proof necessary to establish a violation of (b)(8) are: (1) a protected disclosure of information was made; (2) the accused official(s) (e.g., the proposing or deciding official) had knowledge of the disclosure and of the identity of the employee making the disclosure; and (3) the protected disclosure was a contributing factor in the personnel action or threat of a personnel action. Gerrick v. General Services Administration, Merit Systems Protection Board, 43 M.S.P.R. 651 (1990).

Att 19 pg 1 of 2

PAGE 02    ROSE DEWS MILLER    301--868--9267    11/04/1996  12:65

U.S. Office of Special Counsel

Ms. Rose M. Dews-Miller
Page 2

Because direct evidence of a causal connection between the disclosure and the challenged action is usually unavailable, the contributing factor test may be satisfied by circumstantial evidence. Special Counsel v. Hathaway, 981 F.2d 1237, 1242 (Fed. Cir. 1992). The Board has specified a number of factors from which a causal connection may be inferred: (1) the employer's reaction to the protected activity; (2) the closeness in time between the protected activity and the personnel action; (3) the extent of the charges and disclosure forming the basis of the protected activity; (4) the seriousness of the charges made in the disclosure; (5) the time during which the matters raised by the disclosures were left unresolved if any resolution was possible; (6) whether there is intervening misconduct of a serious nature; (7) whether the penalty imposed is disparate relative to other like offenders; and (8) whether the penalty is the maximum or minimum allowable under the agency table of penalties. Dunning v. NASA, 10 M.S.P.R. 183, 186 (1982); Valerino v. Department of Health and Human Services, 7 M.S.P.R. 487, 489-90 (1981) (citations omitted).

We believe that the Board would find that you had a reasonable belief that your report constituted a protected disclosure within the meaning of section 2302(b)(8). However, the officials responsible for the actions you complain about were not the subject of your disclosure and suffered no adverse impact. Moreover, we found no statements or other evidence reflecting animus against you by the officials responsible for the manners you complain about because of your protected activity. Therefore, based on the above, we are unable to establish a connection between your protected activity and management's actions which would warrant further inquiry as possible violations of 5 U.S.C. § 2302(b)(8) or any other prohibited activity.

You have 16 days from the date of this letter to comment in writing on this report. We will consider your comments and respond to them as soon as possible after receipt. If we do not receive any comments by the end of the sixteen day period, we anticipate closing the file and will send you a letter terminating the investigation and advising you of any additional rights you may have.

Sincerely,

J. Sandra Thomas
Complaints Examiner
Complaints Examining Unit

Att 19 pg 2 of 2