# EXHIBIT   28

UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD
WASHINGTON REGIONAL OFFICE

| | |
|---|---|
| ROSEMARY DEWS-MILLER,<br>Appellant,<br><br>v.<br><br>U.S. INFORMATION AGENCY,<br>Agency. | DOCKET NUMBER<br>DC-1221-97-0441-W-1<br><br><br>DATE: MAY - 2 1997 |

John D. Pratt, Springfield, Virginia, for the appellant.

Carol B. Epstein, Esquire, Washington, D.C., for the agency.

BEFORE

Raphael Ben-Ami
Administrative Judge

### INITIAL DECISION

The appellant filed an individual right of action (IRA) appeal on March 6, 1997. For the reasons discussed below, this appeal is DISMISSED as untimely filed.

### TIMELINESS

Legal standard

The time limit for filing an IRA appeal is governed by 5 U.S.C. § 1214(a)(3) and 5 C.F.R. § 1209.5(a)(1), which provide that an IRA appeal must be filed no later than 65 calendar days after the date of issuance of the Special Counsel's written notification that it was terminating its investigation of the appellant's allegations. The statute makes no provision for the acceptance of late filings. *See Wood v. Department of the Air Force*, 54 M.S.P.R. 587, 592 (1992). In such cases, waiver of the

filing deadline is possible only where: (1) Affirmative misconduct by the government precludes it from enforcing an otherwise applicable rule under the doctrine of equitable estoppel; or (2) an agency's failure to provide a mandatory notice of election rights warrants waiver of the time limit for making the election. *See id.* The time limit for filing an IRA appeal therefore cannot be waived for good cause shown under the Board's regulations. *See id.*

<u>Burden of proof</u>

The appellant has the burden of proof, by a preponderance of the evidence, with respect to the issue of timeliness. *See* 5 C.F.R. § 1201.56(a)(2). Preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. *See* 5 C.F.R. § 1201.56(c)(2).

<u>The appellant's IRA appeal was untimely filed, and there are no grounds for waiver of the filing deadline.</u>

Documents submitted by the appellant with her appeal show that the Special Counsel issued a letter on November 20, 1996, informing the appellant that it had terminated its investigation into her allegations and advising her that she could file a request for corrective action with the Board within 65 days after the date of the letter. *See* Appeal File (AF), Tab 2, Attachment 22. The 65th day after the Special Counsel's November 20, 1996 letter was January 24, 1997. The appellant did not file her IRA appeal with the Board until March 6, 1997, however.

Accordingly, in a March 28, 1997 "Order to Show Cause," I advised the appellant that her appeal appeared to have been filed after the time limit, and I ordered her to file evidence and argument showing either that her appeal was timely filed, that the government engaged in affirmative misconduct which affected the timeliness of her appeal, or that the Special Counsel failed to provide her with notice that it was terminating its investigation of her complaint. *See* AF, Tab 4. In response, the appellant asked that I use a "kinder and gentler approach to starting the sixty five day appeal clock" because she thought the filing deadline set forth in the November 20, 1996 decision had been "extended" as a result of her subsequent correspondence with the Special Counsel. *See id.*, Tab 6 at page 2. The agency also responded to the show-

cause order, and asked that the appeal be dismissed as untimely because the appellant had adduced no evidence showing that the government engaged in misconduct which affected the timeliness of her appeal or that the Special Counsel failed to provide notice that it was terminating its investigation of her complaint. *See id.*, Tab 7.

The record shows that the appellant submitted a letter to the Special Counsel (dated November 27, 1996), requesting "reconsideration of [its] closure decision." *See* AF, Tab 2, Attachment 23 at page 2. The record also shows that the Special Counsel responded to the appellant's submission with a December 12, 1996 letter denying her "request for reconsideration," and advising her that "there is no further appeal available . . . within the Office of Special Counsel." *See id.*, Attachment 28.

The Special Counsel's December 12, 1996 letter provided the appellant with no basis for assuming that the 65-day time limit for filing an appeal with the Board had been extended. Even if I assume for the sake of argument that the time limit was "tolled" by the appellant's November 27, 1996 request for reconsideration, the fact remains that the Special Counsel responded to that request on December 12, 1996, and the appellant still did not file her appeal with the Board until March 6, 1997--84 days later.

Accordingly, because the appellant did not meet the statutory filing deadline set forth in the Special Counsel's termination notice and alleged no facts that would support an equitable estoppel against the government, I must dismiss this appeal as untimely filed.

### DECISION

The appeal is DISMISSED.

FOR THE BOARD:   _____
Raphael Ben-Ami
Administrative Judge

## NOTICE TO APPELLANT

This initial decision will become final on ___JUN - 6 1997___, unless a petition for review is filed by that date or the Board reopens the case on its own motion. This is an important date because it is the last day on which you can file a petition for review with the Board. The date on which the initial decision becomes final also controls when you can file a petition for review with the Court of Appeals for the Federal Circuit. The paragraphs that follow tell you how and when to file with the Board or the federal court. These instructions are important because if you wish to file a petition, you must file it within the proper time period.

## BOARD REVIEW

You may request Board review of this initial decision by filing a petition for review. Your petition, with supporting evidence and argument, must be filed with:

The Clerk of the Board
Merit Systems Protection Board
1120 Vermont Avenue, NW., Room 806
Washington, DC 20419

If you file a petition for review, the Board will obtain the record in your case from the administrative judge and you should not submit anything to the Board that is already part of the record. Your petition must be postmarked or hand-delivered no later than the date this initial decision becomes final. If you fail to provide a statement with your petition that you have either mailed or hand-delivered a copy of your petition to the agency, your petition will be rejected and returned to you.

## JUDICIAL REVIEW

If you are dissatisfied with the Board's final decision, you may file a petition with:

The United States Court of Appeals
for the Federal Circuit
717 Madison Place, NW.
Washington, DC 20439

You may not file your petition with the court before this decision becomes final. To be timely, your petition must be <u>received</u> by the court no later than 30 calendar days after the date this initial decision becomes final.

### **NOTICE TO AGENCY/INTERVENOR**

The agency or intervenor may file a petition for review of this initial decision in accordance with the Board's regulations.

## CERTIFICATE OF SERVICE

I certify that the attached Document(s) was (were) sent by regular mail this day to each of the following:

### Appellant

Rosemary Dews-Miller
8507 Woodyard Road
Clinton, MD 20735

### Appellant's Representative

John D. Pratt
6713 Harwood Place
Springfield, VA 22152-2419

### Agency's Representative

Carol B. Epstein, Esq.
Office of General Counsel
U.S. Information Agency
301-4th Street, SW., Room 700
Washington, DC 20547

### Other

Marjorie Marks
U.S. Office of Personnel Management
Employee Relations Division
1900 "E" Street, NW., Room 7412
Washington, DC 20415

MAY - 2 1997
(Date)

Vicki L. Falk
Legal Assistant