# EXHIBIT 32

Case 1:06-cv-01764-GK    Document 24-34    Filed 08/08/2007    Page 1 of 3



U.S. OFFICE OF SPECIAL COUNSEL
1730 M Street, N.W., Suite 300
Washington, D.C. 20036-4505

August 25, 1997

Ms. Rose Dews-Miller
c/o John D. Pratt, Representative
6713 Harwood Place
Springfield, VA 22152-2419

Re: <u>OSC File No. MA-97-0571</u>

Dear Ms. Dews-Miller:

This is in response to your request for assistance against officials of the U.S. Information Agency. You alleged that the agency's decision to terminate your employment on December 9, 1996, constituted reprisal because of whistleblowing. The Office of Special Counsel is authorized to investigate allegations of prohibited personnel practices and activities prohibited by civil service law, rule, or regulation. 5 U.S.C. §§ 1214(a)(1)(A), 1216(a) and 2302(b). Based on our evaluation of the facts and law applicable to your circumstances, as detailed in this status report, we have made a preliminary determination to close the investigation into this matter. Our factual and legal determinations are described below.

It is a prohibited personnel practice to take or fail to take, or to threaten to take or fail to take, a personnel action with respect to any employee because of any disclosure of information by an employee which the employee reasonably believes evidences a violation of any law, rule, or regulation, or gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety. 5 U.S.C. § 2302(b)(8). You identified your whistleblowing activity as a September 1994 report to the agency's Inspector General that employees in the Office misused their American Express cards.

The Special Counsel presents allegations of prohibited personnel practices to the Merit Systems Protection Board (the Board) which has the authority to hear and adjudicate such claims. The Board has determined that the elements of proof necessary to establish a violation of (b)(8) are: (1) a protected disclosure of information was made; (2) the accused official(s) (e.g., the proposing or deciding official) had knowledge of the disclosure and of the identity of the employee making the disclosure; and (3) the protected disclosure was a contributing factor in the personnel action or threat of a personnel action. <u>Gergick v. General Services Administration</u>, Merit Systems Protection Board, 43 M.S.P.R. 651 (1990).

11/21/97 MSPB
Pg 1 of 2

U.S. Office of Special Counsel

Ms. Rose M. Dews-Miller
Page 2

With respect to the termination of your employment, we note that during January 1995, you entered into a settlement agreement with the agency under which you agreed to be converted to a temporary appointment not to exceed December 1996 to resolve certain issues between you and the agency. During December 1995, you submitted a complaint to this Office in which you alleged that you were denied your within-grade increase (WGI), placed in an absence without leave (AWOL) status, and suffered a significant change in your duties and responsibilities because of the same whistleblowing activity. By letter dated October 31, 1996, we advised you that while your report would constitute a protected disclosure, we were unable to establish a connection between your claimed whistleblowing activity and the actions you complained about. Specifically, we advised you that the officials responsible for the actions you complained about were not the subject of your disclosure and suffered no adverse impact based on those disclosures. Moreover, we found no statements or other evidence reflecting animus against you by the officials responsible for the matters you complain about because of your protected activity. From the information provided, it does not appear that the officials responsible for the decision to terminate your temporary appointment were the subject of your disclosures or were adversely affected by your disclosures. We also found no statements suggesting animus against you for your disclosure by these officials. Therefore, we would be unable to establish that the official's actions were other than a legitimate attempt to enforce the requirements of the settlement agreement. Thus, we have no basis for further inquiry into the matter you complain about as a possible violation of 5 U.S.C. § 2302(b)(8), or any other prohibited activity.

While we understand your dismay with your employment situation, we have no legal basis for further inquiry into this matter. You have 16 days from the date of this letter to comment in writing on this report. We will consider your comments and respond to them as soon as possible after receipt. If we do not receive any comments by the end of the sixteen day period, we anticipate closing the file and will send you a letter terminating the investigation and advising you of any additional rights you may have.

Sincerely,

J. Sandra Thomas
Complaints Examiner
Complaints Examining Unit

11/21/97 NSPB
Attachment 9
pg 2 of 2