# EXHIBIT 36

UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD
WASHINGTON REGIONAL OFFICE

|  |  |
|---|---|
| ROSE MARY DEWS-MILLER,<br>Appellant,<br><br>v.<br><br>UNITED STATES INFORMATION<br>AGENCY,<br>Agency. | DOCKET NUMBER<br>DC-1221-98-0147-W-1<br><br>DATE: MAR - 3 1998 |

John D. Pratt, Springfield, Virginia, for the appellant.

Carol B. Epstein, Esquire, Washington, D.C., for the agency.

BEFORE

Raphael Ben-Ami
Administrative Judge

## INITIAL DECISION

The appellant timely filed an individual right of action (IRA) appeal. For the reasons set forth below, the appeal is DISMISSED.

Although the appellant requested a hearing, she was not entitled to one because she did not allege a valid charge of whistleblowing within the Board's jurisdiction. *See Ward v. Merit Systems Protection Board*, 981 F.2d 521, 525 (Fed. Cir. 1992); *see also Pashun v. Department of the Treasury*, 74 M.S.P.R. 374, 378 (1997) (to be entitled to a jurisdictional hearing, the appellant must make allegations of fact which, if proven, could establish the jurisdictional elements of an IRA appeal); *Davis v. Small Business Administration*, 74 M.S.P.R. 281, 288 (1997) (to be entitled to a hearing on the issue of Board jurisdiction, an appellant must make a nonfrivolous allegation of the Board's

jurisdiction that raises issues of fact that cannot be determined on the basis of the existing record). I therefore decided this appeal based on the parties' written submissions.[1]

## JURISDICTION

### Burden of proof/legal standard

The Board's jurisdiction is not plenary, but is limited to those matters over which it has been granted jurisdiction by statute or regulation. *See, e.g., Weber v. Department of the Army*, 45 M.S.P.R. 406, 409 (1990). To establish the Board's jurisdiction over an IRA appeal, the appellant must show by a preponderance of the evidence that: (1) She disclosed information that she reasonably believed evidenced a violation of law, rule, or regulation, gross mismanagement, gross waste of funds, abuse of authority, or a substantial and specific danger to public health or safety; (2) the agency took or failed to take, or threatened to take or fail to take, a "personnel action," as defined in 5 U.S.C. § 2302(a)(2) after the July 9, 1989 effective date of the Whistleblower Protection Act (WPA); and (3) she raised the precise whistleblower issue before the Office of Special Counsel (OSC) and proceedings before OSC have been exhausted.[2] *See Pashun*, 74 M.S.P.R. at 378.

### The appellant has not established that the Board has jurisdiction over her IRA appeal.

The appellant's IRA appeal is based on the allegation that the agency's decision to terminate her employment constituted reprisal because of whistleblowing. *See* Appeal File (AF), Tab 1, Appeal and attachments thereto. The documentary evidence of record reflects that the appellant's separation on December 9, 1996, was effected in accordance with the terms of a settlement agreement that the appellant and the agency entered into

---

[1] In determining whether the appellant made a nonfrivolous allegation of jurisdiction, I considered the agency's documentary evidence tending to show that she has no right to appeal to the Board. *See Leiser v. Department of Justice*, 64 M.S.P.R. 543, 547 (1994), *aff'd*, 64 F.3d 678 (Fed. Cir. 1995) (Table).

[2] Preponderance of the evidence is defined at 5 C.F.R. § 1201.56(c)(2) as the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue.

in January of 1995. *See id.*, Tab 4, Subtabs 4a, 4b, 4c, and 4f. Specifically, the settlement agreement provided, in pertinent part, that the agency would transfer the appellant to a temporary position, "not to exceed one year," and that the appellant would resign from employment with the agency "not later than the end of that temporary position." *Id.*, Subtab 4f. The Standard Form 50 (SF-50), "Notification of Personnel Action," evidencing the appellant's temporary appointment effected pursuant to the settlement agreement shows that the appointment was made effective December 10, 1995, "NTE [not to exceed] 12-09-96." *Id.*, Subtab 4b. The SF-50 evidencing the expiration of the appellant's temporary appointment on December 9, 1996, shows that the appellant's termination was effected "per settlement agreement dated 01/30/95." *Id.*, Subtab 4a. The Board may consider a pre-appeal settlement agreement for the limited purpose of determining its validity and effect on a "personnel action" before the Board. *See Short v. U.S. Postal Service*, 66 M.S.P.R. 214, 218 (1995).

The Board has authority to hear IRA appeals only if those appeals concern an alleged violation of 5 U.S.C. § 2302(b)(8). *See Kern v. Department of Agriculture*, 48 M.S.P.R. 137, 140 (1991). Section 2302(b)(8) provides that agencies may not "take or fail to take . . . a personnel action with respect to any employee or applicant for employment" because of disclosures by that employee or applicant that are protected under that section. *Id.* The term "personnel action" is defined, for purposes of this provision, in 5 U.S.C. § 2302(a)(2)(A).

Although the expiration of a temporary appointment is not an "action," the Board has held that an agency's failure to renew an employee's temporary appointment constitutes a failure to take a "personnel action" as that term is defined in 5 U.S.C. § 2302(a)(2)(A). *See Kern*, 48 M.S.P.R. at 140; *Special Counsel v. Department of the Army*, 48 M.S.P.R. 13, 16 (1991). Here, however, the "action" in question--i.e., the expiration of the appellant's temporary appointment--did not result "from the agency's failure to take a personnel action extending the appointment." *Special Counsel*, 48 M.S.P.R. at 16. Rather, the "action" resulted from the agency's compliance with the specific terms of a settlement agreement (to which the appellant and her attorney were

signatories). As such, the appellant's IRA appeal does not appear to concern an allegation of reprisal in violation of 5 U.S.C. § 2302(b)(8).

Accordingly, on January 29, 1998, I issued an "Order to Show Cause," explaining the jurisdictional issue and the appellant's burden of proof, and giving the appellant the opportunity to file evidence and argument to show why I should not dismiss this IRA appeal for lack of jurisdiction. *See* AF, Tab 10. The appellant filed two responses to the show-cause order. In her first response, the appellant claimed that the agency violated the settlement agreement. *See id.*, Tab 12. In addition, the appellant impugned the ethics of the attorney who represented her at the time of the settlement, contended that he "was not protecting [her]," and opined that "the settlement agreement was just another management tool used to punish a whistleblower." *Id.* at pages 2 and 4. In her second response, the appellant made arguments relating to the merits of her whistleblowing claims. *See id.*, Tab 13. The agency also responded to the show-cause order, and asked that the appeal be dismissed for lack of jurisdiction. *See id.*, Tab 14.

The record shows that the appellant first sought corrective action from OSC regarding the same whistleblower issue that underlies this IRA appeal--i.e., her contention that she had been terminated from employment in reprisal for disclosing information protected under the WPA. *See* AF, Tab 1, Appeal and attachments thereto. In addition, proceedings before OSC have been exhausted. *See id.*, September 23, 1997 OSC "closure letter." The record does not show, however, that the appellant's separation upon the termination of her temporary appointment resulted from the agency's failure to take a "personnel action" as defined in 5 U.S.C. § 2302(a)(2).[3] Rather, as noted above, the appellant's separation was effected pursuant to the specific terms of a pre-appeal settlement agreement to which the appellant was a represented party. Further, the settlement agreement appears on its face to be valid and lawful, and the appellant has made no allegations supported by facts which, if proven, could show that

---

[3] In light of this determination, I make no finding regarding whether the appellant made a protected disclosure.

the settlement agreement was unlawful, involuntary, or was the result of fraud or mutual mistake. *See, e.g., Short,* 66 M.S.P.R. at 219.

Accordingly, the appellant has failed to establish that the Board has jurisdiction over her IRA appeal. This appeal therefore must be dismissed for lack of jurisdiction.

## DECISION

The appeal is DISMISSED.

FOR THE BOARD:          _____
                        Raphael Ben-Ami
                        Administrative Judge

## NOTICE TO APPELLANT

This initial decision will become final on __APR -7 1998__, unless a petition for review is filed by that date or the Board reopens the case on its own motion. This is an important date because it is usually the last day on which you can file a petition for review with the Board. However, if this initial decision is received by you more than 5 days after the date of issuance, you may file a petition for review within 30 days after the date you actually receive the initial decision. The date on which the initial decision becomes final also controls when you can file a petition for review with the Court of Appeals for the Federal Circuit. The paragraphs that follow tell you how and when to file with the Board or the federal court. These instructions are important because if you wish to file a petition, you must file it within the proper time period.

## BOARD REVIEW

You may request Board review of this initial decision by filing a petition for review. Your petition, with supporting evidence and argument, must be filed with:

The Clerk of the Board
Merit Systems Protection Board
1120 Vermont Avenue, NW., Room 806
Washington, DC 20419

If you file a petition for review, the Board will obtain the record in your case from the administrative judge and you should not submit anything to the Board that is already part of the record. Your petition must be postmarked, faxed, or hand-delivered no later than the date this initial decision becomes final, or if this initial decision is received by you more than 5 days after the date of issuance, 30 days after the date you actually receive the initial decision. If you fail to provide a statement with your petition that you have either mailed, faxed, or hand-delivered a copy of your petition to the agency, your petition will be rejected and returned to you.

## JUDICIAL REVIEW

If you are dissatisfied with the Board's final decision, you may file a petition with:

The United States Court of Appeals
for the Federal Circuit
717 Madison Place, NW.
Washington, DC 20439

You may not file your petition with the court before this decision becomes final. To be timely, your petition must be <u>received</u> by the court no later than 30 calendar days after the date this initial decision becomes final.

## **NOTICE TO AGENCY/INTERVENOR**

The agency or intervenor may file a petition for review of this initial decision in accordance with the Board's regulations.

## CERTIFICATE OF SERVICE

I certify that the attached Document(s) was (were) sent by regular mail this day to each of the following:

<u>Appellant</u>

Rose Mary Dews-Miller
c/o John D. Pratt
6713 Harwood Place
Springfield, VA  22152-2419

<u>Appellant's Representative</u>

John D. Pratt
6713 Harwood Place
Springfield, VA  22152-2419

<u>Agency's Representative</u>

Carol B. Epstein
Assistant General Counsel
U.S. Information Agency
301 4th Street, SW., Room 700
Washington, DC  20547

<u>Other</u>

Marjorie Marks
U.S. Office of Personnel Management
Employee Relations Division
1900 "E" Street, NW., Room 7412
Washington, DC 20415

MAR - 3 1998
(Date)

Vicki L. Falk
Legal Assistant