# EXHIBIT 50

Affidavit of Alice Adams

CITY OF:    Washington
STATE OF:   District of Columbia

## AFFIDAVIT

I, Alice M. Adams, Budget Analyst, GS-560-13, Program Support Branch, Budget Execution Division, Office of the Comptroller, Bureau of Management, United States Information Agency (hereinafter "Agency"), do solemnly swear or affirm:

I am submitting this affidavit in response to questions by Investigator, Lee M. Kramer, to answer the complaint of discrimination of Rose Mary Dews-Miller, dated March 28, 1996, against the Agency.

For the record I have worked for the government for seventeen (17) years.

I understand the Complainant is alleging that she was discriminated against on the basis of reprisal, for previous EEO activities, when the following events occurred:

(1) For the May 1, 1994 to January 24, 1995 Performance Report, she received a "Minimally Successful" performance rating. The Rating and Reviewing Officers failed to discuss the "Minimally Successful" rating or to explain her deficiencies to her before issuing this rating, pursuant to the Manual of Operations and Administration (MOA), Part V-A, Section 453.2(c)(1), (2) and (3);

(2) For the February 1, 1995 to July 31, 1995 Performance Appraisal Report, she received a "Minimally Successful" performance rating. The Rating and Reviewing Officers failed to discuss the "Minimally Successful" rating or to explain her deficiencies to her before issuing the rating, pursuant to the MOA, Part V-A, Section 453.2(c)(1), (2) and (3);

(3) From September 5, 1995 through November 24, 1995, she was placed on Absence Without Leave (AWOL) because of a work injury. She reported the work injury to her then immediate supervisors (Rating and Reviewing Officers), pursuant to MOA, Part V-A, Section 506.3(c)(1). However, the Management Official who placed her on AWOL was not her supervisor at the time of her work injury; and

Page 1 of 3 Pages                                Initials: /AA/

EXHIBIT 17
PAGE 1 OF 3 PAGES

(4) On November 9, 1995, she was denied a Within Grade Increase (WGI). The Rating and Reviewing Officers failed to discuss her deficiencies in performance with her that resulted in the denial of the WGI, pursuant to MOA, Part V-A, Section 453.2(c)(1), (2) and (3).

I have been a Budget Analyst in the Program Support Branch for approximately six (6) years. I have worked as a Budget Analyst for approximately eight and a half (8 1/2) years at the Agency. My first line supervisor is Lucia Homick, Chief of the Program Support Branch, and my second-line supervisor is Eva Diekmann, Chief of the Budget Execution Division.

I started working with the Complainant when she became the Administrative Officer in the OIG. I believe that the Complainant started working as an Administrative Officer around 1992/1993. As part of the Complainant's responsibilities as the Administrative Officer she was required to prepare the OIG's OMB submission, and their annual request for appropriation to Congress. To the best of my knowledge, I reviewed two years maybe three years of the Complainant's submissions. The Complainant would prepare the documentation and submit it to the Office of the Comptroller for review. After the Office of the Comptroller would review the submissions I would be tasked to make any corrections that they pointed out. These corrections were not things that I was responsible for, but they would be the responsibility of the Complainant to fix. I always needed to make multiple corrections of the Complainant's work. These would not just be routine corrections, but every year she would make the same mistakes or new mistakes on the submissions. She would make errors in math, in formatting, and in terminology. I would hand the submissions back to the Complainant and I would explain to her what needed to be done. After the Complainant supposedly corrected the documentation she would then return the submissions to me. However, the submissions would have either new mistakes or the errors that I pointed out to her would not be corrected properly. I would inevitably wind up correcting the documentation myself. This would happen year after year.

She also was responsible for the financial plans for the quarterly distribution of the OIG's appropriation as required by the OMB. Occasionally the Complainant would exceed the quarterly apportionment. I would need to tell the Complainant about this and she would make an apportionment shift or deobligate funds.

Page 2 of 3 Pages                                              Initials: _____

EXHIBIT 17
PAGE 2 OF 3 PAGES

The Complainant states in her affidavit that the Agency's financial management system is prone to errors and runs extremely slow in relation to real time obligations and expenditures. I would like to point out that most of the other offices in the Agency maintain their records and their balances in an even manner and do not have problems with over obligating their funds. This is not a good excuse for her inability to track office obligations. In most offices one person is responsible for signing funds available and they keep a cuff record of what funds are available to cover office obligations. This is similar to keeping a checkbook register. I would think that the Complainant would have been able to keep such a record, and it would have been her responsibility to do so. If she was having problems with the Agency's system she should have maintained her own records.

I have read this statement consisting of three pages, and it is true and correct. I have signed or initialed each page. I have been given an opportunity to make any corrections or additions which I have initialed. I understand that the information I have given is not to be considered confidential; that it may be shown to the interested parties; and that it may be used in evidence.

*Alice M. Adams* (signature)
Alice M. Adams

Subscribed and sworn before me at the United States Information Agency, 301 4th Street, SW, this sixth day of November, 1996.

*Lee M. Kramer* (signature)
Lee M. Kramer, Investigator
Page 3 of 3 Pages

EXHIBIT 17
PAGE 3 OF 3 PAGES