# EXHIBIT   51

Affidavit of Elaine John

CITY OF:   Arlington
STATE OF:  Virginia

## AFFIDAVIT

I, Elaine John, Management Analyst, GS-343-13, Plans, Report and Analysis, in the Policy, Plans and Management Division, in the Office of Inspector General, State Department, and formerly Management Analyst, GS-343-13, Management and Administration, United States Information Agency (hereinafter "Agency"), do solemnly swear or affirm:

I am submitting this affidavit in response to questions by Investigator, Lee M. Kramer, to answer the complaint of discrimination of Rose Mary Dews-Miller, dated March 28, 1996, against the Agency.

For the record I have worked for the government for twenty (20) years.

I understand the Complainant is alleging that she was discriminated against on the basis of reprisal, for previous EEO activities, when the following events occurred:

(1) For the May 1, 1994 to January 24, 1995 Performance Report, she received a "Minimally Successful" performance rating. The Rating and Reviewing Officers failed to discuss the "Minimally Successful" rating or to explain her deficiencies to her before issuing this rating, pursuant to the Manual of Operations and Administration (MOA), Part V-A, Section 453.2(c)(1), (2) and (3);

(2) For the February 1, 1995 to July 31, 1995 Performance Appraisal Report, she received a "Minimally Successful" performance rating. The Rating and Reviewing Officers failed to discuss the "Minimally Successful" rating or to explain her deficiencies to her before issuing the rating, pursuant to the MOA, Part V-A, Section 453.2(c)(1), (2) and (3);

(3) From September 5, 1995 through November 24, 1995, she was placed on Absence Without Leave (AWOL) because of a work injury. She reported the work injury to her then immediate supervisors (Rating and Reviewing Officers), pursuant to MOA, Part V-A, Section 506.3(c)(1). However, the Management Official who placed her on AWOL was not her supervisor at the time of her work injury; and

Page 1 of 3 Pages                          Initials: _EC_

EXHIBIT: _18_
PAGE _1_ OF _3_ PAGES

(4) On November 9, 1995, she was denied a Within Grade Increase (WGI). The Rating and Reviewing Officers failed to discuss her deficiencies in performance with her that resulted in the denial of the WGI, pursuant to MOA, Part V-A, Section 453.2(c)(1), (2) and (3).

I was a Management Analyst in the OIG since around April, 1992 through April, 1996. I worked with the Complainant in the OIG until she left in January, 1995. My first line supervisor was Darwin Roberts and my second line supervisor was Louis Leporatti up until April, 1995. In April, 1995, Ms. Anne Young, the Assistant Inspector General for Management and Administration, became my first line supervisor, and Marian Bennett, the Inspector General, was my second line supervisor.

I never supervised the Complainant, however, I was familiar with her work performance. We were in a small office with a small staff and often the staff needed to assist each other in getting work done. The Complainant as the Administrative Officer was responsible for handling personnel and budget responsibilities. My responsibilities were to handle Automated Data Processing requirements and facility requirements. When the Complainant was absent from work I would be asked to assist in preparing the budget reports and personnel documents. It would be necessary for me to pull information together from the Complainant's files and other work that she previously completed for prior years. I found that the files were not up-to-date and it was difficult for me to complete the work since the Complainant's files were incomplete. I would have to go over to the Office of the Comptroller and search their records for what was submitted in the prior year for me to complete the current year's budget.

When the Complainant left the OIG to go to the Office of the Comptroller a number of her responsibilities were given to me. I took over all the budget responsibilities and the travel. I was not the Budget Officer and I still maintained my then current position. This was only to be a temporary situation. However, I continued to perform these duties until I transferred in April, 1996 to the State Department. The OIG never filled the Complainant's position.

When I was performing the Complainant's responsibilities I never had a problem reconciling the IG's obligations and expenditures. I did this on a monthly basis. I did find that the financial management system was outdated, however, to the best of my knowledge each office within the Agency was able to use the system for reconciling cuff records.

Page 2 of 3 Pages                                    Initials: /s/

EXHIBIT: 18
PAGE 2 OF 3 PAGES

I can recall that after the Complainant left the OIG I needed to find some administrative files. I searched the Complainant's work space for the files I needed and discovered that the Complainant had placed a significant amount of papers and documents in a two-door supply cabinet. The documents and papers were not in any order or any filing system. The supply cabinet was just stacked with paper. I consulted with Darwin Roberts and he spoke with Marian Bennett. Ms. Bennett instructed me to take Polaroid pictures of the supply cabinet with the documents and papers left by the Complainant. I was assigned the task to work with three (3) other employees to properly file the documents that the Complainant stacked in the supply cabinet. It took us approximately three (3) weeks to file these documents.

Also, I can recall that I could not find the files that Complainant was supposed to maintain on the computer system. Her entire directory was empty. At a later time, Mr. Roberts gave me some computer disks that he obtained from the Complainant that were supposed to contain current budget files. I reviewed the disks, but I could not find the information that I needed. I was then assigned to recreate the cuff records for all OIG expenditures from October 1, 1994 through February, 1995. I recreated these records from the stacks of documents and papers that the Complainant left in the supply cabinet.

I have read this statement consisting of three pages, and it is true and correct. I have signed or initialed each page. I have been given an opportunity to make any corrections or additions which I have initialed. I understand that the information I have given is not to be considered confidential; that it may be shown to the interested parties; and that it may be used in evidence.

_Elaine C. John_
Elaine John

Subscribed and sworn before me at the State Department, 1700 N. Moore Street, Arlington, Virginia this seventh day of November, 1996.

_Lee M. Kramer_
Lee M. Kramer, Investigator
Page 3 of 3 Pages

EXHIBIT 18
PAGE 3 OF 3 PAGES