# EXHIBIT 57

Manual of Operations and Administration

within-grade increases of the grade from which promoted, repromoted or tranferred. This rule also applies for temporary promotions.

234.6   **Changes to the Same or Lower Grade/Class** - An employee who is transferred to the same or lower grade/class, reassigned or demoted may be paid at any rate of the grade/class which does not exceed his or her highest previous salary rate. If his or her highest previous rate falls between two rates of pay in the new grade/class, the employee receives the higher rate. See para. 238 regarding employees on special salary rates.

234.7   **For Wage Board Appointments** - It is the Bureau of Broadcasting's policy to set the pay of individuals hired, transferred, reassigned, or otherwise placed after January 22, 1984, into Wage Board (Radio Broadcast Technician) bargaining unit positions in the Technical Operations Division and New York News Bureau based on the grade and salary table established in January of 1984 under Section 1 of Article V, A of the negotiated agreement with NFFE, Local 1418. This policy also applies to individuals who were at one time covered by Section 3 of Article V, A of the agreement but who subsequently vacated positions covered by this part of the agreement.

Normally pay will be set initially at Step 1 of the applicable grade level. Provisions for advance in-step hiring for new employees or highest previous/existing rate for former or current Government employees entering or reentering the pay system shall be applied only in cases where:

   a.  the applicant clearly possesses special qualifications (i.e., an applicant with skills and experience of an exceptional or highly specialized nature), and

   b.  the Agency has a compelling need for the applicant's special qualifications. Except in extraordinary circumstances, pay will not be set initially above Step 3.

Requests for setting pay above Step 1 must be submitted by the selecting official, in writing, with a justification, to the Director of Personnel (B/P) for approval.

234.8   **Corrections** -

   a.  If an employee is placed in a lower rate of pay than the one for which he or she may be eligible and there is evidence the action was taken in error, the error may be corrected retroactively.

   b.  If an employee is placed in a lower rate of pay than the one for which he or she may be eligible because of limited funds, the rate of pay may not be increased later when funds become available.

234.9   **Responsibility for Determining Rates of Pay** - The Director, Office of Personnel (M/P or B/P) or Chief, B/CP is responsible for making final determinations on rates of pay.

235  **WITHIN-GRADE INCREASES**

235.1   **Within-Grade Increases for General Schedule, Federal Wage System, Including Wage Board, Employees** -

   a.  This section is the Agency's within-grade increases component of the PMS performance management plan. The PMS performance appraisal system for employee's covered under this section is contained in MOA V-A 450.

   b.  **Coverage** - This section applies to all employees in the domestic service of the Agency under the General Schedule (including non-U.S. citizen [GG] employees) and Federal Wage System

TL 9120 (2/28/93)
(M/PPS)

Exhibit 24

(including Wage Board employees). It does not apply to employees who are members of the Senior Executive Service (SES) or to GM employees covered by the provisions of the Performance Management and Recognition System (PMRS).

c. Authority – The principal authorities for providing within-grade increases are Chapters 23 and 53 of Title 5 of the United States Code, Section 402 of Executive Order 11721 and Subchapter D of Part 531 of the Code of Federal Regulations.

235.2  Definitions

a. Acceptable Level of Competence – Fully Successful performance by an employee of the duties and responsibilities of his or her assigned position which warrants advancement of the employee's rate of basic pay to the next higher step of his/her grade subject to the requirements of Sections 235.4 and

235.7. The test for a within-grade increase eligibility for Wage Grade and Wage Board employees is that the overall rating in the most recent performance appraisal is "Satisfactory," i.e., "Fully Successful," or better. Therefore, for Wage Grade and Wage Board employees, Fully Successful performance is to be substituted for "Acceptable Level of Competence" throughout these regulations.

b. Critical Requirement – A component of a position consisting of one or more duties and responsibilities which contributes toward accomplishing organizational goals and objectives and which is of such importance that unacceptable (Unsuccessful) performance on the requirement would result in Unsuccessful performance in the position ("Critical requirement" is the term used by the Agency for a critical element as defined in 5 CFR 430.203).

c. Permanent Position – A position filled by a General Schedule employee whose appointment is not designated as temporary by law and does not have a definite time limitation of one year or less. "Permanent position" includes a position to which an employee is promoted on a temporary or term basis for at least one year, and may include positions allocated by the Office of the Comptroller as temporary.

d. Equivalent Increase in Pay – An increase or increases in an employee's rate of basic pay equal to or greater than the difference between the rate of pay for the grade and step occupied by the employee and the rate of pay for the next higher step of that grade. Examples of equivalent increases in pay are:

(1) any increase in basic salary resulting from a promotion;

(2) a regularly scheduled within-grade increase;

(3) a salary adjustment or combination of adjustments made since the last equivalent increase in pay resulting from conversion from one pay system to another, and equal to or greater than the amount of the within-grade increase for the grade to which the employee was appointed; and

(4) an employee moving from PMRS to general schedule who received one-half, one-third, or no portion of a merit increase is considered to have received the equivalent of a full step increase. He/she would start a new waiting period on the effective date of receipt or non-receipt of that merit increase.



TL 912D (5/28/93)
(M/PPS)

235.3   Responsibilities

  a.  <u>M/P, B/P, and B/CP</u> are responsible for:

   (1) Notifying the appropriate supervisor or manager at least 90 days in advance of the date that each employee covered by this section will complete the waiting period for the next within-grade increase. Form WGI-03 is used for such notification.

   (2) Reviewing and deciding reconsideration requests from employees of Bureaus, Services and Offices other than M/P, B/P or B/CP when a within-grade increase is denied. Requests from M/P employees for reconsideration will be reviewed and decided by the Associate Director for Management or designee. B/CP and B/P employees will have reconsideration requests reviewed and decided by the Associate Director for Broadcasting or designee.

   (3) Providing advice to supervisors and managers.

  b.  <u>Head of Bureaus, (M, E, BoB and P) Services and Offices (D, AC, GC, PL, OIG, AF, EU, EA, AR, NEA, B/C or designees)</u> are responsible for:

   (1) Ensuring that supervisors notify employees of any factors that raise a question about the level of their performance (see 235.8), and

   (2) Approving or disapproving within grade increase determinations, including Notices of Negative Determination (see 235.8).

  c.  <u>Supervisors</u> are responsible for:

   (1) Determining whether the performance of an employee who has completed the required waiting period is of an acceptable level of competence to warrant receiving a within-grade increase. Such determinations will be made using the performance appraisal process.

   (2) Notifying employees of any factors that raise a question about the level of their performance (see 235.8).

   (3) Obtaining the review and approval of a higher level manager/supervisor (normally the second level supervisor) on a positive determination to grant a WGI (Form WGI-03).

   (4) Obtaining approval of Bureau, Office, or Service Head, or designee, on a Notice of Negative Determination and Form WGI-03.

235.4   <u>Eligibility</u> - An employee covered by this plan who has not reached the maximum rate of pay for the grade in which his or her position is placed (and, if in the General Schedule, is occupying a permanent position) shall be advanced in pay successively to the next higher rate within the grade provided that:

  a. The employee's performance of the duties and responsibilities of his or her assigned position must be at an acceptable level of competence, as defined in this section by authority of Section 402 of E.O. 11721, as amended. To be determined at an acceptable level of competence, the employee's most recent rating of record as defined in MOA V-A 451.5 k., must be at least "Fully Successful."

(1) When a within-grade increase decision is not consistent with the employee's most recent rating of record a more current rating of record must be prepared.

(2) The summary rating of record used as the basis for an acceptable level of competence determination for a within-grade increase must have been assigned no earlier than the most recently completed appraisal period;

b. The employee must have completed the required waiting period for advancement to the next higher step of the grade of his or her position; and

c. The employee must not have received an equivalent increase during the waiting period.

235.5   Waiting Period

a. Length of a waiting period

(1) For General Schedule employees with prearranged regularly scheduled tours of duty the waiting periods for advancement to the following steps in all General Schedule grades are:

(a) Steps 2, 3, and 4 - 52 calendar weeks of creditable service;

(b) Steps 5, 6, and 7 - 104 calendar weeks of creditable service; and

(c) Steps 8, 9, and 10 - 156 calendar weeks of creditable service.

(2) For General Schedule employees without prearranged regularly scheduled tours of duty (e.g., for employees working on an intermittent basis), a day's credit is given for each day in a pay status. The waiting periods are:

(a) Steps 2, 3, and 4 - 260 days of creditable service in a pay status over a period of not less than 52 calendar weeks;

(b) Steps 5, 6, and 7 - 520 days of creditable service in a pay status over a period of not less than 104 calendar weeks; and

(c) Steps 8, 9, and 10 - 780 days of creditable service in a pay status over a period of not less than 156 calendar weeks.

(3) For non-supervisory or leader Wage Grade employees with prearranged regularly scheduled tours of duty, the waiting periods are:

(a) Rate 2: 26 weeks of creditable service in rate 1. (Form WGI-03 will suffice to certify an employee's performance at a satisfactory level when a performance appraisal report is not yet required.);

(b) Rate 3: 78 weeks of creditable service in rate 2; and

(c) If applicable, to rates 4 and 5: 104 weeks of creditable service in each of rates 3 and 4.

See FPM Supplement 532-1 for employees without a prearranged regularly scheduled tour of duty.

(4) For supervisory Wage Grade employees:

(a) To rate 2: 26 weeks of creditable service in rate 1;

(b) To rate 3: 78 weeks of creditable service in rate 2; and



TL 9120 (2/28/93)
(M/PPS)

| 200  CLASSIFICATION AND COMPENSATION | 235.6 SECTION 230 |

     (c) To rates 4 and 5: 104 weeks of creditable service at the next lower rate.

     (5) <u>For Wage Board Radio Broadcast Technicians</u>:

     52 weeks of creditable service at the next lower rate.

  b.  <u>Commencement of a waiting period</u> - A waiting period begins:

     (1) On the first appointment as an employee of the Federal Government, regardless of tenure;

     (2) On receiving an equivalent increase; or

     (3) After a period of nonpay status or a break in service (alone or in combination) in excess of 52 calendar weeks unless the non pay status or break in service is creditable service under Section 235.6.

  c.  A waiting period is not interrupted by non-workdays intervening between an employee's last scheduled workday in one position and his/her first scheduled workday in the new position.

235.6  <u>Creditable Service Toward a Within-Grade Increase</u>

  a.  <u>For General Schedule (GS) Employees</u> -

     (1) Civilian employment in any branch of the Federal Government (executive, legislative, or judicial) or with a government corporation as defined in Section 103 of Title 5, United States Code, is creditable service in the computation of a waiting period. Service credit is given during this employment for periods of annual, sick, and other leave with pay; advanced annual and sick leave; and service under a temporary or term appointment. Depending on the specific provisions of law or regulations, service may be creditable for the completion of one waiting period or for the completion of successive waiting periods.

     (2) <u>Service creditable for one within-grade increase</u>

     (a) Military service as defined in Section 8331(13) of Title 5, United States Code, is creditable service in the computation of a waiting period when an employee is reemployed with the Federal Government not later than 52 calendar weeks after separation from such service or hospitalization continuing thereafter for a period of not more than one year.

     (b) Time in a nonpay status is creditable service in the computation of a waiting period for an employee with a scheduled tour of duty when it does not exceed an aggregate of:

     (i) Two workweeks in the waiting period for steps 2, 3, and 4;

     (ii) Four workweeks in the waiting period for steps 5, 6, and 7;

     (iii) Six workweeks in the waiting period for steps 8, 9, and 10.

Except as provided in paragraph (3) of this section, time in a nonpay status in excess of the allowable amount shall extend a waiting period by the excess amount.



TL 912D (2/28/93)
(M/PPS)

(3) Service creditable for successive within-grade increases

(a) A leave of absence from a position in which an employee is covered by this section, whether the employee is on leave without pay or considered to be on furlough, is creditable service in the computation of waiting periods for successive within-grade increases when:

(i) The employee is absent due to military service as defined in Section 8331(13) of Title 5, United States Code, and returns to pay status through the exercise of a restoration of right provided by law, Executive Order or regulation;

(ii) The employee is receiving injury (worker's) compensation under Subchapter I of Chapter 81 of Title 5, United States Code;

(iii) The employee is performing service that is creditable under Section 8332(b) (5) or (7) of Title 5, United States Code (applies to certain service with Peace Corps, VISTA, and ACTION);

(iv) The employee is temporarily employed by another agency in a position covered by FPM Chapter 531; or

(v) The employee is assigned to a State or local government or institution of higher education under Sections 3371-3376 of Title 5, United States Code.

(b) The period from the date of an employee's separation from Federal Service with a restoration of reemployment right granted by law, Executive Order, or regulation to the date or restoration or reemployment with the Federal Government through the exercise of that right is creditable service in the computation of waiting periods for successive within-grade increases.

(c) The period during which a separated employee is in receipt of injury compensation under Subchapter I of Chapter 81 of Title 5, United States Code, as a result of an injury incurred by the employee in the performance of duty is creditable service in the computation of waiting periods for successive within-grade increases when the employee is reemployed with the Federal Government.

b. Creditable Service Toward a Within-Grade Increase for Wage Grade and Wage Board Employees - See FPM Supplement 532-1 for definitions of service that is creditable in the computation of a waiting period.

235.7   Determination of Acceptable Level of Competence

a. Employees covered by the appraisal system established in MOA V-A 450 shall be informed of the specific performance requirements that constitute an acceptable level of competence within the time frame and by means of communication of performance standards established under MOA V-A 450.

b. Employees not covered by this appraisal system shall be informed of the specific requirements for performance at an acceptable level of competence within a reasonable period of time after initial appointment or permanent change in position.

TL 912D (5/28/93)
(M/PPS)

c. An acceptable level of competence determination shall be based on a current rating of record made under the provisions of MOA V-A 450.

d. M/P, B/P, or B/CP will notify the appropriate manager or supervisor at least 90 days in advance of the date that a covered employee will complete the waiting period for the next within-grade increase using Form WGI-03.

e. The appropriate immediate supervisor or manager will determine whether the employee's performance is of an "Acceptable Level of Competence," as described in Section 235.7h. The determination must be reviewed and approved by a higher level supervisor, normally the second level supervisor. Form WGI-03 must be signed by the immediate supervisor and reviewed and approved by a higher level supervisor, indicating the decision made, and returned to M/P, B/P, or B/CP.

However, in those cases where it is determined that the employee's work is not of an acceptable level of competence, the head of the Bureau, Service or Office, or designee, must sign the Form WGI-03 and attach a notice of negative determination as required in Section 235.8.

f. The decision to grant or withhold a within-grade increase must be supported by the employee's most recent rating of record. If the within-grade increase decision is not consistent with the employee's most recent rating of record, a more current rating of record must be prepared. The rating of record used as the basis for an acceptable level of competence determination for a within-grade increase must have been assigned no earlier than the most recently completed appraisal period.

g. If an employee has been reduced in grade because of unacceptable ("Unsuccessful") performance and has served in one position at the lower grade for at least the minimum appraisal period (90 days), a rating of record at the lower grade shall be used as the basis for an acceptable level of competence determination.

h. Each supervisor must determine whether an employee's performance warrants a within-grade increase once the employee has completed the required waiting period. To warrant a within-grade increase, an employee's performance must meet the acceptable level of competence (i.e., at least Fully Successful) based on his or her most recent summary rating of record and must remain at the Fully Successful or higher level at the time of the within-grade increase determination. If the employee's rating of record is less than Fully Successful, but his or her performance subsequently has improved to the Fully Successful level, a new rating of record must be prepared. When these conditions are met, the immediate supervisor must sign the WGI-03 indicating approval and a higher level supervisor (normally the second level supervisor) must also review and approve the determination granting the within-grade increase and return it to M/P, B/P or B/CP.

i. Special circumstances affecting General Schedule, and Federal Wage System, including Wage Board, employees

(1) An acceptable level of competence determination must be delayed when either of the following applies:

(a) An employee has not had 90 days to demonstrate acceptable performance because he or she has not been informed of the specific requirements for an acceptable level of

competence in his or her current position and the employee has not been given a performance rating in any position within 90 days before the end of the waiting period; or

(b) An employee has been reduced in grade because of unacceptable performance to a position in which he or she is eligible for a within-grade increase or will become eligible within the minimum 90 day rating period.

(2) When a within-grade increase determination has been delayed:

(a) The employee shall be informed that his or her determination is postponed and the rating period extended and shall be told of the specific requirements for performance at an acceptable level of competence, and a copy of Form WGI-03 shall be returned to the Office of Personnel explaining the delay.

(b) An acceptable level of competence determination shall then be made upon completion of the minimum 90 day rating period and shall be based on the employee's rating of record completed at the end of the appraisal period.

(c) If, following the delay, the employee's performance is determined to be at an acceptable level of competence, the within-grade increase will be granted retroactively to the beginning of the pay period following completion of the applicable waiting period.

(3) An acceptable level of competence determination shall be waived and a within-grade increase granted when an employee has not served in any position for the minimum 90 day rating period during the final 52 calendar weeks of the waiting period because of one or more of the following reasons:

(a) Absences that are creditable service in the computation of a waiting period or periods under 5 CFR 531.406 (as defined in MOA V-A 235.6);

(b) Paid leave;

(c) The employee received service credit under the back pay provisions of 5 CFR 550, Subpart H;

(d) Details to another agency or employer for which no rating has been prepared; or

(e) Long-term training.

In such a situation, there shall be a presumption that the employee would have performed at an acceptable level of competence had the employee performed the duties of his or her position of record for the minimum 90 day rating period.

235.8   Denying Within-Grade Increases

a. A negative determination will be made when a supervisor determines that an employee's performance is not at an acceptable level of competence. This may occur, for example, when:

(1) The most recent rating of record is at the Minimally Successful level and has not improved;

(2) Performance has deteriorated to a less than Fully Successful level since the most recent rating of record; or

(3) Performance remains at the Unsuccessful level since the most recent rating of record.

The negative determination shall be communicated through a Notice of Negative Determination (see paragraph d below) approved by the Bureau Head or designee. A copy of this Notice must be attached to the WGI-03 Form and sent to M/P, B/P, or B/CP.

b. <u>Minimally Successful Performer</u> -- *When an employee's most recent rating of record is Minimally Successful, and the supervisor determines that performance has improved to the Fully Successful level by the end of the WGI waiting period*, the employee shall be given a new rating of record. If the employee's performance has not improved to the Fully Successful level by the end of the waiting period, the employee shall be given a Notice of Negative Determination.

c. <u>Deteriorated Performance</u> -- When the performance of an employee with a rating of record of Fully Successful has deteriorated to a lower level at the time of the within-grade increase determination, the supervisor must consult with the appropriate Office of Personnel and *prepare and give the employee a new rating of record to support a negative determination. See MOA V-A 450 for procedures when an employee is given an Unsuccessful rating of record.*

*d. <u>Notice of Negative Within-Grade Increase Determination</u> - If the employee's performance is not at an acceptable level of competence at the end of the waiting period, the supervisor, with the advice and assistance of the appropriate Office of Personnel and the approval of the Associate or Office Director, or Service Head, or designee,

shall give the employee a* Notice of Negative Within-Grade Increase Determination which shall:

(1) Set forth the reasons for any negative determination and the respects in which the employee must improve his or her performance in order to be granted a within-grade increase in the future; and

(2) Inform the employee (or the employee's representative) of his or her right to request in writing that the appropriately designated Agency official (the Director of Personnel (M/P or B/P) reconsider the determination. The written request must be filed within 15 days after receiving the Notice of Negative Determination and set forth the reasons the Agency should reconsider the determination. Employees in M/P or B/P should send their requests to the Associate Director of Management or Broadcasting as appropriate.

*(NOTE: A Performance Improvement Plan may be combined with the Negative Determination to fulfill the requirement in V-A 450 when an Unsuccessful rating of record is given to an employee.)*

An employee in a duty status shall be granted a reasonable amount of official time to review the material relied upon to support the negative determination and to prepare a response to the determination.

*The waiting period for a within-grade increase may not be extended nor may the determination be delayed except under circumstances described in 235.7i.*

e. A copy of the written notice of denial of the within-grade increase will be placed in the employee's Official Personnel Folder with the SF-50, Notification of Personnel Action. If the denial is later reversed through

TL 912D (2/28/93)
(M/PPS)

PAGE 9 OF 12

reconsideration or appeal, these documents will be removed from the Official Personnel Folder.

f. The Director, M/P or B/P, or the Chief, B/CP, or designee, will review and decide reconsideration requests for employees of Bureaus, Services and Offices other than M/P, B/P, or B/CP. Requests from M/P, B/P, or B/CP employees for reconsideration will be reviewed and decided by the respective Associate Directors (M or BOB), or designee. B/C employees will have any reconsideration requests reviewed by the Director, B/P. Employee requests for reconsideration of a Notice of Negative Determination (WGI), as described in 235.8d. must be reviewed in accordance with procedures for such reviews at 235.8f. through l. and may not be processed as a grievance under the terms of a collective bargaining agreement. Only a negative determination sustained _after_ completion of the reconsideration process may be raised as a grievance under a collective bargaining agreement. (See also 235.81.)

g. When an employee files a request for reconsideration, the appropriate Office of Personnel shall establish an employee reconsideration file which shall contain all pertinent documents relating to the negative determination and request for reconsideration, including copies of the following:

(1) The written negative determination and the basis therefore;

(2) The employee's written request for reconsideration;

(3) The report of investigation when an investigation is made;

(4) The written summary or transcript of any personal presentation made; and

(5) The final decision by the Director, M/P or B/P, the Chief, B/CP, or Associate Director, on the request for reconsideration.

h. The employee reconsideration file shall not contain any document that has not been made available to the employee or the employee's personal representative with an opportunity to submit a written exception to any summary of the employee's personal presentation.

i. The time limit to request a reconsideration may be extended when the employee shows he/she was not notified of the time limit and was not otherwise aware of it, or that the employee was prevented by circumstances beyond his/her control from requesting reconsideration within the time limit.

j. The Agency may disallow as an employee's personal representative an individual whose activities as a representative would cause a conflict of interest of position, an employee whose release from his/her official duties and responsibilities would give rise to unreasonable costs to the Government, or an employee whose priority work assignment precludes his or her release from official duties and responsibilities. Section 7114 of Title 5, United States Code, and the terms of any applicable collective bargaining agreement govern representation for employees in an exclusive bargaining unit.

k.  The Agency shall provide the employee with a written final decision normally within 30 calendar days from the request for reconsideration. If a final decision can not be issued within the 30 days, the employee will be so notified in writing during the 30 day period.

l.  When a negative determination is sustained after reconsideration, the employee shall be informed in writing of the reasons for the decision. General Schedule employees will be informed of their right to appeal the decision to the Merit Systems Protection Board. Non-GS employees not covered by a collective bargaining unit agreement (e.g., wage supervisors) may grieve the decision under the administrative grievance procedures described in MOA V-A 540. For an employee covered by a collective bargaining agreement, a reconsideration decision that sustains a negative determination is only reviewable in accordance with the terms of the agreement.

m.  When a within-grade increase has been withheld, a supervisor may, at any time thereafter, prepare a new rating of record for the employee and grant the within-grade increase when he or she determines that the employee demonstrated sustained performance at an acceptable level of competence. However, the supervisor shall determine whether the employee's performance is at an acceptable level of competence after no more than 52 calendar weeks following the original eligibility date for the within-grade increase and, for as long as the within-grade increase continues to be denied, determinations will be made after no longer than each 52 calendar weeks.

n.  A new WGI-03 must be signed when such a redetermination is made and the employee so notified. If the employee's performance warrants granting a within-grade increase, the effective date of the within-grade increase shall be the first day of te first pay period following the redetermination.

235.9   Effective Dates of Within-Grade Increases

a.  Except as provided below, a within-grade increase is effective on the first day of the first pay period following completion of the required waiting period, provided that the appropriate supervisors or managers have certified that the employee has performed at an "Acceptable Level of Competence."

b.  If, through an oversight, a favorable decision is delayed beyond the end of the waiting period, the pay increase will be retroactive to the beginning of the first pay period following the end of the employee's waiting period.

c.  If a reconsideration or appeal results in reversing an original denial of within-grade increase, the within-grade increase will be effective on the original eligibility date.

d.  When an "Acceptable Level of Competence" is achieved at some time after a negative determination, the effective date is the first day of the first pay period after the new "Acceptable Level of Competence" determination.

e. When the effective date of within-grade increase occurs simultaneously with the effective date of another personnel action, the within-grade increase and the personnel action will be processed in the order that gives the employee the maximum benefit.

f. An improper personnel action later corrected in accordance with mandatory, statutory or regulatory requirements does not extend the waiting period for a within-grade increase. In such a case, the waiting period begins as of the date it would have begun had the improper action not occurred.

g. See MOA V-A 235.2d(4) for effective date for employees moving from PMRS to general schedule.

236 (unassigned)

237 RATES OF PAY FOR STATUTORY AND EXEMPTED POSITIONS

237.1   Executive Positions - Under 5 U.S.C., Chapter 53, Subchapter II, the following Agency positions are placed in the Federal Executive Salary Schedule at the levels indicated. The current salary rates are authorized by Executive Order 12736, effective January 4, 1991.

Director
    Level II

Deputy Director
    Level III

Bureau Directors
and Inspector General
    Level IV

237.2   Senior Executive Service (SES) Positions - Under P.L. 95-454, (Civil Service Reform Act of 1978) there are six pay rates (ES-1 through ES-6) which are periodically adjusted by the President (the current rates are authorized by Executive Order 12736 effective January 4, 1991). The lowest rate must not be less than 120 percent of the minimum rate of a GS-15 and the highest cannot exceed the rate of Executive Level IV.

237.3   Senior Level (SL) Positions Above GS-15 - PL 101-509, 11/5/90, and 5 USC 5376, authorize the Agency head to fix the rate of basic pay for positions classified above GS-15, other than Senior Executive Service, at not less than 120% of the minimum rate of basic pay payable for GS-15 of the General Schedule and not greater than the rate of basic pay payable for level IV of the Executive Schedule.

237.4   Exempted Positions -

a. Experts and Consultants - The rules for determining rates of pay for experts and consultants are included in MOA V-A-800.

b. Exempted Positions Other Than Wage Board and Statutory Positions -

(1) General Classification Plan

(a) Exempted positions, other than Wage Board and positions for which the compensation is set by statute, are those positions in the Agency that are not subject to Chapter 51 of 5 U.S.C. (formerly known as the Classification Act of 1949, as amended), nor to any other statutory pay fixing authority.

(b) This paragraph applies to persons employed as non-(U.S.) citizens for use in the United States (see MOA V-A-820) and persons employed under appropriation act authority for temporary employment (see MOA V-A-840).

TL 912D (5/28/93)
    (M/PPS)