UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROSE M. DEWS-MILLER ) <br> ) <br> Plaintiff, ) <br> ) <br> v.                                     ) <br> ) <br> CONDOLEEZZA RICE, ) <br> Secretary of State,                ) <br> ) <br> Defendant.             ) <br> ) | Civil Action No. 06-1764 (GK) |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION
TO AMEND SCHEDULING ORDER, AND
MOTION TO AMEND THE SCHEDULING ORDER**

Defendant Condoleezza Rice, Secretary of State, by and through the undersigned counsel, files this Response to the Plaintiff's Motion to Amend Scheduling Order, in order to clarify her precise position on Plaintiff's Motion and to address a few inaccurate and misleading statements in Plaintiff's Motion. Pursuant to Fed. R. Civ. P. 6(b)(1), Defendant also respectfully moves this Court to amend its August 13, 2007 Scheduling Order. Defendant respectfully states as follows:

1. Defendant consents to Plaintiff's proposed enlargement of time on the deadline for Plaintiff's Opposition from September 17, 2007 to October 5, 2007. Defendant also joins in Plaintiff's request that the deadline for Defendant's Reply be extended from September 28, 2007 to November 5, 2007. However, the parties have a fundamental disagreement respecting the propriety of discovery at this stage, and its timing.

2. On May 15, 2007, approximately seven months after the filing of her original complaint in this action, Plaintiff filed a 30 page Amended Complaint which contained no fewer than 115 paragraphs and 22 counts and made a wide variety of legal arguments. See Docket

Entry Nos. 1, 14.

    2. On August 8, 2007, Defendant filed a Motion to Dismiss, or in the alternative, for Summary Judgment which challenged Plaintiff's action, almost exclusively based on threshold <u>jurisdictional</u> matters. <u>See</u> Docket Entry No. 24. In the brief Defendant submitted in support of her Motion, Defendant contended that "[m]ost, if [n]ot [a]ll, of Plaintiff's [c]laims [s]hould be [d]ismissed [b]ased on the [p]leadings," <u>Id</u>. at 6.[1] Defendant's brief contained 43 pages of text, not 48 as Plaintiff alleges. <u>See</u> Docket Entry No. 24.

    3. In view of the fact that Defendant has raised what is at the very least a colorable challenge to the Court's jurisdiction over Plaintiff's claims, Counsel for Defendant intends to file a Motion seeking to Stay Discovery on the Merits until the Court has had a chance to consider and rule on the challenges on threshold jurisdictional matters raised in Defendant's August 8, 2007 Motion to Dismiss, or in the alternative, for Summary Judgment.

    4. Defendant intends to demonstrate in that motion that Courts have not hesitated to stay discovery as to the merits of an action pending initial consideration of preliminary, and potentially dispositive, challenges to jurisdiction. Defendant plans to argue that such an

---

[1] Specifically, among other things, Defendant argued that: (1) "Counts I-III, V-IX, XI-XXII, and [a]rguably the [o]ther [r]emaining Counts, [a]re [a]ll [b]arred by the the [d]octrines of *Res Judicata* and *Collateral Estoppel*," <u>id</u>. at 6-12; (2) "Count I [i]s [a]n Allegation for [r]eprisal [b]ased On [w]histleblowing that [s]hould [b]e [d]ismissed for [l]ack of [s]ubject [m]atter [j]urisdiction, as [o]nly the Federal Circuit had [j]urisdiction [o]ver that [c]laim, and [i]t has [a]lready [d]isposed of [i]t," <u>id</u>. at 13-16; (3) "[t]he Court [l]acks [j]urisdiction [o]ver Counts II, III, and V-IX, [w]hich [c]laim [v]iolations of the CSRA, as Plaintiff [f]ailed to [e]xhaust [u]nder that Act, " <u>see id</u>. at 16-20; (4) Plaintiff's Constitutional claims in Count IV fail to state a claim upon which relief can be granted, <u>see id</u>. at 21-24; (5) "[b]ecause Counts XI-XXII [m]ake [c]ontractual [c]laims and [s]eek [o]ver $10,000 in [r]elief, the Court of Federal Claims has [e]xclusive [j]urisdiction [o]ver [t]hem," <u>id</u>. at 24-29; and (6) "Plaintiff has [f]ailed to [s]atisfy Title VII's [e]xhaustion [r]equirements [w]ith [r]espect to the [o]verwhelming [m]ajority of [h]er [c]laims.," <u>id</u>. at 30-35.

approach will be efficient for the parties and the Court alike, and that Plaintiff would in no way be prejudiced by such a temporary suspension of discovery; as she will be free, once these preliminary issues are resolved, to renew in full any request for discovery she wishes to make.

     5. Notwithstanding Defendant's position that Discovery on the Merits is inappropriate at this stage, should this Court enter a new scheduling order, Defendant respectfully proposes that discovery and briefing proceed according to the following schedule (parts of which include different events and dates than Plaintiff has proposed):

| | |
|---|---|
| Deadline for Plaintiff's Opposition to Defendant's August 8, 2007 Motion to Dismiss, or in the Alternative, for Summary Judgment | October 5, 2007 |
| Deadline for Defendant's Reply | November 5, 2007 |
| Deadline for exchange of Initial Disclosures | December 5, 2007 |
| Parties' deadline for designating expert witnesses | January 7, 2008 |
| Close of all discovery | March 7, 2008 |
| Deadline for Defendant's Post Discovery Dispositive Motion | May 7, 2008 |
| Deadline for Plaintiff's Opposition | June 6, 2008 |
| Deadline for Defendant's Reply | July 7, 2008 |
| Pretrial Conference | A date convenient to the Court, following its ruling on the post-discovery motion(s) |
| Trial Date | Should a trial be necessary in this case, the date would be set at the pretrial conference, and it would be within 30 to 60 days after the pretrial conference |

6. Defendant submits that this schedule would be preferable to Plaintiff's proposed schedule for several reasons. For one thing, Plaintiff's proposed schedule contemplates that initial disclosures will occur on December 5, 2007, *after* her proposed deadline for the exchange of written discovery requests (November 12, 2007). Initial disclosures typically occur before the parties exchange written discovery requests. Accordingly, in Defendant's proposed schedule, the deadline for initial disclosures precede any other discovery event.

Moreover, Plaintiff has proposed that written discovery requests be due on November 12, 2007, just one week after the deadline she proposes for Defendant's Reply (November 5, 2007) and the parties' exchange of witness lists (also November 5, 2007). Plaintiff's proposed schedule would be too compressed to enable either of the parties to effectively formulate and respond to written discovery, particularly in view of the fact that the parties may wish to be able to shape their written discovery requests in part based upon the arguments made in Defendant's Reply brief. Plaintiff proposes that the deadline for the exchange of written discovery requests occur nearly five months before the close of discovery. By contrast, Defendant's proposed schedule would provide the parties with adequate time to conduct any discovery that may prove necessary, including any discovery that may be prompted by statements made in Defendant's Reply brief.

7. On September 13, 2007 and September 14, 2007, the undersigned counsel had a series of telephone and e-mail exchanges with Terrah A. Dews, Plaintiff's daughter and counsel, about the matters discussed in this filing. It became apparent during those conversations that, while the parties agreed on some matters, they had a fundamental disagreement about the propriety of discovery at this stage, and its timing, requiring that they file separate motions.

Defendant submits with this filing two alternative proposed orders, one of which provides

for a stay of discovery.

        Respectfully submitted,

        __/s/_____
        JEFFREY A. TAYLOR, D.C. BAR # 498610
        United States Attorney

        __/s/_____
        RUDOLPH CONTRERAS, D.C. BAR # 434122
        Assistant United States Attorney

        __/s/_____
        JONATHAN C. BRUMER, D.C. BAR # 463328
        Special Assistant United States Attorney
        555 Fourth Street, N.W., Room E4815
        Washington, D.C. 20530
        (202) 514-7431
        (202) 514-8780 (facsimile)

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of September, 2007, I caused the foregoing

*Defendant's Response to Plaintiff's Motion to Amend Scheduling Order* to be served on *pro se*

Plaintiff and her attorney, postage prepaid, addressed as follows:

    ROSE M. DEWS-MILLER
    8507 Woodyard Road
    Clinton, MD 20735

    TERRAH A. DEWS
    P.O. Box 1581
    Upper Marlsboro, Maryland 20773

                                     __/s/_____
                                      JONATHAN C. BRUMER, D. C. BAR # 463328
                                      Special Assistant United States Attorney
                                      555 Fourth Street, N.W., Room E4815
                                      Washington, D.C. 20530
                                      (202) 514-7431
                                      (202) 514-8780 (facsimile)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ROSE M. DEWS-MILLER<br><br>Plaintiff,<br><br>v.<br><br>CONDOLEEZZA RICE,<br>Secretary of State,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 06-1764 (GK)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER

UPON CONSIDERATION of Plaintiff's Motion to Amend Scheduling Order, Defendant's *Response to Plaintiff's Motion to Amend Scheduling Order, and Motion to Amend the Scheduling Order*, and the record herein, and it appearing that good cause exists for the requested relief, it is this _____ day of _____, 2007,

ORDERED, that the parties' motions are hereby PARTIALLY GRANTED inasmuch as they both seek to extend the deadline of Plaintiff's Opposition to October 5, 2007, and the deadline for Defendant's Reply to November 5, 2007;

FURTHER ORDERED, that discovery on the merits is to be stayed until the Court has had a chance to consider and rule on the challenges on threshold jurisdictional matters which were raised in Defendant's August 8, 2007 Motion to Dismiss, or in the alternative, for Summary Judgment.

_____
GLADYS KESSLER
United States District Court Judge

Copies of this order to:

Rose M. Dews-Miller
8507 Woodyard Road
Clinton, MD 20735

Terrah A. Dews
P.O. Box 1581
Upper Marlsboro, Maryland 20773

Jonathan C. Brumer
Special Assistant United States Attorney
United States Attorney's Office
 for the District of Columbia
555 Fourth Street, N.W., Room E-4815
Washington, D.C. 20530

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ROSE M. DEWS-MILLER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-1764 (GK) |
| | ) | |
| CONDOLEEZZA RICE, | ) | |
| Secretary of State, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

UPON CONSIDERATION of Plaintiff's Motion to Amend Scheduling Order, Defendant's *Response to Plaintiff's Motion to Amend Scheduling Order, and Motion to Amend the Scheduling Order*, and the record herein, and it appearing that good cause exists for the requested extension, it is this _____ day of _____, 2007,

ORDERED, that the parties' motions are hereby PARTIALLY GRANTED inasmuch as they both seek to extend the deadline of Plaintiff's Opposition to October 5, 2007, and the deadline for Defendant's Reply to November 5, 2007;

FURTHER ORDERED, that discovery and briefing proceed according to the following schedule:

| | |
|---|---|
| Deadline for Plaintiff's Opposition to Defendant's August 8, 2007 Motion to Dismiss, or in the Alternative, for Summary Judgment | October 5, 2007 |
| Deadline for Defendant's Reply | November 5, 2007 |
| Deadline for exchange of Initial Disclosures | December 5, 2007 |

| | |
|---|---|
| Parties' deadline for designating expert witnesses | January 7, 2008 |
| Close of all discovery | March 7, 2008 |
| Deadline for Defendant's Post Discovery Dispositive Motion | May 7, 2008 |
| Deadline for Plaintiff's Opposition | June 6, 2008 |
| Deadline for Defendant's Reply | July 7, 2008 |
| Pretrial Conference | A date convenient to the Court, following its ruling on the post-discovery motion(s) |
| Trial Date | Should a trial be necessary in this case, the date would be set at the pretrial conference, and it would be within 30 to 60 days after the pretrial conference |

_____
GLADYS KESSLER
United States District Court Judge

Copies of this order to:

Rose M. Dews-Miller
8507 Woodyard Road
Clinton, MD 20735

Terrah A. Dews
P.O. Box 1581
Upper Marlsboro, Maryland 20773

Jonathan C. Brumer
Special Assistant United States Attorney
United States Attorney's Office
 for the District of Columbia
555 Fourth Street, N.W., Room E-4815
Washington, D.C. 20530