UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROSE M. DEWS-MILLER ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-1764 (GK) |
| ) | |
| CONDOLEEZZA RICE, ) | |
| Secretary of State, ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S SECOND MOTION TO AMEND SCHEDULING ORDER

Defendant Condoleezza Rice, Secretary of State, by and through the undersigned counsel, files this Response to the Plaintiff's Second Motion to Amend Scheduling Order, in order to clarify her precise position on Plaintiff's Motion and to address a few inaccurate and misleading statements in that Motion. Defendant respectfully states as follows:

1. Plaintiff recently retained new counsel (for the second time in this action).[1] In view of this recent development, in order to accommodate Plaintiff's scheduling needs, Defendant consents to Plaintiff's proposed enlargement of time of sixty days on: (1) the deadline for

---

[1] Plaintiff's new counsel states in his recent filing that "[p]rior to this Motion, the Plaintiff was proceeding in this case *pro se*," but he concedes that "[t]he Plaintiff did have some assistance [from] her daughter who is an attorney but is not admitted to practice in this Court." See Plaintiff's Second Motion to Amend Scheduling Order at 2 & n. 1. In fact, during the August 13, 2007 status conference, Plaintiff's daughter, Terrah A. Dews, advised the Court that she would represent Plaintiff in this action until and unless new counsel was found. Terrah Dews also served the undersigned counsel with a Notice of Appearance on that date. Between August 13, 2007 and September 28, 2007, Terrah Dews held herself out in all respects as Plaintiff's counsel, and during this period she advised the undersigned counsel that she had submitted an application for admission to this Court. Late in the afternoon of September 28, 2007, the undersigned counsel received a voice mail message from Plaintiff's new counsel, Mr. Charles G. Byrd, Jr., advising the undersigned counsel that he had "recently" been retained by Plaintiff.

Plaintiff's Opposition, from October 5, 2007 to December 4, 2007; (2) the deadline for Defendant's Reply, from November 5, 2007 to January 4, 2008; and (3) all of the other deadlines set forth in the Amended Scheduling Order dated September 19, 2007.[2] However, the parties continue to have a fundamental disagreement respecting the propriety of discovery at this stage.

    2. On May 15, 2007, approximately seven months after the filing of her original complaint in this action, Plaintiff filed a 30 page Amended Complaint which contained no fewer than 115 paragraphs and 22 counts and made a wide variety of legal arguments. See Docket Entry Nos. 1, 14.

    3. On August 8, 2007, Defendant filed a Motion to Dismiss, or in the alternative, for Summary Judgment which challenged Plaintiff's action, almost exclusively based on threshold matters, including <u>jurisdictional</u> matters. See Docket Entry No. 24. In the brief Defendant submitted in support of her Motion, Defendant contended that "[m]ost, if [n]ot [a]ll, of Plaintiff's [c]laims [s]hould be [d]ismissed [b]ased on the [p]leadings," Id. at 6.[3] The lion's share of

---

    [2] Plaintiff makes much in her Second Motion to Amend Scheduling Order of the fact that Defendant requested and was granted several enlargements of time prior to filing her Motion to Dismiss, or in the alternative, for Summary Judgment on August 8, 2007. See, e.g., Plaintiff's Second Motion to Amend Scheduling Order at ¶¶ 2, 5. Defendant wishes to note that, should the Court grant Plaintiff's latest requested extension of time on her Opposition deadline, Plaintiff will have been given a total of one hundred and sixteen (116) days to prepare her response to Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment, from August 8, 2007 to December 4, 2007. See Docket Entry No. 24.

    [3] Specifically, among other things, Defendant argued that: (1) "Counts I-III, V-IX, XI-XXII, and [a]rguably the [o]ther [r]emaining Counts, [a]re [a]ll [b]arred by the the [d]octrines of *Res Judicata* and *Collateral Estoppel*," id. at 6-12; (2) "Count I [i]s [a]n Allegation for [r]eprisal [b]ased On [w]histleblowing that [s]hould [b]e [d]ismissed for [l]ack of [s]ubject [m]atter [j]urisdiction, as [o]nly the Federal Circuit had [j]urisdiction [o]ver that [c]laim, and [i]t has [a]lready [d]isposed of [i]t," id. at 13-16; (3) "[t]he Court [l]acks [j]urisdiction [o]ver Counts II, III, and V-IX, [w]hich [c]laim [v]iolations of the CSRA, as Plaintiff [f]ailed to [e]xhaust [u]nder that Act, " see id. at 16-20; (4) Plaintiff's Constitutional claims in Count IV fail to state a claim

Defendant's August 8, 2007 brief was devoted to an effort to establish that most (if not all) of Plaintiff's claims should be dismissed outright as a matter of law, based on the pleadings, for jurisdictional reasons and/or for failure to state a claim upon which relief can be granted, with only a small portion of the brief making summary judgment-style arguments. See, e.g., Docket Entry No. 24 at 16 (citing Fed. R. Civ. P. 12(b)(1) and 12(b)(6)), 20 (same), 24 (citing Fed. R. Civ. P. 12(b)(6)), 29 (citing Fed. R. Civ. P. 12(b)(1) and 12(b)(6)), 33 (citing Fed. R. Civ. P. 12(b)(6)), 35 (citing Fed. R. Civ. P. 12(b)(1) and 12(b)(6)), 37 (citing Fed. R. Civ. P. 12(b)(6)), 40 (citing Fed. R. Civ. P. 12(b)(6) and 56), 43 (same). Defendant respectfully submits that no discovery is necessary before the Court may deliberate and rule on the challenges on threshold jurisdictional matters and arguments that several of Plaintiff's claims fail to state a claim upon which relief can be granted, which were set forth in Defendant's August 8, 2007 Motion.[4]

4. In view of the fact that Defendant has raised what is at the very least a colorable challenge to the Court's jurisdiction over Plaintiff's claims, and has argued that several of Plaintiff's claims fail to state a claim upon which relief can granted, Counsel for Defendant intends to file a Motion seeking to Stay Discovery on the Merits until the Court has had a chance to consider and rule on the challenges on threshold matters raised in Defendant's August 8, 2007

---

upon which relief can be granted, see id. at 21-24; (5) "[b]ecause Counts XI-XXII [m]ake [c]ontractual [c]laims and [s]eek [o]ver $10,000 in [r]elief, the Court of Federal Claims has [e]xclusive [j]urisdiction [o]ver [t]hem," id. at 24-29; and (6) "Plaintiff has [f]ailed to [s]atisfy Title VII's [e]xhaustion [r]equirements [w]ith [r]espect to the [o]verwhelming [m]ajority of [h]er [c]laims," id. at 30-35.

[4] Thus, Plaintiff is mistaken in her suggestion that the mere fact that Defendant's Statement of Material Facts Not in Dispute contained 35 paragraphs establishes that a Stay of Discovery on the merits is inappropriate. See Plaintiff's Second Motion to Amend Scheduling Order at 2, n. 3; Docket Entry No. 24.

Motion to Dismiss, or in the alternative, for Summary Judgment.

    5. Defendant intends to demonstrate in that motion that Courts have not hesitated to stay discovery as to the merits of an action pending initial consideration of preliminary, and potentially dispositive, challenges to jurisdiction. Defendant plans to argue that such an approach will be efficient for the parties and the Court alike, and that Plaintiff would in no way be prejudiced by such a temporary suspension of discovery; as she will be free, once these preliminary issues are resolved, to renew in full any request for discovery she wishes to make.

    6. Plaintiff argues in her recent filing that "it appears that it would be appropriate to deny Defendant's [August 8, 2007 dispositive] Motion and permit discovery pursuant to Rule 56(f) of the Federal Rules of Civil Procedure." See Plaintiff's Second Motion to Amend Briefing Schedule at 2, n. 3. Plaintiff does not explain or elaborate upon this statement. In fact, discovery is only authorized under rule 56(f) where "a party opposing [a] motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition." See Fed. R. Civ. P. 56(f). Plaintiff has not made this showing in this case. Plaintiff is in no way inhibited from responding to the jurisdictional arguments, arguments that various of his claims fail to state a claim upon which relief can be granted, and other threshold arguments contained in Defendant's August 8, 2007 dispositive motion.

    7. Notwithstanding Defendant's position that Discovery on the Merits is inappropriate at this stage, should this Court enter a new scheduling order extending the deadline for Plaintiff's Opposition and Defendant's Reply by sixty days, Defendant agrees with Plaintiff that it is preferable that it extend the other deadlines set forth in the Court's September 19, 2007 Scheduling Order by that same sixty day period. Under such a schedule, the following deadlines

would apply:

| | |
|---|---|
| Deadline for Plaintiff's Opposition to Defendant's August 8, 2007 Motion to Dismiss, or in the Alternative, for Summary Judgment | December 4, 2007 |
| Deadline for Defendant's Reply | January 4, 2008 |
| Deadline for initial disclosures, witness lists, and discovery requests | February 4, 2008 |
| Deadline for Plaintiff's Rule 26 Statement | March 7, 2008 |
| Deadline for Defendant's Rule 26 Statement | April 7, 2008 |
| Close of all discovery | May 6, 2008 |
| Deadline for Defendant's Post Discovery Dispositive Motion | June 6, 2008 |
| Deadline for Plaintiff's Opposition | July 7, 2008 |
| Deadline for Defendant's Reply | July 21, 2008 |
| Pretrial Conference | A date convenient to the Court, following its ruling on the post-discovery motion(s) |
| Trial Date | Should a trial be necessary in this case, the date would be set at the pretrial conference, and it would be within 30 to 60 days after the pretrial conference |

    8. On October 1, 2007, the undersigned counsel had a series of telephone and e-mail exchanges with Plaintiff's recently retained counsel, Mr. Byrd, Jr., about the matters discussed in this filing. On that date, Mr. Byrd, Jr. sent the undersigned counsel for Defendant a draft Motion and requested that he consent to that motion. The undersigned counsel expressed significant

5

concerns and reservations with the wording of Plaintiff's draft motion, and the parties were not able to reconcile those differences. For this reason and because the parties continue to have a fundamental disagreement about the propriety of discovery at this stage, and its timing, it became clear that it would be necessary for them to submit separate filings concerning Plaintiff's Motion to Amend the Scheduling Order, despite the fact that they were in agreement on certain matters.

Respectfully submitted,

__/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

__/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

__/s/_____
JONATHAN C. BRUMER, D.C. BAR # 463328
Special Assistant United States Attorney
555 Fourth Street, N.W., Room E4815
Washington, D.C. 20530
(202) 514-7431
(202) 514-8780 (facsimile)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 2nd day of October, 2007, the foregoing *Defendant's Response to Plaintiff's Second Motion to Amend Scheduling Order* was served upon Plaintiff's counsel pursuant to the Court's Electronic Case Filing System, addressed to:

>Charles G. Byrd, Jr.
>Alston & Byrd
>2518 Maryland Avenue
>Baltimore, Maryland 21218

>__/s/_____
>JONATHAN C. BRUMER, D. C. BAR # 463328
>Special Assistant United States Attorney
>555 Fourth Street, N.W., Room E4815
>Washington, D.C. 20530
>(202) 514-7431
>(202) 514-8780 (facsimile)