# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **ROSE M. DEWS-MILLER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )    **Civil Action No. 06-1764 (GK)** |
| | ) |
| **CONDOLEEZZA RICE,** | ) |
| **SECRETARY OF STATE,** | ) |
| | ) |
| **Defendant.** | ) |

## DEFENDANT'S SUPPLEMENTAL MEMORANDUM

Pursuant to the Court's Order dated February 26, 2008 (Docket Entry No. 45), Defendant, Condoleezza Rice, Secretary of State, respectfully submits this supplemental memorandum discussing the substantive impact of this Court's dismissal order in <u>Rose M. Dews-Miller v. Joseph D. Duffey, Director of the United States Information Agency</u>, Civil Action No. 98-2417 (GK), on the present case.[1] Because plaintiff litigated the same claims before this Court almost a decade ago in Civil Action 98-2417, and this Court dismissed that case with prejudice, this Court should dismiss the first amended complaint filed by plaintiff in this case with prejudice.

### Discussion

Plaintiff's first amended complaint (Docket Entry No.14) characterizes her claims as for "Employment Discrimination, Retaliation, and Breach of Settlement Agreement" arising from an alleged material breach of "the Settlement Agreement entered into by [Ms. Dews-Miller and the United States Information Agency ("USIA")] in January 1995" that "ultimately resulted in [Ms.

---

[1] The Secretary of State is legally responsible for actions against plaintiff's former employer, the United States Information Agency.

Dews-Miller]'s termination of federal employment in December 1996"  (see Am. Compl., Caption and Introduction, at 1-2 ).  Plaintiff raised the same claims in the complaint she filed in No. 98-2417, which "charge[d] the [USIA] with violating the terms of a January 30, 1995, Settlement Agreement. After violating the agreement terms, the Agency illegally terminated complainant's employment effective December 9, 1996" (see Ex. A).[2]

By Orders dated February 12, 1999, and February 26, 1999, this Court granted Defendant [Joseph D. Duffey, Director of USIA]'s Motion to Dismiss, or in the Alternative, for Summary Judgment in No. 98-2417, and dismissed that case "with prejudice" (see Ex. C and D).  In its Memorandum Opinion and Order issued on February 12, 1999 in No. 98-2417, this Court explained that it lacked jurisdiction over the breach of settlement agreement claim because:

> [t]o the extent that Ms. Dews-Miller has alleged that Defendant [Director of USIA] has breached the Settlement Agreement, this claim involves a contract dispute with the United States as a defendant and an amount in controversy of over $10,000.  As a result, this Court has no jurisdiction over this claim.  The Tucker Act vests exclusive jurisdiction of such claims in the United States Court of Federal Claims.  28 U.S.C. ¶¶ 1346(a)(2), 1491; see also Bowen v. Massachusetts, 487 U.S. 879, 910 n.48 (1988).

(Ex. E at 3-4) (footnote omitted).[3]  In the instant case, defendant moved to dismiss the breach of

---

[2]  The settlement agreement challenged by Ms. Dews-Miller in No. 98-2417 is the same settlement agreement she challenges in this case.  Compare Ex. B (Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment filed in No. 98-2417, which attached settlement agreement as Exhibit 1) with Am. Compl., Ex. A.

[3]  Defendant regrets not having raised this matter in her moving papers.  Unfortunately, the existence of the prior District Court litigation was not readily-apparent from the files transferred to the Department of State when it assumed responsibility for USIA.  Undersigned counsel learned of the prior case after he entered his appearance in this case on February 21, 2008, and did a search on PACER using Ms. Dews-Miller's name, rather than the case number. The case documents for No. 98-2417 were obtained from the closed files of the Office of the United States Attorney for the District of Columbia that are maintained at the Federal Records

settlement claims asserted in Counts XI-XXII (there is no Count XX) of the first amended complaint on the grounds that the claims should have been brought in the Court of Federal Claims, had already been considered on the merits by the Federal Circuit in <u>Dews-Miller v. USIA</u>, 194 F.3d 1330 (table), 1999 WL 129642 (Fed. Cir. 1999), and were untimely (<u>see</u> Defendant's Motion to Dismiss Or, in the Alternative, for Summary Judgment (Docket Entry No. 24) at 24-29).[4]

This Court also dismissed plaintiff's "discrimination" claim in No. 98-2417 because plaintiff failed to timely appeal the termination decision to the Equal Employment Opportunity Commission ("EEOC") (Ex. E at 4-6).  As this Court noted, "EEOC regulations require that all federal employees who have entered into settlement agreements must file an appeal of an adverse agency decision under the settlement agreement to the EEOC within thirty days of being notified of that decision. 29 C.F.R. § 1614.504(b)." <u>Id.</u> at 4.  However, the EEOC determined that Ms. Dews-Miller "failed

---

Center.

[4] In defendant's moving papers and reply brief in the instant case, defendant also raised the threshold issue that the claims brought in plaintiff's first amended complaint were barred by the doctrines of <u>res judicata</u> and collateral estoppel. Specifically, defendant argued that the first amended complaint restated claims that plaintiff raised (or could have raised) before the Merit Systems Protection Board ("MSPB") in her previous challenge to her 1996 termination by the USIA, and that were considered and rejected (or found to be undisputed) by the Federal Circuit, which affirmed the MSPB's determination that plaintiff was terminated in accordance with a valid settlement agreement in <u>Dews-Miller v. USIA</u>, 194 F.3d 1330 (table), 1999 WL 129642 (Fed. Cir. 1999) (Pl's Opp'n Br., Ex. 1).  Indeed, the Federal Circuit squarely addressed the issue of whether or not the agency's termination of plaintiff's employment, and any other alleged adverse personnel actions during the settlement period, were taken pursuant to the settlement agreement or were in retaliation for plaintiff's alleged whistleblowing activities. Specifically, the Federal Circuit held that, "[g]iven the undisputed facts, we conclude that Ms. Dews-Miller was terminated in accordance with the terms of the settlement agreement, and <u>not</u> in reprisal for her asserted whistleblowing activities." <u>Id.</u> at 4 (emphasis added). Furthermore, to make this determination, the Federal Circuit had to also make specific findings that the settlement agreement was valid, that plaintiff failed to establish a breach thereof, and that plaintiff was properly terminated in accordance with the agreement. <u>See id.</u> at 2-3.

to meet the deadline in filing her initial appeal" and therefore dismissed her appeal.  Id. at 6.
Accordingly, this Court ruled that "her discrimination claim must be dismissed for failure to state
a claim upon which relief can be granted."  Id.  The non-breach claims asserted by plaintiff in
Counts I-X of her first amended complaint in this case challenge actions allegedly taken before or
during the period of time that the settlement agreement was in effect and therefore fail to state a
claim for the reasons stated in this Court's dismissal order in No. 98-2417, as well as those stated
in defendant's current motion to dismiss and reply brief (Docket Entry Nos. 24 and 44).

"The doctrines of res judicata and collateral estoppel are designed to 'preclude parties from
contesting matters that they have had a full and fair opportunity to litigate.'" Carter v. Rubin, 14 F.
Supp. 2d 22, 33 (D.D.C. 1998) (quoting Montana v. United States, 440 U.S. 147-153-54 (1979)).
These doctrines protect parties from the expense and burdens associated with multiple lawsuits,
conserve judicial resources, and reduce the possibility of inconsistent decisions. Id. (citing United
States v. Mendoza, 464 U.S. 154, 158-59 (1984); Bailey v. DiMario, 925 F. Supp. 801, 810 (D.D.C.
1995)). Under res judicata, or claim preclusion, "'a final judgment on the merits of an action
precludes the parties or their privies from relitigating issues that were or could have been raised in
that action.'" Id. (quoting Allen v. McCurry, 449 U.S. 90, 94 (1980)). Collateral estoppel, or issue
preclusion, similarly bars "'relitigation of [an] issue in a suit on a different cause of action involving
a party to the first case.'" Id. (quoting Allen, 449 U.S. at 94) (citing Hardison v. Alexander, 655 F.2d
1281, 1288 (D.C. Cir. 1981). See also Bailey, 925 F. Supp. at 810.

Plaintiff's first amended complaint in this case is therefore barred under the doctrines of res
judicata and collateral estoppel because all of her claims were litigated (or could have been litigated)
before this Court ten years ago in Dews-Miller v. Duffey, Civil Action No. 98-2417 (GK) (as well

as before the MSPB and Federal Circuit in <u>Dews-Miller v. USIA</u>, 194 F.3d 1330 (table), 1999 WL 129642 (Fed. Cir. 1999)).  This Court dismissed plaintiff's first case on the grounds that it lacked jurisdiction over the breach of settlement claims and plaintiff failed to exhaust her administrative remedies relating to her discrimination claim, and should dismiss the instant case for the same reasons.

WHEREFORE, for the foregoing reasons, and those stated in our previously-filed papers, the Court should dismiss plaintiff's first amended complaint, or, in the alternative, grant defendant's motion for summary judgment.

Respectfully submitted,


_____/s/_____
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney


_____/s/_____
JOHN G. INTERRANTE, PA Bar #61373
Assistant United States Attorney
Civil Division, Room E-4806
555 4th Street, N.W.
Washington, D.C. 20530
(202) 514-7220
(202) 514-8780 (fax)
John.Interrante@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing was served on Charles G. Byrd, Jr., Esquire,

counsel of record by ECF, and on plaintiff, by First-Class Mail, postage prepaid to:

> ROSE M. DEWS-MILLER
>  8507 Woodyard Road
> Clinton, MD 20735

on this 10th day of March, 2008.

                                  ____/s/_____
                                  JOHN G. INTERRANTE
                                  Assistant United States Attorney

**EXHIBIT A**

# United States District Court

DISTRICT OF __District of Columbia__

Rose M. Dews-Miller

v.

Joseph D. Duffey, Director
U.S. Information Agency
301 4th Street, S.W.  Rm 800
Washington, D.C. 20547

TO: (Name and address of defendant)

U.S. Attorney
555 4th St. NW
Washington DC 20001

**SUMMONS IN A CIVIL CASE**

CASE NUMBER

CASE NUMBER  1:98CV02417

JUDGE: Gladys Kessler

DECK TYPE: EEOC

DATE STAMP: 10/09/98

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

PRO SE

Rose M. Dews-Miller
8507 Woodyard Road
Clinton, MD 20735

an answer to the complaint which is herewith served upon you, within _____60_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Ans. Due
Dec. 14, 1998
Meet & Confer
Dec. 29, 1998

10-14-98
Bj

NANCY MAYER-WHITTINGTON
CLERK

_____
(BY) DEPUTY CLERK

OCT 09 1998

OCT 09 1998

DATE

United States District Court
for the District of Columbia
Office of the Clerk
333 Constitution Avenue, NW
Washington, DC 20001

Nancy M. Mayer-Whittington
Clerk

## NOTICE OF RIGHT TO CONSENT TO TRIAL
## BEFORE A UNITED STATES MAGISTRATE JUDGE

The substantial criminal caseload in this Court and the requirements of the criminal Speedy Trial Act frequently result in a delay in the trial of civil cases. Aware of the hardship and expense to the parties, counsel, and witnesses caused by the delays which are beyond the control of the Court, this notice is to advise you of your right to a trial of your case by a United States Magistrate Judge. By statute, 28 U.S.C. § 636(c), Fed.R.Civ.P. 73, and Local Rule 502, the parties, by consent, can try their case by means of a jury trial or bench trial before a United States Magistrate Judge. Appeals from judgments and final orders are taken directly to the United States Court of Appeals for the District of Columbia Circuit, in the same manner as an appeal from a judgment of a District Judge in a civil case.

## WHAT IS THE PROCEDURE?

One of the matters you are required to discuss at the meet-and-confer conference mandated by Local Rule 206 is whether the case should be assigned to a United States Magistrate Judge for all purposes, including trial.

All parties must consent before the case is assigned to a Magistrate Judge for trial. You may consent at any time prior to trial. If you expressly decline to consent or simply fail to consent early in the case, you are not foreclosed from consenting later in the case. However, a prompt election to proceed before a Magistrate Judge is encouraged because it will facilitate a more orderly scheduling of the case.

Attached is a copy of the "Consent to Proceed Before a United States Magistrate Judge for All Purposes" form. Your response should be made to the Clerk of the United States District Court only.

## WHAT IS THE ADVANTAGE?

The case will be resolved sooner and less expensively. The earlier the parties consent to assigning the case to a Magistrate Judge the earlier a firm and certain trial date can be established, even if the case is to be tried to a jury.

Upon the filing of the consent form and with the approval of the District Judge, the case will be assigned for all purposes to a Magistrate Judge.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Rose M. Dews-Miller
8507 Woodyard Road
Clinton, MD. 20735
(301)868-9436

CASE NUMBER  1:98CV02417

v.

CI  JUDGE: Gladys Kessler

Joseph D. Duffey, Director
301 4th. Street, S.W. Room 800
United States Information Agency
Washington, D.C.  20547

DECK TYPE: EEOC

DATE STAMP: 10/09/98

## COMPLAINT

This complaint is being filed under the provisions of 29 C.F.R. Sec 1614, as outlined in E.E.O.C. Denial letter received July 15, 1998. (Attachment 1)

Complainant charges the United States Information Agency, hereinafter the Agency, with violating the terms of a January 30, 1995, Settlement Agreement. After violating the agreement terms, the Agency illegally terminated complainant's employment effective December 9, 1996.

Complainant further charges the Agency with collusion between persons in U.S.I.A.'s Office of Inspector General, Office of the Comptroller, Office of Personnel, General Counsel's Office and the Office of Civil Rights in violating the terms of the Agreement.

TAB 1, is a copy of Complainant's supplemental appeal, sent to the Equal Employment Opportunity Commission on April 18, 1996. It outlines the Agencies long history of civil rights violations, in general, as well as recent incidents in the Office of Inspector General that are applicable to Complainant's charges.

Complainant requests a JURY TRIAL.

As relief, Complainant requests reinstatement to full time employee status(FTE), retroactive to December 10, 1995, restoration of all lost annual and sick leave, lost within grade promotions, lost performance bonus pay, reimbursement for all representational and legal expenses paid and incurred.

Reimburse Complainant's spouse difference between self only and family FEHBA coverage from December 22, 1996, with interest.

Award compensatory damages to the limit of the Law.

My check in the amount of One Hundred Fifty Dollars ($150.00) is attached.

*Rose M. Dews Miller*

Rose M. Dews-Miller
8507 Woodyard Road
Clinton, MD 20735

Attachments: as stated

PAGE 2 OF 2

**EXHIBIT B**

*Docket*
*Kemphrey*

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ROSE M. DEWS-MILLER,         )
                               )
               Plaintiff,       )
                               )
              v.             ) Civil Action No. 98-2417 (GK)
                               )
JOSEPH D. DUFFEY (in his official capacity )
as Director of the United States Information )
Agency)                      )
                               )
            Defendant.    )
                               )
_____)

## DEFENDANT'S MOTION TO DISMISS OR,
## IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

COMES NOW the defendant, Joseph D. Duffey, in his official capacity as the

Director of the United States Information Agency, and, by and through the United States

Attorney for the District of Columbia, respectfully moves, pursuant to Fed. R. Civ. P. 12(b),

sub-parts (1) and (6), to dismiss the above-captioned Complaint. In the alternative, the

defendant request that summary judgment be entered in his favor, pursuant to Fed. R. Civ.

P. 56, because there is no genuine issue as to any material fact and, therefore, he is entitled

to judgment as a matter of law.[1]

_____

[1] Plaintiff should take notice that any factual assertions contained in the attachments in support of this motion will be accepted by the Court as true unless the plaintiff submits his own affidavit or other documentary evidence contradicting the assertions in the declarations and attachments. See Neal v. Kelly, 963 F.2d 453, 456-57 (D.C. Cir. 1992), Local Rule 108 and Fed. R. Civ. P. 56(e), which provides as follows:

Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified

In support of this motion, the Court is respectfully referred to the accompanying memorandum of points and authorities. A proposed Order consistent with this motion is attached hereto.

Respectfully submitted,

WILMA A. LEWIS DC Bar No. 358637
United States Attorney

MARK E. NAGLE, DC Bar No. 416364
Assistant United States Attorney

MICHAEL A. HUMPHREYS DC. Bar No. 383353
Assistant United States Attorney

---

copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ROSE M. DEWS-MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 98-2417 (GK) |
| | ) | |
| JOSEPH D. DUFFEY (in his official capacity | ) | |
| as Director of the United States Information | ) | |
| Agency) | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF THE DEFENDANT'S MOTION TO DISMISS
## OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

### FACTS and BACKGROUND

Rose M. Dews-Miller (hereinafter, "Miller" or "Plaintiff"), a former GS-11 budget analyst with the United States Information Agency (USIA), filed her breach of contract complaint on or about October 9, 1998, seeking relief from what she claims has been a violation of a settlement agreement that she had previously entered into with the defendant.

Specifically, at the end of January 1995[1] the plaintiff and principals at the USIA entered an extra-judicial settlement agreement to resolve pending EEO claims that the Plaintiff had filed on June 4, 1993, September 7, 1993 and October 21, 1993. See Exhibit No. 1; Settlement Agreement (hereinafter, "S.A").

---

[1]The settlement agreement was executed by six different parties including the plaintiff, her counsel and various principals of the United States Information Agency between the dates of January 27, 1995 and January 31, 1995.

In exchange for the plaintiff dropping all of her pending EEO claims against the agency, the agreement specified that the plaintiff would be reassigned from the Office of Inspector General, where she held a position as a budget analyst, to the Office of the Comptroller. See Exh. No. 1, S.A.,¶¶ 1-4, 9. Although the reassignment was to a different office within USIA, the plaintiff would be performing essentially the same budget analyst duties. See Exh. No. 1, S.A., ¶ ¶ 1, 3. It was further agreed that if plaintiff achieved a "fully successful" performance rating during the six months that she was assigned to the Comptroller's office, she would remain in that office indefinitely.

If the plaintiff did not achieve a "fully successful" rating after the six-month interim period, then she would be placed in another position within the agency for a three month probationary period. See Exh. No. 1., S.A., ¶ 3.

Finally, if the plaintiff was able to attain a "fully successful" rating after three months in that subsequent position she would remain indefinitely at that re-assigned position. Id. If, however, the plaintiff was unable to achieve a "fully successful" rating in that reassigned position she would be reassigned to a temporary position for a 12-month period; at the expiration of that 12-month period, she agreed to resign her post at USIA without further recourse being initiated by either side. See Exh. No. 1., S.A., ¶ ¶ 5-6.

In this instance, Miller was reassigned from the Office of the Inspector General to the Comptroller's office in February 1995. Exhibit No. 2, Declaration of Jenny Mallios, Personnel Management Specialist, (hereinafter, "Mallios Dec."), ¶ 3. In August 1995, Miller failed to attain a rating of "fully successful" acquiring, instead a rating of "minimally

successful." Exh. No. 2, Mallios Dec., ¶ 3. As a result, Miller was reassigned back to the Office of Inspector General to begin her three- month probationary period, but she did not appear for work until November 27, 1995. Exh. No. 2, Mallios Dec., ¶ ¶ 3-4. Miller elected not to return to her position at the Office of Inspector General to satisfy the three-month probationary period in the settlement agreement. Exh. No. 2, Mallios Dec., ¶ 4. Rather, she chose to covert to a temporary one-year appointment as specified in paragraph No. 6 of that agreement. Exh. No. 2, Mallios Dec., ¶ 4. On December 10, 1995, Miller's employment status was changed from permanent to temporary; and on that date she began the one year transitional phase where she was afforded the agency's out placement services to locate another job. Exh. No. 2, Mallios Dec., ¶ 5 Pursuant to the terms of that settlement agreement, one year later, on December 9, 1996, the plaintiff was separated from her position with USIA. Exh. No. 2, Mallios Dec., ¶ 5.

In this lawsuit, Miller claims that the agency violated the terms of the aforereferenced settlement agreement although, conspicuously, doesn't describe how. She seeks compensatory damages to the limit of the law.[2] As further relief, the plaintiff seeks, amongst other things, re-instatement to her job as a Grade 11, budget analyst; restoration of all sick and annual leave that she would have received but for her separation; and, all bonus pay. All of the foregoing items of recovery, if granted the plaintiff in a judgment award would

---

[2] 42 U.S.C. § 1981a imposes a $300,000.00 limit on Title VII claimants seeking compensatory damages.

- 3 -

substantially exceed $10,000.00.   For the reasons discussed below, the plaintiff's complaint should be dismissed, with prejudice.

## ARGUMENT

## A. PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM FROM WHICH RELIEF CAN BE GRANTED

### 1. Plaintiff Has Violated The Administrative Time Limits

The rule of law, as established by this circuit and others, is that plaintiffs "who fail to comply, 'to the letter, with administrative deadlines ordinarily will be denied a judicial audience.'" Brown v. Marsh, 777 F.2d 8, 13 (D.C. Cir. 1985) citing with approval, Shahadeh v. Chesapeake and Potomac Tel. Co., 595, 711, 717 (D.C. Cir. 1978); Williamson v. Shalala, 992 F. Supp. 454 (D.D.C. 1998)("As a general rule, non-compliance with administrative deadlines will bar a plaintiff from litigating his claims in court." Id. at 457); see also Albritton v. Kantor, 944 F. Supp. 966 (D.D.C. 1996)("Relief under Title VII depends upon the filing of a *timely* administrative charge.  Untimely allegations are time-barred." Id. at 970)(emphasis added)(citations omitted)).

EEOC regulations explicitly require that an EEO litigant must file an appeal of an adverse final agency decision to the EEOC within thirty (30) days of notification of that final agency decision. 29 C.F.R. § 1614.402.  The courts have consistently held that failure to comply with that administrative deadlines vitiates a claimant's  right to seek relief in the courts. See Williamson and Albritton supra.  A plaintiff's failure to comply with an EEOC administrative deadline is not jurisdictional, (see Brown supra;  "[A]dministrative deadlines

- 4 -

. . .are not jurisdictional. Rather they function like a statute of limitations and like a statute of limitations are subject to waiver, estoppel and equitable tolling." Id. at 14.(citations omitted). Nevertheless, a plaintiff who seeks to overcome the consequences of failing to adhere to regulatory time deadlines "bears the burden of pleading and proving in the district court `equitable reasons for non-compliance with [time] requirement.'" See Bayer v. United States Dept. of Treasury, 956 F.2d. 330, 330 (D.C. Cir. 1992); see also Williamson v. Shalala supra at 458, (citing Bayer v. United States Dept. of Treasury, supra with approval); Hatcher-Capers v. Haley, 773 F. Supp. 486 (D.D.C. 1991)("The plaintiff has 'the burden of pleading and proving in the district court any equitable reasons for [her] failure to meet the thirty-day requirement.'" Id. 488). .

In this case, the record discloses that the Plaintiff filed her appeal with EEOC outside of the 30-day deadline imposed by section 1604.402. In fact, the EEOC denied the plaintiff's application for review of adverse agency decision solely on the procedural ground that she had violated the time deadline for filing an appeal. See United States Equal Employment Opportunity Commission Dismissal of Appeal, dated September 25, 1997 (attached, hereto, as Exhibit No. 3). The plaintiff appealed that decision, but, apparently, because she did not present a bona fide explanation for her tardiness, EEOC denied that appeal in a memorandum opinion dated July 10, 1998 (attached hereto as Exhibit No. 4). The plaintiff's documented failure to comply with the administrative deadline in this case, combined with the plaintiff's failure to present a valid explanation for the delay, leads to the unavoidable conclusion that she has failed to present a claim from which relief can be

granted because she has exceeded the applicable, regulatory time limits. For this reason the plaintiff's complaint should be dismissed pursuant to Rule 12 (b)(6) of the Federal Rules of Civil Procedure.

## B.   THIS COURT LACKS SUBJECT MATTER JURISDICTION

The plaintiff's complaint, though unartfully worded, is a clear breach of contract claim. Accordingly, because the complaint seeks damages against the United States based upon a breach of contract, and because the plaintiff's claims exceeds $10,000.00 this complaint must be dismissed with prejudice.

Pursuant to the implied terms of the Tucker Act, codified at 28 U.S.C. § § 1346 (a)(2), 1491 a claimant seeking more than $10,000.00 from the government on a contract action may not proceed in a United States District Court but must file her claim with the Court of Federal Claims.[3] The Sixth Circuit Court of Appeals provided a concise analysis of the parameters of jurisdiction for the claims court compared with the district court when it said in A.E. Finley & Associates, Inc. v. United States, 898 F.2d 1165 (6th Cir. 1990):

> The Tucker Act governs non-tort claims against the United
> States founded on the Constitution, federal statutes,
> executive regulations, or contracts with the United States.

---

[3]The term "implied" is used because as Judge James Robertson, of this Court recently said in a case, whose fact pattern is strikingly similarly to this one, that "'[i]t is assumed that the Claims Court has exclusive jurisdiction of Tucker Act claims for more than $10,000.00. (Title 28 U.S.C. § 1346 (a)(2) expressly authorized concurrent jurisdiction in the district courts and the Claims Court for under $10,000.00) That assumption is not based on any language in the Tucker Act granting jurisdiction to the Claims Court. Rather, the court's jurisdiction is "exclusive" only to the extent that Congress has not granted any other court authority to hear the claims that may be decided by the Claims Court.'" Exhibit No. 5; Jerome B. Davis v. Alan Hantman, (Memorandum Opin. dated November 12, 1998)(Docketed as Civ. No. 97-2216)(attached), p. 1, fn. No. 1.

> The Claims Court has jurisdiction over all such cases. 28 U.S.C. § 1491. Under 28 U.S.C. § 1346 (a)(2), the district court has concurrent jurisdiction over claims $10,000.00 or less, _unless_ the claim is 'founded upon [a] contract' with the United States in a case subject to sections 8(g)(1) and 10(a)(1) of the Contract Disputes Act of 1978. 41 U.S.C. § § 607 (g)(1) and 609(a)(1). With exceptions not relevant here, this leaves the Claims Court with exclusive jurisdiction over all Tucker Act claims for more than $10,000.00 (citation omitted) and over Tucker Act claims founded upon a contract with the United States, regardless of the amount of the claim. (citation omitted)

Id. at 1167.

"The test for determining if a case belongs in the Claims Court is whether or not the `prime objective' or `essential purpose' of the complaining party is to obtain money from the federal government." Southeast Kansas Community Action Program v. Sec'y of the Agriculture, 967 F.2d 1452 (10th Cir. 1992); see also Brighton Village Assoc. v. United States, 52 F.3d 1056 (Fed. Cir. 1995)("The Tucker Act vests the Court of Federal Claims with jurisdiction over claims against the Government for money damages. Id. at 1059); Auction Co. of America v. Federal Deposit Insurance Corp., 141 F.3d 1198 (D.C. Cir. 1998)("The Act provides jurisdiction for suits against the United States whenever 'a federal instrumentality acts within its statutory authority to carry out the government's purposes,' so long as no other specific statutory provision bars jurisdiction." Id. at 1199)

In this case, the underlying dispute involves administrative claims involving various aspects of Title VII. Initially, the plaintiff filed separate EEO claims in September and October 1993. In resolution of those claims, the parties resolved their differences through

the execution of a contract, as referenced in the "Facts and Background" section above. Since the parties resolved their differences without resort to litigation, the consent arrangement was not converted into a judgment order by judicial fiat. Thus, the parties are engaged in a conventional, arms length agreement, which one party--the plaintiff--has alleged that the other has breached. The United States disputes that it has breached the 1995 agreement and puts the plaintiff to her proof. However, regardless of the merits of the claim by virtue of the very nature of the dispute, it is a case that belongs in the Court of Federal Claims.

As noted in footnote three, above, there is recent precedent in this judicial district for dismissing lawsuits that are based upon a claim that the government has breached a contractual settlement agreement regarding resolution of Title VII claims. In Davis v. Hantman, (see Exhibit No. 5), the plaintiff, like Miller here, had entered into a settlement agreement to resolve pending EEO claims with Architect of the Capitol. When Davis sued on the contract alleging that the government had violated certain terms and conditions embodied in the contract, Judge James Robertson dismissed the breach of contract counts in the lawsuit. In his opinion, Judge Robertson reasoned that the alleged breach of the settlement agreement presented a classical contract dispute; and that, as such, the claim belonged in the Federal Court of Claims (since the dispute also satisfied the jurisdictional threshold of $10,000.00).[4] See attached memorandum opinion. Because of their similar

---

[4] The $10,000.00 jurisdictional is easily met in this case because, amongst other things, the plaintiff is demanding reinstatement of her job and back pay. The plaintiff's annual salary was $40,803.00

factual underpinnings, as was the outcome in <u>Davis v. Hantman</u>, so should be the result in this case.    By the plaintiff's own assertion this case involves the alleged  breach of a government contract, whose exposure is significantly more than the $10,000.00  threshold set by the Tucker Act.

As such, this case should be dismissed because this court lacks subject matter jurisdiction over the contract dispute; or, at a minimum the case should be  transferred to the Court of Federal Claims.

## CONCLUSION

For the foregoing reasons, the Complaint in this action should be dismissed, or in the alternative, summary judgment should be awarded in favor of the federal defendant.

Respectfully submitted,

WILMA A. LEWIS DC Bar No. 358637
United States Attorney


MARK E. NAGLE, DC Bar No. 416364
Assistant United States Attorney


MICHAEL A. HUMPHREYS DC. Bar No. 383353
Assistant United States Attorney

---

when she was separated from USIA in 1996.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROSE M. DEWS-MILLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 98-2417 (GK) |
| | ) |
| JOSEPH D. DUFFEY (in his official capacity | ) |
| as Director of the United States Information | ) |
| Agency) | ) |
| | ) |
| Defendant. | ) |
| | ) |

## STATEMENT OF MATERIAL FACTS
## TO WHICH THERE IS NO DISPUTE

1. Until December 9, 1996 Rose M. Dews Miller (hereinafter, "Miller" or "Plaintiff") was a budget analyst with the United States Information Agency (hereinafter, USIA).

2. On June 4, 1993, September 7, 1993 and October 21,1993, the plaintiff filed administrative EEO claims with the USIA. Settlement Agreement (hereinafter, "S.A.").

3. In January 1995, the plaintiff and principals at USIA resolved their differences regarding the pending EEO claims by executing a global settlement. S.A. (preamble section).

4. Pursuant to the terms of that Settlement Agreement, the plaintiff would be transferred from the Office of the Inspector General, where she was, then, currently assigned, to the Comptroller's office. The transfer took effect in February 1995. Affidavit of Jenny Mallios (hereinafter, "Mallios Aff."), ¶ 3.

5. Pursuant to the terms of the Settlement Agreement, if the plaintiff achieved a "fully successful" performance rating during the six- month period that she was assigned to the

Comptroller's office, then should would be assigned there indefinitely. If, on the other hand, the plaintiff did not earn at least a "fully successful" performance rating in the six-month period that she was assigned to the Comptroller's office she would then be reassigned to another job within her division on a three-month, probationary basis. If the plaintiff did not attain a "fully successful" performance rating during that three-month probationary period, then she would be transferred to a temporary position. That position would last twelve months. During that time the plaintiff could use USIA's out placement services to obtain another job.   Pursuant to the terms of the Settlement Agreement, the plaintiff would be obliged to resign from USIA after that 12-month period grace period. S.A., ¶¶ 3-6.

6. At the conclusion of the plaintiff's six-month detail to the Comptroller's office she had earned a "minimally successful" rating. The plaintiff elected not to take advantage of the three-month probationary period as provided for in the Settlement Agreement. Instead, my her own choice she began her 12-month status as a temporary employee, during which time she was to look for another job. Mallios Aff., ¶¶ 3-4.

7. Pursuant to the terms of the aforereferenced Settlement Agreement, December 9, 1996, plaintiff was separated from the USIA. Mallios Aff., ¶ 5.

8. At the time of her separation, plaintiff was a GS-11 (step 4) budget analyst, earning $40,803.00 a year.

Respectfully submitted,

WILMA A. LEWIS DC Bar No. 358637
United States Attorney

MARK E. NAGLE, DC Bar No. 416364
Assistant United States Attorney

MICHAEL A. HUMPHREYS DC. Bar No. 383353
Assistant United States Attorney

## SETTLEMENT AGREEMENT

This Agreement, between the employee, Rose Mary Dews Miller, and the U.S. Information Agency (USIA), is in settlement of Complaints of Discrimination filed by the employee on June 4, 1993, and September 7, 1993, as well as all other EEO complaints against the Agency pending at an informal stage.

**This Agreement is based on the following facts:**

Ms. Miller filed formal Complaints of Discrimination against the Agency on June 4, 1993, and September 7, 1993, which were fully investigated and scheduled to be heard by an EEOC Administrative Judge on January 18 and 19, 1995. Ms. Miller subsequently filed at least one more complaint, dated October 21, 1994, with USIA's Office of Civil Rights, still at an informal stage. Prior to commencing the hearing, the parties entered into settlement negotiations with the assistance of the Administrative Judge.

**THEREFORE IT IS AGREED AS FOLLOWS:**

1. The Agency will detail Ms. Miller out of the Office of Inspector General (OIG) to the Office of the Comptroller (M/C) as a Budget Analyst, GS-560-11/4, for a period of six months starting February 1, 1995. She will have the duties described in PDM-40-95, and her salary will be paid by OIG.

2. OIG will pay for any training course/seminar(s) that M/C recommends to enhance Ms. Miller's ability to succeed in the temporary position. Ms. Miller agrees that any extended formal training, exceeding five days, will take place during nonduty hours.

3. If at the end of six months Ms. Miller achieves a rating of at least fully successful, she will be retained at M/C in the PDM-40-95 or comparable position. If at the end of six months Ms. Miller's performance is not rated at least fully successful, the Agency agrees that a) the Office of Personnel will attempt to place Ms. Miller in an appropriate position in a non-OIG unit with three months probation; or b) if no such non-OIG placement is available, OIG will retain Ms. Miller for a three-month probationary period as specified in paragraph 5 below.

4. OIG reserves the right to redefine the requirements and standards of Ms. Miller's existing GS-11 position, so long as the duties remain within the scope of her current position description.



5.  If Ms. Miller returns to OIG after the detail, she will be on probation for three months. Within the three months, OIG will evaluate Ms. Miller's performance after the first six weeks, and again at the end of the three-month period.

6.  If Ms. Miller earns the rating of at least "fully successful" after three months at OIG, she will be retained at OIG. If Ms. Miller does not earn a rating of at least fully successful at the end of the three-month period, she will be transferred out of OIG to a temporary position, not to exceed one year. Ms. Miller agrees to resign from USIA not later than the end of that temporary position, during which she will receive USIA's outplacement assistance.

7.  Ms. Miller will make a good faith effort to succeed in the position at M/C or in any other USIA position, including active participation in training.

8.  M/C will evaluate Ms. Miller's performance informally every six weeks until a formal evaluation is performed at the end of six months. The evaluations will be based on clearly defined criteria.

9.  Ms. Miller voluntarily withdraws all Complaints of Discrimination, formal and informal, with prejudice and waives all rights to pursue further, either administratively or judicially, any claims contained in any files of complaints pending as of the date of this Agreement. By signing this Agreement, Ms. Miller serves notice that she is withdrawing these complaints and hereby does discharge and release the Agency and OIG, their officers and employees, of any and all liabilities, obligations, claims, and demands whatsoever connected with or arising from the facts, circumstances, and actions of said Complaints.

10.  This Agreement is entered into voluntarily by the Agency and Ms. Miller to avoid potential litigation which could be costly and time-consuming for both sides. Accordingly, this settlement cannot be construed to be an admission by the Agency that the alleged discrimination occurred or that Ms. Miller substantially prevailed in her Complaints. It is also understood that this Agreement does not constitute an acknowledgment by the Complainant that the alleged discrimination did not occur.

11.  Ms. Miller agrees not to seek, nor to have sought on her behalf, any payment for her attorney fees in these matters.

12.  The parties agree that the terms of this Agreement will be kept confidential from current and former USIA employees, except for authorized purposes of the federal government. Any breach of confidentiality shall be a matter subject to appropriate disciplinary action.

13. If for any reason not attributable to Ms. Miller's conduct the terms of this Agreement are not carried out, provisions found at 29 C.F.R 1614 shall apply, and Ms. Miller shall retain other rights she may have, either statutory or at common law, for breach of Agreement.

Notwithstanding any other provision of the Agreement, the parties agree that this Agreement may be used as evidence in any subsequent proceeding in which either party alleges a breach of Agreement.


_Rose M. Dews Miller_

Rose Mary Dews-Miller
Complainant

_11/27/95_
Date


_Bruce M Cooper_

Bruce M. Cooper, Esq.
Attorney for Complainant

_1/27/95_
Date


_Stanley M. Silverman_

Stanley M. Silverman
Comptroller, USIA

_1/27/95_
Date


_Marian C. Bennett_

Marian C. Bennett
Inspector General, USIA

_1/30/95_
Date


_Richard Lubman for_

Carol B. Epstein, Esq.
Assistant General Counsel, USIA

_1/27/95_
Date


_Hattie P. Baldwin_

Hattie P. Baldwin, Director
Office of Civil Rights, USIA

_1/31/95_
Date

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ROSEMARY DEWS-MILLER,       )
                                          )

            Plaintiff,              )
                                          )

               v.                  )
                                          )

**JOSEPH D. DUFFEY, (in his official capacity**  )    Civil Action No. 98-2417(GK)
**as Director of the United States Information**   )
**Agency)**                                   )
                                          )

            Defendant          )
_____)

## DECLARATION OF JENNY MALLIOS

1.     I, Jenny Mallios, am a personnel management specialist at the U.S. Information Agency

(USIA). I have held various personnel positions at USIA since 1982. Prior to that, I held other

positions at USIA. I am familiar with personnel matters pertaining to Rose Mary Dews-Miller

because during the time period relevant to this case, I was assigned as personnel specialist to the

offices in USIA in which she worked.


2.     Dews-Miller began working at USIA on June 19, 1972. At the time of her separation, on

December 9, 1996, she was a GS-11/4 with a salary of $40,803.


3.     Following her settlement agreement of January 1995, Dews-Miller was reassigned from

the Office of Inspector General (OIG) to perform budgeting duties in the Comptroller's Office in

February 1995. In August 1995, she failed to attain a performance rating of "fully successful"

but was, instead, rated at the level of "minimally successful." As a result, she was



DEFENDANT'S
EXHIBIT
NO. 2

reassigned back to OIG to begin her three-month probationary period.

4.     Dews-Miller did not appear for work, however, until November 27, 1995.  Shortly thereafter, she elected not to return to OIG to satisfy the three-month probationary period provided in the settlement.  Rather, she chose to convert to the one-year temporary appointment specified in paragraph 6 of the agreement.

5.     On December 10, 1995, Dews-Miller's employment status was changed to temporary, and she began a one-year transitional period during which she was afforded USIA's career services to locate another job.  At the end of the year, on December 9, 1996, pursuant to the terms of the agreement, Dews-Miller was separated from USIA.

I swear, under penalty of perjury, that the foregoing is true and correct.


_12/14/98_
DATE

JENNY MALLIOS

RCVD S ´29¹ᵒ ᴴ 4:13



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## Office of Federal Operations
### P.O. Box 19848
### Washington, D.C. 20036

Dews-Miller,
      Appellant,     )
                         )
                         )
          v.           )    Appeal No.  01962642
                         )    Agency No.  OCR-863-49
                         )                 OCR-863-49-1
                         )
Joseph D. Duffey,         )
Director,                  )
United States Information Agency,)
      Agency.         )

## DISMISSAL OF APPEAL

Appellant filed an appeal with the Commission from a final agency decision (FAD) which dismissed her allegation that the agency breached a settlement agreement dated January 31, 1995. The appeal was postmarked February 16, 1996. The issue on appeal concerns whether or not the agency breached the settlement agreement. However, the Commission must first address whether or not the appeal was timely filed.

By regulation, appeals to the Commission must be filed within thirty calendar days after an appellant receives notice of the FAD. 29 C.F.R. §1614.504(b). The time within which to appeal shall be calculated from the receipt of the required document by the complainant. 29 C.F.R. §1614.402(b). A document shall be deemed timely if delivered in person or postmarked before the expiration of the applicable filing period. 29 C.F.R. §1614.604(b).

The record reflects that appellant received the FAD on December 15, 1995.[1] Appellant filed her appeal on February 16, 1996, even though it was due on February 12, 1996.[2] The Commission's regulations governing the computation of time limits allow for waiver and/or equitable tolling. 29 C.F.R. §1614.604(c). Appellant

---

[1] The record reflects that the final decision was signed for at appellant's address of record by either appellant or an individual with the same surname as appellant on December 15, 1995. In either case, appellant is deemed to have effectively received the Notice on that date. See, e.g., Raunchand v. United States Postal Service, EEOC Request No. 05920389 (May 29, 1992) (receipt of a document by a member of appellant's family of suitable age and discretion is effective receipt by appellant).

[2] Calculation of the 30 day period commenced on Thursday, January 11, 1996, the first day the Commission was open following a federal government furlough and subsequent inclement weather.


DEFENDANT'S EXHIBIT

2                          01962642
                           OCR 086349
                           OCR 086349-1

asserts that the delay in filing was caused by the Federal
government shutdown and subsequent inclement weather. The
Commission acknowledges that its offices were closed during the
partial government shutdown due to furlough and subsequently due to
inclement weather. See, Dougherty v. Social Security
Administration, Request No. 05960228, (January 31, 1997)(footnote
2). However, appellant's appeal was postmarked more than thirty
days from January, 11, 1996. The record reveals that the final
agency decision informed appellant of the time limits on her right
to appeal. Accordingly, the appeal is untimely and is DISMISSED.

### STATEMENT OF RIGHTS - ON APPEAL

#### RECONSIDERATION (M0795)

The Commission may, in its discretion, reconsider the decision in
this case if the appellant or the agency submits a written request
containing arguments or evidence which tend to establish that:

  1. New and material evidence is available that was not
     readily available when the previous decision was
     issued; or

  2. The previous decision involved an erroneous
     interpretation of law, regulation or material fact,
     or misapplication of established policy; or

  3. The decision is of such exceptional nature as to
     have substantial precedential implications.

Requests to reconsider, with supporting arguments or evidence, MUST
BE FILED WITHIN THIRTY (30) CALENDAR DAYS of the date you receive
this decision, or WITHIN TWENTY (20) CALENDAR DAYS of the date you
receive a timely request to reconsider filed by another party. Any
argument in opposition to the request to reconsider or cross
request to reconsider MUST be submitted to the Commission and to
the requesting party WITHIN TWENTY (20) CALENDAR DAYS of the date
you receive the request to reconsider. See 29 C.F.R. §1614.407.
All requests and arguments must bear proof of postmark and be
submitted to the Director, Office of Federal Operations, Equal
Employment Opportunity Commission, P.O. Box 19848, Washington, D.C.
20036. In the absence of a legible postmark, the request to
reconsider shall be deemed filed on the date it is received by the
Commission.

Failure to file within the time period will result in dismissal of
your request for reconsideration as untimely. If extenuating
circumstances have prevented the timely filing of a request for
reconsideration, a written statement setting forth the
circumstances which caused the delay and any supporting

3                    01962642
                     OCR 086349
                     OCR 086349-1

documentation must be submitted with your request for reconsideration. The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. See 29 C.F.R. §1614.604(c).

## RIGHT TO FILE A CIVIL ACTION (S0993)

It is the position of the Commission that you have the right to file a civil action in an appropriate United States District Court WITHIN NINETY (90) CALENDAR DAYS from the date that you receive this decision. You should be aware, however, that courts in some jurisdictions have interpreted the Civil Rights Act of 1991 in a manner suggesting that a civil action must be filed WITHIN THIRTY (30) CALENDAR DAYS from the date that you receive this decision. To ensure that your civil action is considered timely, you are advised to file it WITHIN THIRTY (30) CALENDAR DAYS from the date that you receive this decision or to consult an attorney concerning the applicable time period in the jurisdiction in which your action would be filed. If you file a civil action, YOU MUST NAME AS THE DEFENDANT IN THE COMPLAINT THE PERSON WHO IS THE OFFICIAL AGENCY HEAD OR DEPARTMENT HEAD, IDENTIFYING THAT PERSON BY HIS OR HER FULL NAME AND OFFICIAL TITLE. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, filing a civil action will terminate the administrative processing of your complaint.

## RIGHT TO REQUEST COUNSEL (Z1092)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. See Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq.; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§791, 794(c). The grant or denial of the request is within the sole discretion of the Court. Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File A Civil Action").

FOR THE COMMISSION:

SEP 25 1997
_____
DATE

Ronnie Blumenthal
_____
Ronnie Blumenthal, Director
Office of Federal Operations

CASES RECONSIDERED BY EEOC
ON OCTOBER 24, 1997
NEW EEOC DOCKET NUMBER 05980081
EEOC NO. 01962642


COMPLAINANT'S REQUEST FOR RECONSIDERATION
OF CASES DISMISSED BY EEOC
ON SEPTEMBER 25, 1997
OCR-0863-49 AND OCR-0863-49-1

CASES RECONSIDERED BY EEOC

## SETTLEMENT AGREEMENT

This Agreement, between the employee, Rose Mary Dews Miller, and the U.S. Information Agency (USIA), is in settlement of Complaints of Discrimination filed by the employee on June 4, 1993, and September 7, 1993, as well as all other EEO complaints against the Agency pending at an informal stage.

**This Agreement is based on the following facts:**

Ms. Miller filed formal Complaints of Discrimination against the Agency on June 4, 1993, and September 7, 1993, which were fully investigated and scheduled to be heard by an EEOC Administrative Judge on January 18 and 19, 1995. Ms. Miller subsequently filed at least one more complaint, dated October 21, 1994, with USIA's Office of Civil Rights, still at an informal stage. Prior to commencing the hearing, the parties entered into settlement negotiations with the assistance of the Administrative Judge.

**THEREFORE IT IS AGREED AS FOLLOWS:**

1.   The Agency will detail Ms. Miller out of the Office of Inspector General (OIG) to the Office of the Comptroller (M/C) as a Budget Analyst, GS-560-11/4, for a period of six months starting February 1, 1995. She will have the duties described in PDM-40-95, and her salary will be paid by OIG.

2.   OIG will pay for any training course/seminar(s) that M/C recommends to enhance Ms. Miller's ability to succeed in the temporary position. Ms. Miller agrees that any extended formal training, exceeding five days, will take place during nonduty hours.

3.   If at the end of six months Ms. Miller achieves a rating of at least fully successful, she will be retained at M/C in the PDM-40-95 or comparable position. If at the end of six months Ms. Miller's performance is not rated at least fully successful, the Agency agrees that a) the Office of Personnel will attempt to place Ms. Miller in an appropriate position in a non-OIG unit with three months probation; or b) if no such non-OIG placement is available, OIG will retain Ms. Miller for a three-month probationary period as specified in paragraph 5 below.

4.   OIG reserves the right to redefine the requirements and standards of Ms. Miller's existing GS-11 position, so long as the duties remain within the scope of her current position description.



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## Washington, D.C. 20507

Rose M. Dews-Miller,
    Appellant,

          v.

Joseph D. Duffey,
Director,
United States Information
  Agency,
    Agency.

)
)
)
)
)
)
)
)
)
)
)
)

*revd 7.15.98*

Request No. 05980081
Appeal No. 01962642
Agency No. OCR-863-49
          OCR-863-49-1

## DENIAL OF REQUEST FOR RECONSIDERATION

On October 24, 1997, Rose M. Dews-Miller (hereinafter referred to as appellant) timely initiated a request to the Equal Employment Opportunity Commission (EEOC) to reconsider the decision in *Dews-Miller v. United States Information Agency*, EEOC Appeal No. 01962642 (September 25, 1997). EEOC Regulations provide that the Commissioners may, in their discretion, reconsider any previous Commission decision. 29 C.F.R. §1614.407(a). The party requesting reconsideration must submit written argument or evidence which tends to establish one or more of the following three criteria: new and material evidence is available that was not readily available when the previous decision was issued, 29 C.F.R. §1614.407(c)(1); the previous decision involved an erroneous interpretation of law, regulation or material fact, or misapplication of established policy, 29 C.F.R. §1614.407(c)(2); and the previous decision is of such exceptional nature as to have substantial precedential implications, 29 C.F.R. §1614.407(c)(3). Appellant's request is denied.

After a review of appellant's request for reconsideration, the previous decision, and the entire record, the Commission finds appellant's request does not meet the criteria of 29 C.F.R. §1614.407(c), and it is the decision of the Commission to deny appellant's request. The decision of the Commission in Appeal No. 01962642 remains the Commission's final decision. There is no further right of administrative appeal from the decision of the Commission on this request for reconsideration.

## RIGHT TO FILE A CIVIL ACTION (P0993)

This decision of the Commission is final, and there is no further right of administrative appeal from the Commission's decision. You have the right to file a civil action in an appropriate United States District Court. It is the position of the Commission that you have the right to file a civil action in an appropriate United



DEFENDANT'S
EXHIBIT
NO. 4

*Attachment 1*
*Page 1 of 3*

2                  05980081

States District Court WITHIN NINETY (90) CALENDAR DAYS from the date that you receive this decision. You should be aware, however, that courts in some jurisdictions have interpreted the Civil Rights Act of 1991 in a manner suggesting that a civil action must be filed WITHIN THIRTY (30) CALENDAR DAYS from the date that you receive this decision. To ensure that your civil action is considered timely, you are advised to file it WITHIN THIRTY (30) CALENDAR DAYS from the date that you receive this decision or to consult an attorney concerning the applicable time period in the jurisdiction in which your action would be filed. If you file a civil action, YOU MUST NAME AS THE DEFENDANT IN THE COMPLAINT THE PERSON WHO IS THE OFFICIAL AGENCY HEAD OR DEPARTMENT HEAD, IDENTIFYING THAT PERSON BY HIS OR HER FULL NAME AND OFFICIAL TITLE. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work.

## RIGHT TO REQUEST COUNSEL (Z1092)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. See Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq.; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§791, 794(c). The grant or denial of the request is within the sole discretion of the Court. Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File A Civil Action").

FOR THE COMMISSION:

7/10/98
/Date

Frances M. Hart
Frances M. Hart
Executive Officer
Executive Secretariat

Attachment 1
Page 2 of 3

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
OFFICE OF FEDERAL OPERATIONS
P.O. BOX 19848
WASHINGTON, D.C. 20036

OFFICIAL BUSINESS
Penalty for private use $300

22152-2419 34

CERTIFIED

Z 234 925 523

MAIL

J. Pratt
6713 Harwood Place
Springfield, VA 22152-2419

JUL 1 1 98

U.S. OFFICIAL MAIL
PENALTY FOR PRIVATE USE $300
PB METER 7250344
U.S. POSTAGE 2.77

7-15-98

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JEROME B. DAVIS,                          :
                                          :
          Plaintiff,                      :
                                          :
     v.                                   :    Civil Action No. 97-2216 (JR)
                                          :
ALAN HANTMAN, AIA, Office of the :
Architect of the Capitol,                 :    **FILED**
                                          :
          Defendant.                      :    NOV 12 1998
                                          :
                   MEMORANDUM                  NANCY MAYER WHITTINGTON, CLERK
                                               U.S. DISTRICT COURT

          Plaintiff, a former plumber at the United States

Capitol, brings this employment discrimination suit against the

Architect of the Capitol making two claims: noncompliance with a

settlement agreement and retaliatory discrimination.  Defendant

has moved to dismiss the first count for lack of jurisdiction.

The first count concerns a June 1995 agreement between plaintiff

and defendant, settling an employment discrimination complaint.

Under the agreement, the defendant agreed to pay plaintiff

$25,000 plus attorney's fees.  Because the United States is a

defendant in this contract dispute and the amount at issue

exceeds $10,000, the Tucker Act vests exclusive jurisdiction of

this claim in the United States Court of Federal Claims.  28

U.S.C. §§ 1346(a)(2), 1491.[1]  Defendant's motion must be granted.

---

[1]"It is often assumed that the Claims Court has exclusive
jurisdiction of Tucker Act claims for more than $10,000.  (Title
28 U.S.C. § 1346(a)(2) expressly authorizes concurrent
jurisdiction in the district courts and the Claims Court for
under $10,000.)  That assumption is not based on any language in


DEFENDANT'S
EXHIBIT
NO. 5

Both parties mistakenly believe that the jurisdicitonal question presented by the instant motion agreement turns on the application vel non of the Congressional Accountability Act (CAA), 2 U.S.C. § 1301 et seq. The CAA was enacted in January 1996 to extend the rights and protections of Title VII and other federal statutes to employees of the legislative branch. Under the CAA, aggrieved parties may sue in federal district court if internal mediation efforts are unsuccessful. 2 U.S.C. § 1404(2). Plaintiff asserts that the CAA provides this Court with jurisdiction to hear the breach of settlement agreement claim. Defendant counters that it does not, because the settlement agreement was signed before the CAA was enacted. This debate misses the mark. The issue is not whether plaintiff could have brought suit in federal court to resolve the EEOC claim. For whatever reason, he did not. The issue, instead, is whether this Court has jurisdiction hear an action to enforce the settlement of the claim.

The Court's conceded jurisdiction over plaintiff's second claim (for retaliation under the CAA) does not extend to plaintiff's breach claim. There must be an independent basis for jurisdiction of the breach claim--at least "some basis for

the Tucker Act granting such exclusive jurisdiction to the Claims Court. Rather, that court's jurisdiction is "exclusive" only to the extent that Congress has not granted any other court authority to hear the claims that may be decided by the Claims Court." Bowen v. Massachusetts, 487 U.S. 879, 910 n.48 (1988).

- 2 -

jurisdiction of the underlying suit...." <u>Mutual of Omaha Ins.</u>
<u>Co. v. National Ass'n of Gov't Employees</u>, 145 F.3d 389, 394 (D.C.
Cir. 1998), and here there is none.

An appropriate order accompanies this memorandum.


November 12, 1998


_____
JAMES ROBERTSON
United States District Judge

- 3 -

Copies to:

Jeffrey H. Leib
5104 34th Street, N.W.
Washington, DC  20008

<u>Counsel for Plaintiff</u>

Michael A. Humphreys
Assistant U.S. Attorney
Judiciary Center, Room 10-806
555 Fourth Street, N.W.
Washington, DC  20001

<u>Counsel for Defendant</u>

- 4 -

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JEROME B. DAVIS,                          :
                                          :
          Plaintiff,                      :
                                          :
     v.                                   :
                                          :    Civil Action No. 97-2216 (JR)
ALAN HANTMAN, AIA, Office of the          :
Architect of the Capitol,                 :    **FILED**
                                          :
          Defendant.                      :    NOV 1 2 1998
                                          :
                              ORDER            NANCY MAYER WHITTINGTON, CLERK
                                               U.S. DISTRICT COURT

     Upon consideration of the defendant's motion to dismiss

and the opposition thereto, it is this _12th_ day of November,

1998

     **ORDERED** that the motion [# 18] is **granted.**




                                   _____
                                        JAMES ROBERTSON
                                   United States District Judge


25

Copies to:

Jeffrey H. Leib
5104 34th Street, N.W.
Washington, DC  20008

Counsel for Plaintiff

Michael A. Humphreys
Assistant U.S. Attorney
Judiciary Center, Room 10-806
555 Fourth Street, N.W.
Washington, DC  20001

Counsel for Defendant

- 2 -

## CERTIFICATE OF SERVICE

I, hereby, certify that service of the foregoing Federal Defendants' Motion To Dismiss Or, In the Alternative, For Summary Judgment, supporting memorandum, Statement of Material Facts, and a Proposed Order has been made by mailing copies, thereof, to

> Rose M. Dews-Miller
> 8507 Woodyard Rd.
> Clinton, Md.
> 20735

on this 14th day of December 1998.

Michael A. Humphreys Bar No. 383353
Assistant United States Attorney

- 10 -

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROSE M. DEWS-MILLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 98-2417 (GK) |
| | ) |
| JOSEPH D. DUFFEY (in his official capacity | ) |
| as Director of the United States Information | ) |
| Agency) | ) |
| | ) |
| Defendant. | ) |
| | ) |

## O R D E R

UPON CONSIDERATION of the Defendant's Motion To Dismiss Or, In The Alternative, For Summary Judgment, the grounds stated therefore, and the entire record herein, it is the _____ day of _____, 1998 hereby

ORDERED that the Defendant's' motion to dismiss should be and it hereby is granted; and it is,

FURTHER ORDERED that plaintiff's complaint be and hereby is dismissed as against the defendant.

_____
UNITED STATES DISTRICT JUDGE

MICHAEL A. HUMPHREYS
Assistant U.S. Attorney
Judiciary Center - Room 4223
555 4th Street, N.W.
Washington, D. C.
                20001


ROSE M. DEWS-MILLER
8507 Woodyard Rd.
Clinton, Md.
                20735

RECEIVED

Dec 14   10 21 PM '98

N. MAYER-... ...INGTON
CLERK
U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

**EXHIBIT C**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

ROSE M. DEWS-MILLER,                    :
                                        :
            Plaintiff,                  :
                                        :
      v.                                :       Civil Action
                                        :       No. 98-2417 (GK)
JOSEPH D. DUFFEY,                       :
                                        :       **FILED**
            Defendant.                  :
                                        :       FEB 12 1999
---                                     :

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

<u>ORDER</u>

Plaintiff Rose M. Dews-Miller, proceeding pro se in this matter, brings this suit against her former employer, Joseph D. Duffey, in his official capacity as Director of the United States Information Agency ("USIA"). This matter is before the Court on Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment [#7]. Upon consideration of Defendant's Motion, Plaintiff's Response, Defendant's Reply, and the entire record herein, for the reasons discussed in the accompanying opinion, Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment [#7] is **granted**. In light of the Court's decision, Plaintiff's Request for Consideration of Order Denying Request for Appointment of Counsel [#13] is **denied as moot**.

Feb. 12, 1999
_____
Date

Gladys Kessler
United States District Judge

**Copies to:**

Rose M. Dews-Miller
8507 Woodyard Road
Clinton, MD 20735

Michael A. Humphreys
Assistant U.S. Attorney
555 4th Street, N.W.
Washington, DC 20001

2

**EXHIBIT D**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROSE M. DEWS-MILLER,           :
                               :
         Plaintiff,            :
                               :
         v.                    :     Civil Action
                               :     No. 98-2417 (GK)
JOSEPH D. DUFFY,               :
                               :                    FILED
         Defendant.            :
                               :                 FEB 26 1999

                                           NANCY MAYER WHITTINGTON, CLERK
                                                 U.S. DISTRICT COURT

                         O R D E R

     It is this 25th day of February, 1999, hereby

     ORDERED that, in light of the fact that Plaintiff presented no

new arguments or facts, Plaintiff's Motion for Reconsideration of

Memorandum Opinion and Order [#16] is hereby denied.  The Court's

February 12, 1999 dismissal of Plaintiff's case with prejudice will

stand.

                              _____
                              Gladys Kessler
                              United States District Judge

Copies to:

Rose M. Dews-Miller
8507 Woodyard Road
Clinton, MD 20735

Michael A. Humphreys
Assistant U.S. Attorney
555 4th Street, N.W.
Washington, DC 20001

**EXHIBIT E**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROSE M. DEWS-MILLER,                    :
                                        :
        Plaintiff,                      :
                                        :
        v.                              :
                                        :        Civil Action
JOSEPH D. DUFFEY,                       :        No. 98-2417 (GK)
                                        :
        Defendant.                      :
                                        :
                                        :

FILED

FEB 1 2 1999

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

MEMORANDUM OPINION AND ORDER

Plaintiff Rose M. Dews-Miller, proceeding pro se in this matter, brings this suit against her former employer, Joseph D. Duffey, in his official capacity as Director of the United States Information Agency ("USIA"). This matter is before the Court on Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment [#7]. Upon consideration of Defendant's Motion, Plaintiff's Response, Defendant's Reply, and the entire record herein, for the reasons discussed below, Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment is **granted**.

I.    Background[1]

On June 4 and September 7, 1993, Ms. Dews-Miller filed formal claims with the Equal Employment Opportunity Commission ("EEOC")

---

[1] For purposes of ruling on a motion to dismiss, the factual allegations of the complaint must be presumed true and liberally construed in favor of the plaintiff. Shear v. National Rifle Ass'n of Am., 606 F.2d 1251, 1253 (D.C. Cir. 1979). Therefore, the facts set forth herein are taken from Plaintiffs' Complaint and Response to Defendant's Motion, unless otherwise noted.

charging Defendant with discrimination. On October 21, 1993, Ms. Dews-Miller filed an additional informal claim with the USIA Office of Civil Rights. In settling her claims, Ms. Dews-Miller entered into a Settlement Agreement with Defendant, which was finalized on January 31, 1995. Ms. Dews-Miller was represented by counsel when making and signing this Agreement.

The Agreement specified that Ms. Dews-Miller would be reassigned within the USIA from the Office of Inspector General, where she was employed as a GS-11 budget analyst, to a similar position in the Office of the Comptroller. Settlement Agreement ("S.A.") at ¶1. The reassignment would become permanent if Ms. Dews-Miller achieved a performance rating of "fully successful" or higher. Id. at ¶1, 3. If she did not achieve a "fully successful" performance rating, she was to be placed in another position within the agency for a three-month probationary period, which would then become permanent if she achieved a "fully successful" performance rating or higher in that second position. Id. at ¶3-6. If she did not achieve a "fully successful" performance rating in the new position, she was to be reassigned to a temporary position for a twelve-month period, during which she would be afforded outplacement services, and after which she was to resign her post at USIA. Id. at ¶6.

Ms. Dews-Miller's employment with USIA ended on December 9, 1996, pursuant to the terms of the Settlement Agreement. Pl.'s Compl. at 1. Defendant alleges that Ms. Dews-Miller was separated for failure to achieve the "fully successful" performance ratings

2

at the various positions to which she was assigned.  Decl. of Jenny
Mallios at 1-2.

## II. Analysis

The pleadings of a pro se plaintiff must be held to "less
stringent standards than formal pleadings drafted by lawyers".
Haines v. Kerner, 404 U.S. 519, 520 (1972).  In her Complaint, Ms.
Dews-Miller charges Defendant with "violating the terms of a
January 30, 1995 Settlement Agreement."  Pl.'s Compl. at 1; see
also Pl.'s Compl. at Tab 1.  In her Response to Defendant's Motion,
however, Ms. Dews-Miller alleges that she made no mention anywhere
of a "breach of contract claim", Pl.'s Response at 7.  Ms. Dews-
Miller further alleges that this case is brought under Title VII of
the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., for
retaliation and wrongful discharge.  Pl.'s Response at 1.  The
Court must liberally construe all of Ms. Dews-Miller's pleadings,
and thus bases its decision on both the contract and discrimination
claims.

### A.    Breach of Contract Claim

To the extent that Ms. Dews-Miller has alleged that Defendant
has breached the Settlement Agreement, this claim involves a
contract dispute with the United States as a defendant and an
amount in controversy of over $10,000.[2]  As a result, this Court

---

[2] Ms. Dews-Miller does not appear to dispute that her claim
is for at least $10,000.  Since she seeks, among other things,
approximately three years of back pay, and implies in her Response
that she seeks compensatory damages under Title VII of at least
$300,000, Pl.'s Response at 8, Ms. Dews-Miller's claims easily
exceed $10,000.

3

has no jurisdiction over this claim. The Tucker Act vests exclusive jurisdiction of such claims in the United States Court of Federal Claims. 28 U.S.C. §§ 1346(a)(2), 1491; see also Bowen v. Massachusetts, 487 U.S. 879, 910 n.48 (1988).

**B.    Discrimination Claim**

"[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). As already noted, the factual allegations of the complaint must be presumed true and liberally construed in favor of the plaintiff. Shear v. National Rifle Ass'n of Am., 606 F.2d 1251, 1253 (D.C. Cir. 1979).

Although she does not mention it in her Complaint, Ms. Dews-Miller also alleges that Defendant violated Title VII by retaliating against her and wrongfully discharging her. Pl.'s Response at 1. Defendant argues that Ms. Dews-Miller has failed to state a claim upon which relief can be granted, because she failed to timely file an appeal of her termination decision to the EEOC. Ms. Dews-Miller argues that she in fact did timely file her appeal.

EEOC regulations require that all federal employees who have entered into settlement agreements must file an appeal of an adverse final agency decision under the settlement agreement to the EEOC within thirty days of being notified of that decision. 29 C.F.R. § 1614.504(b). Failure to comply with an administrative deadline does not, in and of itself, deny a claimant's right to

4

seek judicial review. Brown v. Marsh, 777 F.2d 8, 13 (D.C. Cir. 1985). In such cases, however, "the Title VII plaintiff bears the burden of pleading and proving in the district court 'equitable reasons' for noncompliance with the thirty-day requirement." Bayer v. U.S. Dept. of Treasury, 956 F.2d 330, 333 (D.C. Cir. 1992). Without an equitable reason to ignore the administrative deadline, the Court must treat it as a statute of limitations, barring the plaintiff's claim. Id.

In this case, Ms. Dews-Miller was separated from USIA on December 9, 1995. The EEOC's Dismissal of Appeal ("Dismissal") indicates that a written copy of the final decision was signed for at Ms. Dews-Miller's address on December 15, 1995. Dismissal at 1 n.1. Ms. Dews-Miller thus received notice of the final decision on December 15, 1995. Because of a government furlough and inclement weather, the EEOC closed on December 18, 1995, and did not reopen until January 11, 1996. The calculation of the thirty-day period therefore began on January 11, 1996, and Ms. Dews-Miller's appeal was consequently due on February 12, 1996. The appeal received by the EEOC was, however, postmarked February 16, 1996. Id. The EEOC considered Ms. Dews-Miller's reasons for the untimely filing, and determined that they did not warrant waiving or equitably tolling the deadline by which Ms. Dews-Miller needed to file the appeal. Id. at 1-2. Ms. Dews-Miller timely filed a request for consideration of the EEOC's dismissal of her appeal, but the EEOC denied this request as well. Denial of Request for Reconsideration at 1.

5

Ms. Dews-Miller has set forth no reasons, in any of her submissions, why the Court should disturb the EEOC's determination that she failed to meet the deadline in filing her initial appeal. Because she has failed to provide an equitable reason to ignore the administrative deadline, she has thus failed to exhaust her administrative remedies. As a result, her discrimination claim must be dismissed for failure to state a claim upon which relief can be granted.

## III. CONCLUSION

For the reasons discussed above, Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment [#7] is **granted.** In light of the Court's decision, Plaintiff's Request for Consideration of Order Denying Request for Appointment of Counsel [#13] is **denied as moot.** An order will issue with this opinion.

_Feb 12, 1999_
Date

_Gladys Kessler_
Gladys Kessler
United States District Judge

**Copies to:**

Rose M. Dews-Miller
8507 Woodyard Road
Clinton, MD 20735

Michael A. Humphreys
Assistant U.S. Attorney
555 4th Street, N.W.
Washington, DC 20001