IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ROSE M. DEWS-MILLER, | * | |
| Plaintiff, | * | |
| v. | * | CASE NO. 06-1764 (GK) |
| CONDOLEEZZA RICE,<br>Secretary of State, | * | |
| | * | |
| Defendant. | | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**PLAINTIFF'S OPPOSITION TO THE
DEFENDANT'S SUPPLEMENTAL MEMORANDUM**

Plaintiff Rose M. Dews-Miller, by her undersigned attorney, submits this Opposition to the Defendant's Supplemental Memorandum.

**INTRODUCTION**

The Agency, in a futile and desperate effort to salvage its Motion for Summary Judgment, now asserts in its Supplemental Memorandum that the Plaintiff's First Amended Complaint must be dismissed because an action filed by the Plaintiff against the Agency in this Court in 1998 was dismissed. The action filed by the Plaintiff in 1998, although similar in nature, has a separate and distinct procedural background than the instant case. Moreover, this Court did not address the merits of the claims asserted in the 1998 action and many of the claims asserted in this case were not asserted in the 1998 action. As the following will show, the 1998 action has absolutely no res judicata or collateral estoppel effect in this case. Accordingly, the Agency's Motion to Dismiss, or in the Alternative, for Summary Judgment, must be denied.

**FACTUAL AND PROCEDURAL HISTORY**

On January 31, 1995, the Plaintiff, an employee of the United States Information Agency ("USIA"), and the Agency entered into a Settlement Agreement which settled certain EEO complaints filed by the Plaintiff against the Agency which were pending before the Equal Employment Opportunity Commission ("EEOC"). The Settlement Agreement provided, *inter*

*alia*, that the Plaintiff would be reassigned from the USIA to the Office of Inspector General in the position of a budget analyst. The reassignment would be permanent if the Plaintiff achieved a subjective performance rating of at least "fully successful." If she did not receive a performance rating of at least "fully successful," she would be reassigned to a temporary position for one (1) year and terminated. *See* Exhibit 1 to the Agency's Motion to Dismiss, or in the Alternative, for Summary Judgment.[1] As expected, the Agency subjectively rated the Plaintiff's performance less than "fully successful" and terminated the Plaintiff on December 9, 1996.

**THE 1998 CASE**

On October 10, 1995, the Plaintiff, rightly believing that the Settlement Agreement had been breached by the Agency, requested that the Agency reopen her EEO claims covered by the Settlement Agreement. *See* Exhibit 2 to the Agency's Motion to Dismiss, or in the Alternative, for Summary Judgment. On December 11, 1995, the Agency issued a Final Agency Decision ("FAD") in which it denied the Plaintiff's request to reopen her EEO claims covered by the Settlement Agreement. *See* Exhibit 3 to the Agency's Motion to Dismiss, or in the Alternative, for Summary Judgment. The Plaintiff had thirty (30) days to appeal that decision to the EEOC. The Plaintiff filed her appeal late, and the EEOC dismissed the appeal because it was not timely filed. *See* Exhibit 5 to the Agency's Motion to Dismiss, or in the Alternative, for Summary Judgment.

The Plaintiff, proceeding *pro se*, therefore filed a lawsuit with this Court on October 9, 1998 in the case entitled, *Rose M. Dews-Miller v. Joseph D. Duffy*, Case No. 98-2417 (GK). Although the Plaintiff in her *pro se* complaint alleged that the Agency violated the Settlement

---

[1] Nearly all of the Exhibits referred to in this Memorandum are Exhibits to the Agency's Motion to Dismiss, or in the Alternative, for Summary Judgment. Accordingly, in an effort to conserve energy and resources, the Plaintiff will not reduplicate and attach the Exhibits to this Memorandum. Instead, the Plaintiff will simply make reference to the Exhibits attached to the Agency's Motion to Dismiss, or in the Alternative, for Summary Judgment.

Agreement, illegally terminated her and sought reinstatement, given the history of the Plaintiff's claim at that point, the issue in the 1998 case had to be limited to whether the denial of the Plaintiff's request to reopen her case was proper.  The Agency filed a Motion to Dismiss, or in the Alternative, for Summary Judgment, in which it argued that the Plaintiff's complaint should be dismissed because the Plaintiff failed to timely file her appeal of the FAD with the EEOC.  The Agency also argued that this Court lacked subject matter jurisdiction over the Plaintiff's alleged claim for breach of the Settlement Agreement because the claim had a value over $10,000.00 and because such claims allegedly must be filed with the Court of Federal Claims.

This Court granted the Agency's Motion to Dismiss.  This Court held that it did not have subject matter jurisdiction over the alleged claim for breach of contract because the amount in controversy exceeded $10,000.00 and that such claims must be filed with the Court of Federal Claims.  This Court dismissed the Plaintiff's alleged claims for violation of Title VII pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted because the Plaintiff did not timely file an appeal of the FAD with the EEOC and it saw no reason to reverse the EEOC's decision dismissing the Plaintiff's appeal.  In so holding, this Court stated as follows:

> Ms. Dews-Miller has set forth no reasons, in any of her submissions, why the Court should disturb the EEOC's determination that she has failed to meet the deadline in filing her initial appeal.  Because she has failed to provide an equitable reason to ignore the administrative deadline, she has thus failed to exhaust her administrative remedies.  As a result, her discrimination claim must be dismissed for failure to state a claim upon which relief can be granted.

*Rose M. Dews-Miller v. Joseph D. Duffy*, Case No. 98-2417 (GK) at 6.

As stated previously, the FAD only denied the Plaintiff's request to reopen her EEO claims covered by the Settlement Agreement.  The Plaintiff failed to timely appeal the FAD to the EEOC, and the EEOC dismissed the Plaintiff's appeal for that reason.  This Court then dismissed the Plaintiff's complaint because "Ms. Dews-Miller has set forth no reasons, in any of her submissions, why the Court should disturb the EEOC's determination that she has failed to meet the deadline in filing her initial appeal."  Hence, despite the mentioning that the Plaintiff

claimed that the Agency violated the Settlement Agreement and illegally retaliated against and terminated her, this Court's ruling was limited to the issue of whether to disturb the EEOC's decision to dismiss the Plaintiff's appeal because the Plaintiff failed to timely appeal the FAD to the EEOC.  The Court did not rule on the merits of the claim.

The Court's February 12, 1999 order in *Rose M. Dews-Miller v. Joseph D. Duffy*, Case No. 98-2417 (GK) did not state that the dismissal the Plaintiff's claims was with prejudice.  Accordingly it would appear that the dismissal was without prejudice.  When ruling on the Plaintiff's Motion for Reconsideration of the February 12, 1999 order, however, this Court, for the first time and without explanation, indicates that the February 12, 1999 order was a dismissal with prejudice.  In any event, the case of *Rose M. Dews-Miller v. Joseph D. Duffy*, Case No. 98-2417 (GK), by necessity, dealt only with the denial of the Plaintiff's request to reopen her EEO claims that resulted in the Settlement Agreement, and the dismissal of the Plaintiff's appeal of the denial of that request.

**THE INSTANT CASE**

Unlike the action filed by the Plaintiff with this Court in 1998, in this case, the Plaintiff filed a complaint for reprisal with the Agency on March 28, 1996.  *See* Exhibit 6 to the Agency's Motion to Dismiss, or in the Alternative, for Summary Judgment. The Agency accepted the complaint for processing on July 31, 1996, and assigned Agency Complaint No. OCR-96-15.  *See* Exhibit 7 to the Agency's Motion to Dismiss, or in the Alternative, for Summary Judgment.  The Agency issued a FAD on January 19, 1999 in which the Agency denied the Plaintiff's claim.  *See* Exhibit 9 to the Agency's Motion to Dismiss, or in the Alternative, for Summary Judgment.  The Plaintiff appealed the FAD to the EEOC.  On June 23, 1999, after this Court's decision of February 12, 1999 in *Rose M. Dews-Miller v. Joseph D. Duffy*, Case No. 98-2417 (GK), the EEOC issued a decision in which it reversed the January 19, 1999 FAD, remanded the case, specifically held that the Agency improperly denied the Plaintiff EEO counseling, and ordered the Agency on remand to allow the Plaintiff to file a formal complaint and to process same.  *See*

Exhibit 10 to the Agency's Motion to Dismiss, or in the Alternative, for Summary Judgment.

The Plaintiff thereafter timely filed a formal complaint on August 23, 2000. *See* Exhibit 12 to the Agency's Motion to Dismiss, or in the Alternative, for Summary Judgment. The Agency accepted the August 23, 2000 complaint for investigation. *See* Exhibit 13 to the Agency's Motion to Dismiss, or in the Alternative, for Summary Judgment. By order dated July 19, 2001, the EEOC ordered the Agency to consolidate all of the Plaintiff's EEO claims against the Agency. *See* Exhibit 16 to the Agency's Motion to Dismiss, or in the Alternative, for Summary Judgment. On November 26, 2001, the Agency completed its investigation of the Plaintiff's claims. *See* Exhibit 17 to the Agency's Motion to Dismiss, or in the Alternative, for Summary Judgment.

The Plaintiff requested a hearing and a hearing was held before an Administrative Law Judge ("ALJ") of the EEOC on December 9, 2003. On April 29, 2004, the ALJ issued a decision in favor of the Agency. *See* Exhibit 18 to the Agency's Motion to Dismiss, or in the Alternative, for Summary Judgment. The Plaintiff timely appealed the decision of the ALJ to the EEOC Office of Federal Operations. By order dated April 11, 2006, EEOC Office of Federal Operations affirmed the ALJ's decision of April 29, 2004, and denied the Plaintiff's timely request for reconsideration on July 13, 2006. *See* Exhibits 19 and 20 to the Agency's Motion to Dismiss, or in the Alternative, for Summary Judgment. The Plaintiff had ninety (90) days from the date that she received the decision of the EEOC Office of Federal Operations to file a civil action in federal court. The decision was mailed to the Plaintiff on July 13, 2006.[2] The Plaintiff timely filed this action on October 16, 2006. At no time before the EEOC did the Agency argue that the Plaintiff's claims are precluded by the 1998 case. To the contrary, the Agency processed the Plaintiff's new, different and distinct claims.

---

[2] The EEOC deems its decisions to be received within five (5) days of mailing. *See* the Certificate of Mailing of Exhibit 20 to the Agency's Motion to Dismiss, or in the Alternative, for Summary Judgment.

**ARGUMENT**

**I. THE PLAINTIFFS' CLAIMS ARE NOT BARRED BY THE DOCTRINES OF RES JUDICATA OR COLLATERAL ESTOPPEL**

As the foregoing demonstrates, the 1998 case and this case do not involve the same claims, and the two (2) cases have been presented to this Court in different procedural postures. The Court's ruling in the 1998 case was limited to the issue of whether to disturb the EEOC's decision to dismiss the Plaintiff's appeal because the Plaintiff failed to timely appeal the FAD in which the Agency denied her request to reopen her case that was covered by the Settlement Agreement. In this case, the Plaintiff seeks redress for the Agency's retaliation against her for engaging in prior EEO activity and breach of the Settlement Agreement. Accordingly, the issues in the 1998 case and this case are different, separate and distinct. Hence, the doctrines of res judicata or collateral estoppel are not applicable here.

Moreover, in the 1998 case, this Court did not rule on the merits of the claim; but instead, refused to disturb a finding of the EEOC. The Agency concedes in its Motion that in order for the doctrines of res judicata or collateral to apply, there must have been "a valid final adjudication of a claim" or "an issue of fact or law, actually litigated and resolved by a valid judgment that binds the parties in a subsequent action…." This Court's 1998 decision was not a final judgment on the merits and the issues in the 1998 case were not actually litigated. As stated previously, this Court's ruling in the 1998 case was limited to the issue of whether to disturb the EEOC's decision to dismiss the Plaintiff's appeal because the Plaintiff failed to timely appeal the FAD in which the Agency denied her request to reopen her case that resulted in the Settlement Agreement, and whether it had subject matter jurisdiction over a breach of contract claim. The District of Columbia Circuit has held that a dismissal for lack of jurisdiction is not an adjudication on the merits. *Kasap v. Folger Nolan Fleming & Douglas, Inc.*, 166 F.3d 1243, 1248 (1999). *See also* Charles A. Wright and Arthur R. Miller, 5A, *Federal Practice and Procedure* §1350 at 225 (2d ed. 1990); *Lupo v. Voinovich*, 858 F. Supp. 699 (1994); Rule 41(b)

of the Federal Rules of Civil Procedure. Accordingly, because the Agency cannot satisfy the most important element for the application of res judicata or collateral estoppel, i.e., that the judgment asserted must have been a final judgment on the merits, the 1998 case cannot be relied upon for the application of res judicata or collateral estoppel here. *See Kasap v. Folger Nolan Fleming & Douglas, Inc.*, 166 F.3d 1243, 1248 (1999).

## II. THE COURT HAS ANCILLARY JURISDICTION OVER COUNTS XI-XXII FOR BREACH OF THE SETTLEMENT AGREEMENT EVEN THOUGH THEY SEEK DAMAGES IN EXCESS OF $10,000.

Although this Court ruled in the 1998 case that it did not have subject matter jurisdiction over the Plaintiff's claim for breach of the Settlement Agreement, that ruling, as demonstrated above, has no res judicata or collateral estoppel effect.  The Plaintiff requests that this Court reconsider that ruling in light of a subsequent decision of the District of Columbia Circuit in *Rochman v. Gonzales*, 438 F. 3d 1211(D.C. Cir. 2006).  In *Rochman*, the Court recognized that in a case in which the Plaintiff relies upon the same facts for breach of a settlement agreement and reprisal for engaging in EEO activity, the district court may exercise ancillary jurisdiction over the breach of contract claim even though the breach of contract claim seeks damages in excess of $10,000. *Id.* at 1215 (the district may determine that it has ancillary jurisdiction over a breach of contract claim  even though the Court of Federal Claims generally has exclusive jurisdiction over breach of contract claims against the United States for damages in excess of $10,000). *See also Shaffer v. Veneman*, 325 F. 3d 370, 373 (D.C. Cir. 2003) (recognizing that the district court may exercise ancillary jurisdiction over a breach of contract claim against the United States for damages in excess of $10,000 if the Title VII and breach of contract claims are "factually interdependent").

A district court may exercise ancillary jurisdiction over a breach of contract claim against the United States for damages in excess of $10,000 (1) "to permit disposition by a single court of claims that are, in varying respects and degrees, interdependent," and (2) "to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its

decrees." *Id.*(quoting *Kokkonen v. Guardian Life Insurance Company of America*, 511 U.S. 375, 379-80, 114 S. Ct. 1673, 1676 (1994). This case fits squarely within the mold for the exercise of ancillary jurisdiction over the Plaintiff's breach of contract claim against the Agency. As stated previously, the Plaintiff relies upon the same facts for her reprisal for engaging in prior EEO activity (over which this Court clearly has jurisdiction) and her breach of contract claims. Accordingly, the reprisal for engaging in prior EEO activity and breach of contract claims are "interdependent." Given that the claims are "interdependent," the exercise of ancillary jurisdiction over the breach of contract claims is appropriate to enable this Court to function successfully, to manage its proceedings, vindicate its authority, and effectuate its decrees. This Court therefore has ancillary jurisdiction over the Plaintiff's breach of contract claims against the Agency. Accordingly, the Agency's Motion to Dismiss, or in the Alternative, for Summary Judgment, should be denied.

## CONCLUSION

For the foregoing reasons, the Agency's Motion to Dismiss, or in the Alternative, for Summary Judgment, should be denied.

/S/
_____
CHARLES G. BYRD, JR.
Bar No. MD04388
Alston & Byrd
2518 Maryland Avenue
Baltimore, Maryland 21218
410-235-7811

Attorney for Plaintiff
Rose M. Dews-Miller