UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ROSE M. DEWS-MILLER, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 06-1764 (GK) |
| CONDOLEEZZA RICE, SECRETARY OF STATE, | ) ) ) ) | |
| Defendant. | ) ) | |

**DEFENDANT'S REPLY MEMORANDUM**

Defendant, Condoleezza Rice, Secretary of State, respectfully replies to Plaintiff's Opposition to the Defendant's Supplemental Memorandum (Docket Entry No. 47). Plaintiff previously brought an action before this Court, captioned as Rose M. Dews-Miller v. Joseph D. Duffey, Director of the United States Information Agency, Civil Action No. 98-2417 (GK), alleging that the U.S. Information Agency ("USIA") breached a 1995 settlement agreement and illegally retaliated against and terminated her the following year. Pursuant to the settlement agreement (at ¶ 6), plaintiff "agree[d] to resign from USIA" if she failed to achieve certain performance levels during the probationary periods of the settlement, and she failed to meet those benchmarks. Plaintiff now comes before this Court ten years later, and argues that this Court should disregard its prior dismissal of the breach of contract and related claims with prejudice. Plaintiff also asks the Court to take ancillary jurisdiction over her newly-minted claims for breach of the same settlement agreement because they are factually interdependent to her renewed allegations of reprisal resulting in her removal. Plaintiff's contentions are wholly lacking in merit, and the Court should dismiss plaintiff's first amended complaint, or, in the alternative, grant defendant's motion for summary

judgment.

## DISCUSSION

Plaintiff wrongly contends that this Court did not decide the issue of its jurisdiction over the breach of contract and related claims in the Court's February 12, 1999 Memorandum Opinion and Order in No. 98-2417. See Pl's Opp'n Br. At 3 ("Hence, despite the mentioning that the Plaintiff claimed that the Agency violated the Settlement Agreement and illegally retaliated against and terminated her, this Court's ruling was limited to the issue of whether to disturb the EEOC's decision to dismiss the Plaintiff's appeal because the Plaintiff failed to timely appeal the FAD to the EEOC.")  To the contrary, this Court squarely addressed the breach of contract claim in Section II, Part A, of the Opinion and ruled that it lacked jurisdiction over the claim because:

> [t]o the extent that Ms. Dews-Miller has alleged that Defendant [Director of USIA] has breached the Settlement Agreement, this claim involves a contract dispute with the United States as a defendant and an amount in controversy of over $10,000. As a result, this Court has no jurisdiction over this claim. The Tucker Act vests exclusive jurisdiction of such claims in the United States Court of Federal Claims. 28 U.S.C. ¶¶ 1346(a)(2), 1491; see also Bowen v. Massachusetts, 487 U.S. 879, 910 n.48 (1988).

(Def's Suppl. Memo, Ex. E at 3-4) (footnote omitted).  This Court addressed the adverse EEOC decision in Section II, Part B, of the Opinion.  Plaintiff cites to the second part of the Court's analysis (at 4-6) for the proposition that the Court did not rule on the breach of contract issue.  That the Court did not address the breach issue in the section of its analysis on the EEOC decision hardly supports plaintiff's contention that the Court did not address the issue.

I.      Plaintiff's Breach and Related Claims Are Barred by this Court's Prior Decision That it Lacked Jurisdiction over Those Claims

Notwithstanding the obvious fact that plaintiff claims that USIA breached the 1995 settlement agreement in both her 1998 case and in the instant case, and the retaliatory acts alleged in both complaints arise from challenged agency actions that resulted in her termination from federal employment, plaintiff argues that the issues in the two cases are "different, separate and distinct," and the "doctrines of res judicata or collateral estoppel are not applicable here" (Pl's Opp'n Br. at 6). Plaintiff further argues that "[t]his Court's 1998 decision was not a final judgment on the merits and the issues in the 1998 case were not actually litigated" (id.). Plaintiff's argument are without merit and reliance on Kasap v. Folger Nolan Fleming & Douglas, Inc., 166 F.3d 1243, 1248 (D.C. Cir. 1999), is misplaced (see id. at 6-7).

Although a dismissal for lack of jurisdiction may not be an adjudication on the merits, the D.C. Circuit made clear in Kasap that, "under the principles of issue preclusion, even a case dismissed without prejudice has preclusive effect on the jurisdictional issue litigated." 166 F.3d at 1248 (citing, e.g. Shaw v. Merritt-Chapman & Scott Corp., 554 F.2d 786, 789 (6th Cir. 1977)) ("[W]hile a dismissal for lack of jurisdiction does not constitute an adjudication upon the merits, it does constitute a binding determination on the jurisdictional question, which is not subject to collateral attack."). Thus, this Court's dismissal of plaintiff's breach of contract claim in No. 98-2417 bars plaintiff from arguing that this Court has jurisdiction over her claims for breach of the same settlement agreement in the instant case.

II.   This Court Does Not Have Ancillary Jurisdiction
      over Plaintiff's Breach and Related Claims

Plaintiff argues that the Court should take ancillary jurisdiction over the breach claims because they are "factually interdependent" to her claims for "reprisal for engaging in prior EEO activity" (Pl's Opp'n Br. at 7-8).[1] Plaintiff relies on Rochon v. Gonzales, 438 F.3d 1211 (D.C. Cir. 2006), for this proposition (see id.). In Rochon, the Court of Appeals affirmed the principle that "the combination of a claim for equitable relief brought under Title VII [of the Civil Rights Act of 1964, as amended] and a related claim for breach of contract does not give the district court jurisdiction over the contract claim that, if brought separately, would be exclusively in the Court of Federal Claims under 28 U.S.C. §§ 1346(a)(2), 1491(a)(1)." 438 F.3d at 1214 (citing, e.g., Brown v. U.S., 389 F.3d 1296, 1297 (D.C. Cir. 2004).

The instant case is similar to Brown, and this Court lacks ancillary jurisdiction over plaintiff's claims for the same reasons. In Brown, the Court of Appeals noted that "[i]n order for Brown to pursue remedies for breach of contract or to seek relief under Title VII, she must first prove the Department breached the settlement agreement." 389 F.3d at 1297. The Court of Appeals held, as did this Court in plaintiff's 1998 case, "because this contract question arises in a suit against the United States for more than $10,000 in damages, jurisdiction to decide whether the Department breached the settlement agreement lies exclusively in the Court of Federal Claims." Id. at 1298.

---

[1] "The Supreme Court in Kokkonen recognized two purposes for which a court may assert ancillary jurisdiction: (1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent, and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." Shaffer v. Veneman, 325 F.3d 370, 373 (D.C. Cir. 2003) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 379-80 (1994) (internal quotations and citations omitted)). Plaintiff does not, and cannot, argue the second basis because the 1995 settlement agreement was not approved by a federal district court.

In the instant case, plaintiff was terminated pursuant to an express term of the settlement agreement because she failed to achieve the required performance levels during the probationary periods of the settlement. Clearly, plaintiff here must first prove the USIA breached the settlement agreement before she may pursue remedies for breach of contract or seek relief under Title VII for alleged reprisal resulting in her termination. Accordingly, jurisdiction over her claims lies exclusively in the Court of Federal Claims.

Plaintiff's reliance on Rochon is misplaced. In Rochon, the plaintiff filed a lawsuit claiming that the Federal Bureau of Investigation had discriminated and retaliated against him in violation of both Title VII and a 1990 agreement settling his prior Title VII claim against the FBI. 438 F.3d at 1213. Unlike the instant case, where the challenged acts were taken in accordance with the express terms of a settlement agreement, the alleged discrimination and retaliation in Rochon took the form of the FBI's alleged refusal in 1993 and 1994, contrary to policy, to investigate death threats a federal prisoner made against Rochon and his wife. 438 F.3d at 1213. The Court of Appeals held in Rochon that "it is not immediately clear whether Rochon's claim, if brought separately, would fall within the jurisdiction of the Court of Federal Claims. That court does not have jurisdiction over claims 'sounding in tort.'" 438 F.3d at 1214. The Court of Appeals went on to explain that the inquiry did not end there, and that "[t]he Federal Circuit has held that where "the primary thrust of [a] complaint is breach of contract, even if a [claim sounding in tort] would lie, the Claims Court would retain jurisdiction over the suit." 438 F.3d at 1215 ( (citations omitted).

The Court of Appeals remanded the Rochon case to the district court to determine if it "has ancillary jurisdiction over [Rochon's] contract claim" based on the Court's reinstatement of the

Title VII claim.[2]  438 F.3d at 1215 (citing Shaffer v. Veneman, 325 F.3d 370, 373 (D.C. Cir. 2003). In Shaffer, the Court of Appeals held that "[t]he district court had neither subject matter jurisdiction nor ancillary jurisdiction over Shaffer's claim, founded, as it is, solely upon a [settlement agreement] with the United States" over which the Court did not "retain jurisdiction." See 325 F.3d at 373-74. This case is like Shaffer because it is founded solely upon a settlement agreement with the United States that was not entered as an order of a federal district court.  Thus, this Court lacks ancillary jurisdiction over plaintiff's claims based on the reasoning in Shaffer.  Ms. Dews-Miller's breach of contract claims are the gravamen of her complaint, and the retaliation allegations challenge actions that "ultimately result[ed] in [her] termination of federal employment in December 1996," pursuant to an express term of the settlement agreement (see Am. Compl., Caption and Introduction, at 1-2).

Indeed, plaintiff's first amended complaint in the instant case simply restated breach-related claims that she also raised (or could have raised) before the Merit Systems Protection Board ("MSPB") in another prior challenge to her 1996 termination by the USIA in Dews-Miller v. USIA, 194 F.3d 1330 (table), 1999 WL 129642 (Fed. Cir. 1999).  Those claims were considered and rejected (or found to be undisputed) by the Federal Circuit, which affirmed the MSPB's determination that it lacked jurisdiction over Ms. Dews-Miller's same discrimination and retaliation claims.  In its decision, the Federal Circuit squarely addressed the issue of whether or not the

---

[2] Plaintiff cites no authority for the suggestion that this Court should take jurisdiction over her claims now because she was able to pursue her retaliation claims administratively after this Court had issued its decision in No. 98-2417 (see Pl's Opp'n Br. at 4-5).  Nor was defendant required to raise the jurisdictional bar at the administrative level in order to challenge this Court's jurisdiction over the breach and related claims.  To the contrary, plaintiff did not file an appeal of this Court's dismissal order in No. 98-2417, and therefore this Court's determination that it lacks jurisdiction over plaintiff's breach claims may not be collaterally attacked, regardless of any subsequent proceedings conducted at the administrative level.  See, e.g., Kasap, 166 F.3d at 1248.

agency's termination of plaintiff's employment, and any other alleged adverse personnel actions during the settlement period, were taken pursuant to the settlement agreement or were in retaliation for plaintiff's alleged whistleblowing activities.  Specifically, the Federal Circuit held that, "[g]iven the undisputed facts, we conclude that Ms. Dews-Miller was terminated in accordance with the terms of the settlement agreement, and not in reprisal for her asserted whistleblowing activities." 1999 WL 129642 at 4 (emphasis added).  In making this determination, the Federal Circuit made findings that the settlement agreement was valid, that plaintiff failed to establish a breach thereof, and that plaintiff was properly terminated in accordance with the agreement. See id. at 2-3.  Those issues cannot be re-litigated in this case under the doctrines of res judicata and collateral estoppel.

      WHEREFORE, for the foregoing reasons, and those stated in our previously-filed papers, the Court should dismiss plaintiff's first amended complaint, or, in the alternative, grant defendant's motion for summary judgment.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney

/s/
JOHN G. INTERRANTE, PA Bar #61373
Assistant United States Attorney
Civil Division, Room E-4806
555 4th Street, N.W.
Washington, D.C. 20530
(202) 514-7220
(202) 514-8780 (fax)
John.Interrante@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on Charles G. Byrd, Jr., Esquire, counsel of record by ECF, and on plaintiff, by First-Class Mail, postage prepaid to:

>ROSE M. DEWS-MILLER
>8507 Woodyard Road
>Clinton, MD 20735

on this 7th day of April, 2008.

                          /s/
                        JOHN G. INTERRANTE
                        Assistant United States Attorney